UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON WEINGRAD, | ) CASE NO. 2:25-CV-1843-MMB |
| Plaintiff, | ) JUDGE MICHAEL M. BAYLSON |
| v. | ) |
| EXACT CARE PHARMACY, LLC, | ) |
| Defendant. | ) |

## ANSWER OF DEFENDANT EXACT CARE PHARMACY, LLC

For its Answer to the Complaint of Plaintiff Leon Weingrad ("Plaintiff"), Defendant Exact Care Pharmacy, LLC ("Defendant") states as follows:

1. The allegations in Paragraph 1 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the same to the extent those allegations suggest or allege any wrongdoing or violations of the Telephone Consumer Protection Act ("TCPA").

2. The allegations in Paragraph 2 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the same to the extent those allegations suggest or allege any wrongdoing or violations of the TCPA.

3. Defendant denies the allegations in Paragraph 3.

## PARTIES[1]

4. Defendant denies the allegations in Paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

---

[1] Headings and subheadings that appear in this document are duplicated from the Complaint and are included for reference only. To the extent that any response to the headings or subheadings is required, Defendant denies them.

1

5. Defendant admits the allegations in Paragraph 5.

## JURISDICTION AND VENUE

6. The allegations in Paragraph 6 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant does not dispute this Court's federal question jurisdiction over this action but denies the allegations in Paragraph 6 to the extent those allegations suggest or allege any wrongdoing or violations of the TCPA.

7. The allegations in Paragraph 7 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant does not dispute this Court's personal jurisdiction over Exact Care in this case.

8. The allegations in Paragraph 8 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant does not dispute that venue is proper in this District.

## BACKGROUND

9. The allegations in Paragraph 9 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the same to the extent those allegations suggest or allege any wrongdoing or violations of the TCPA.

10. The allegations in Paragraph 10 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the same to the extent those allegations suggest or allege any wrongdoing or violations of the TCPA.

11. The allegations in Paragraph 11 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the same to the extent those allegations suggest or allege any wrongdoing or violations of the TCPA.

12. The allegations in Paragraph 12 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the same to the extent those allegations suggest or allege any wrongdoing or violations of the TCPA.

13. The allegations in Paragraph 13 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the same to the extent those allegations suggest or allege any wrongdoing or violations of the TCPA.

14. The allegations in Paragraph 14 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the same to the extent those allegations suggest or allege any wrongdoing or violations of the TCPA.

15. The allegations in Paragraph 15 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the same to the extent those allegations suggest or allege any wrongdoing or violations of the TCPA.

## FACTUAL ALLEGATIONS

16. Defendant denies the allegations in Paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. Defendant denies the allegations in Paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20. Defendant denies the allegations in Paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. Defendant denies the allegations in Paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth.

22. Defendant denies the allegations in Paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. Defendant denies the allegations in Paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Defendant denies the allegations in Paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth, in part because the term "customer" is ambiguous and undefined.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26, including the allegations within the chart listed within Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

## CLASS ACTION ALLEGATIONS

45. In response to Paragraph 45, Defendant incorporates all the foregoing Paragraphs as if restated herein.

46. The allegations in Paragraph 46 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the allegations and denies that this case is properly certifiable under Federal Rule of Civil Procedure 23 for any of the purported classes set forth in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50, including each of the subparagraphs within Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52, including each of the subparagraphs within Paragraph 52.

## COUNT I
## Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the National DNC Class)

53. In response to Paragraph 53, Defendant incorporates all the foregoing Paragraphs as if restated herein.

54. The allegations in Paragraph 54 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the same to the extent those allegations suggest or allege any wrongdoing or violations of the TCPA.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

## COUNT II
## Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Telemarketing Caller ID Class)

59. In response to Paragraph 59, Defendant incorporates all the foregoing Paragraphs as if restated herein.

60. The allegations in Paragraph 60 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the same to the extent those allegations suggest or allege any wrongdoing or violations of the TCPA.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

## COUNT III
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c))
### (On Behalf of Plaintiff and the Early/Late Call Class)

65. In response to Paragraph 65, Defendant incorporates all the foregoing Paragraphs as if restated herein.

66. The allegations in Paragraph 66 constitute legal conclusions to which no response is required, and to the extent a response is required, Defendant denies the same to the extent those allegations suggest or allege any wrongdoing or violations of the TCPA.

67. Defendant denies the allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

## COUNT IV
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Internal DNC Class)

71. In response to Paragraph 71, Defendant incorporates all the foregoing Paragraphs as if restated herein.

72. Defendant denies the allegations in Paragraph 72.

73. Defendant denies the allegations in Paragraph 73.

74. Defendant denies the allegations in Paragraph 74.

75. As to the "Wherefore" Paragraph, Defendant denies that Plaintiff and/or any purported class member is entitled to any of the relief requested therein.

76. Defendant denies all allegations in the Complaint not specifically and expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense: Failure to State a Claim

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Defense: Health Care Messages

2. The calls referenced in Plaintiff's Complaint deliver health care messages under 47 C.F.R. § 64.1200(a)(2) and (a)(3)(v) and are not "telemarketing" calls as alleged by Plaintiff. Defendant is not liable to the extent the TCPA allows such calls delivering "health care messages" without the consent of the called party.

### Third Defense: Express Consent

3. Plaintiff's claims fail because Defendant reasonably relied on express consent to contact the Plaintiff's purported telephone number. Further, to the extent the TCPA does not require consent, Plaintiff's claims are barred.

### Fourth Defense: Reassigned Phone Number

4. Plaintiff's claims fail because Defendant cannot be held liable for calls that were intended for a consenting individual but, unbeknownst to Defendant, instead reached a non-consenting individual via a reassigned phone number. *See In the Matter of Advanced Methods to Target & Eliminate Unlawful Robocalls*, 33 F.C.C. Rcd. 12024 (2018) (hereinafter, "FCC 12/12/2018 Order"). The FCC 12/12/2018 Order states that it will not impose strict-liability under the TCPA for reassigned numbers and "demand the impossible of callers" to somehow know that numbers have been reassigned." *Id.* at ¶ 58.

### Fifth Defense: Claims Not Properly Certifiable Under Fed. R. Civ. P. 23

5. Plaintiff's claims cannot be properly certified under Fed. R. Civ. P. 23 because, among other reasons, questions of fact relating to each individual putative class member predominate over the questions relating to the class, including:

   a. Whether each individual was allegedly contacted by Defendant;

   b. Whether each individual or agent of that individual provided consent prior to the contact;

   c. Whether the individual was called on a cell phone or a landline;

   d. Whether the individual was called on a business line or a commercial line;

   e. Whether each called individual had an existing relationship with Defendant or an affiliate of Defendant;

   f. Whether each individual wanted to receive the call or had requested to receive the call;

   g. Whether the individual was a subsequent owner of the telephone number being called.

Furthermore, and among other reasons, class treatment is inappropriate due to lack of commonality, typicality, and adequacy and the proposed classes are overly broad. Plaintiff's claims are also barred to the extent Plaintiff is not an adequate class representative and/or has a conflict of interest.

### Sixth Defense: Lack of Damages

6. Plaintiff is not an aggrieved party and/or has suffered no damages as a result of any actions or inactions of Defendant. To the extent Plaintiff and purported members of the proposed class have not paid money, lost title to goods of value, or suffered any cognizable nonpecuniary harm

as a result of the conduct alleged, Plaintiff and the purported members of the proposed class have suffered no actual damages and cannot recover any damages in this action.

### Seventh Defense: Constitutionality of Statutory Damages

7. The TCPA provides for statutory damages of $500 to $1,500 for each violation of the law. When directed at telephone calls and voice messages, statutory damages under the TCPA could quickly rise to millions of dollars for alleged actions that cause little or no actual damage to Plaintiff or other called individuals, and such statutory damages would be excessive, improper, and/or unreasonable. Statutory damages would constitute an excessive fine or penalty without the substantive procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

### Eighth Defense: Lack of Standing

8. To establish standing under Article III of the United States Constitution, Plaintiff and the proposed class must show a concrete and particularized invasion of a legally protected interest. To the extent Plaintiff or the purported members of the proposed class consented to or wished to receive calls from Defendant, they have not been harmed and do not have standing to sue under the TCPA. Additionally, to the extent Plaintiff and the purported members of the proposed class have not paid money, lost title to goods of value, or suffered any other concrete or particularized harm as a result of the conduct alleged, Plaintiff and the purported members of the proposed class lack standing to bring this suit under Article III of the United States Constitution. Plaintiff also lacks standing to seek any injunctive relief because the Complaint fails to allege any prospect of future harm.

**Ninth Defense: Reasonable Practices and Procedures**

9. Plaintiff's claims fail because Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA. *See* 47 U.S.C. § 227(c)(5). Defendant is not liable for violating the TCPA because any alleged violation "is the result of error" and as part of Defendant's "routine business practice" Defendant meets the standards outlined in the federal regulations. 47 C.F.R. § 64.1200(c)(2).

**Tenth Defense: Alleged Calls Were Not Telephone Solicitations**

10. The calls referenced in Plaintiff's Complaint were not initiated "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services" and thus do not constitute "telephone solicitations" within the meaning of the TCPA. *See* 47 U.S.C. § 227(a)(4). Therefore, Defendant is not liable to the extent the TCPA does not apply to such calls.

**Eleventh Defense: Failure to Join a Necessary and Indispensable Party**

11. Plaintiff's Complaint fails to join a necessary and indispensable party.

**Twelfth Defense: Alleged Calls Did Not Use an ATDS or an Artificial or Prerecorded Voice**

12. The calls referenced in Plaintiff's Complaint were not calls made "using any automatic telephone dialing system or an artificial or prerecorded voice." Therefore, Defendant is not liable to the extent the TCPA does not apply to such calls.

**Thirteenth Defense: Alleged Calls Were Not Unsolicited Advertisements**

13. The calls referenced in Plaintiff's Complaint were not "material advertising the commercial availability or quality of any property, goods, or services, which is transmitted to any person without the person's prior express invitation or permission in writing or otherwise" and thus does not constitute an "unsolicited advertisement" within the meaning of the TCPA. *See* 47 U.S.C. § 227(a)(5). Therefore, Defendant is not liable to the extent the TCPA does not apply to such calls.

**Fourteenth Defense: Alleged Calls Were Not Made for a Commercial Purpose**

14. The calls referenced in Plaintiff's Complaint were not made for a commercial purpose within the meaning of the TCPA and therefore Plaintiff's claims are barred.

**Fifteenth Defense: Alleged Calls Were Not Charged to the Called Person**

15. The calls referenced in Plaintiff's Complaint were "not charged to the called person or counted against the called person's plan limits on minutes or texts." *See* 47 C.F.R. § 64.1200(a)(9); *see also* 47 C.F.R. § 64.1200(a)(9)(iv). Therefore, Defendant is not liable to the extent the TCPA does not apply to such calls.

**Sixteenth Defense: Doctrines of Waiver, Equitable Estoppel, Laches, and Unclean Hands**

16. Plaintiff's claims are barred by the doctrines of waiver, equitable estoppel, laches, and unclean hands.

**Seventeenth Defense: Failure to Mitigate**

17. Plaintiff's Complaint is barred, in whole or in part, because Plaintiff failed to exercise reasonable efforts to mitigate alleged damages.

**Eighteenth Defense: Consent/Ratification**

18. Plaintiff's Complaint is barred, in whole or in part, because Plaintiff expressly and/or impliedly consented to, had knowledge of, and/or ratified all conditions alleged to have caused harm.

**Nineteenth Defense: Intervening and Superseding Causes**

19. Plaintiff's Complaint is barred, in whole or in part, because the alleged damages were caused by intervening and superseding acts, omissions, conduct, negligence, or breach of parties other than Defendant. Any damage or loss sustained by Plaintiff (if any) must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities

other than Defendant, including third parties, under principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative negligence or fault.

### Twentieth Defense: Safe Harbor

20. Plaintiff's Complaint is barred, in whole or in part, by the TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses or statutory exemptions available under state or federal law, including but not limited to 47 C.F.R. § 64.1200(c)(2).

### Twenty First Defense: Plaintiff's Actions

21. Plaintiff is estopped from entitlement to any recovery, if any, by reason of his own acts and omissions, including failure to properly notify Defendant and/or its agents not to call Plaintiff. Plaintiff's claims are also barred to the extent he failed, refused and neglected to take proper action and follow applicable procedures to be included on the internal do not call list of Defendant. Plaintiff's claims are also barred to the extent that Plaintiff expressed an interest in Defendant's products and services, to the extent that Plaintiff induced Defendant to call him, and to the extent that Plaintiff engaged in entrapment. Plaintiff's claims are further barred to the extent he waived any such alleged TCPA violation by acquiescing to the calls alleged in the Complaint.

### Twenty Second Defense: Not the Subscriber, User, or Owner of the Phone Number

22. Plaintiff's claims are barred to the extent Plaintiff is not the subscriber, user, or owner of the phone number on which Plaintiff alleges that calls were made to him from Defendant.

### Twenty Third Defense: Not Residential Subscriber / Phone Number Used for Business Purposes

23. Plaintiff's claims are barred to the extent Plaintiff is not a residential subscriber and/or used the telephone number at issue for business purposes.

### Twenty Fourth Defense: Calls by a Third Party

24. Plaintiffs' claims are barred to the extent that the calls to Plaintiff were made by another third party.

### Twenty Fifth Defense: No Vicarious Liability

25. Plaintiffs' purported claims are barred to the extent that Defendant did not directly make calls alleged in the Complaint. The Complaint fails to allege vicarious liability and Defendant is not vicariously liable for the alleged calls made to Plaintiff.

### Twenty Sixth Defense: Prior Business Relationship

26. Plaintiff's claims are barred to the extent that Plaintiff had a prior business relationship with Defendant.

### Twenty Seventh Defense: Abuse of Process

27. Plaintiff's claims are barred to the extent there has been an abuse of process.

### Twenty Eighth Defense: Violation of 42 PA Cons Stat § 8351

28. Plaintiff's claims are barred to the extent there has been a violation of 42 PA Cons Stat § 8351.

### Reservation of Rights

29. In asserting the foregoing affirmative and other defenses, Defendant does not concede that the assertion of such defenses impose any burden of proof on Defendant with respect thereto. Defendant reserves the right to amend its Answer and to assert other defenses, including affirmative defenses, as may be appropriate as this action proceeds.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief requested in the Complaint and respectfully requests that the Court:

A. Dismiss Plaintiff's Complaint with prejudice and on the merits;

B. Deny class certification;

C. Award Defendant all costs and attorneys' fees; and

D. Grant Defendant such other and further relief the Court deems just and proper.

        Respectfully submitted,

        */s/ Sean P. Fahey*
        Sean P. Fahey (PA 73305)
        TROUTMAN PEPPER LOCKE LLP
        3000 Two Logan Square
        Eighteenth and Arch Streets
        Philadelphia, PA 19103
        (215) 981-4000
        Sean.Fahey@troutman.com

        Colleen M. O'Neil (OH 0066576)
        CALFEE, HALTER & GRISWOLD LLP
        The Calfee Building
        1405 East Sixth Street
        Cleveland, OH 44114
        (216) 622-8200 (Phone)
        (216) 241-0816 (Fax)
        coneil@calfee.com
        *Pro hac vice request forthcoming*

        Gretchen L. Whaling (OH 0096780)
        CALFEE, HALTER & GRISWOLD LLP
        1200 Huntington Center
        41 South High Street
        Columbus, Ohio 43215
        (614) 621-1500 (Phone)
        (614) 621-0010 (Fax)
        gwhaling@calfee.com
        *Pro hac vice request forthcoming*

        *Attorneys for Defendant, Exact Care Pharmacy, LLC*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been filed electronically on June 4, 2025, with the United States District Court for the Eastern District of Pennsylvania. Notice of the filing will be sent by email to all counsel by operation of the Court's electronic filing system, and all parties may access this filing through that system.

                                                  */s/ Sean P. Fahey*
                                                  One of the Attorneys for Defendant, Exact Care Pharmacy, LLC