UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON WEINGRAD, | ) CASE NO. 2:25-CV-1843-MMB |
| Plaintiff, | ) JUDGE MICHAEL M. BAYLSON |
| v. | ) |
| EXACT CARE PHARMACY, LLC, | ) |
| Defendant. | ) |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, discovery in the above referenced action ("Action"), may involve the disclosure of certain documents, things and information, that constitute confidential commercially sensitive data and information, as well as confidential personal identifying and health information;

WHEREAS, the Plaintiff Leon Weingrad ("Plaintiff") and Defendant Exact Care Pharmacy, LLC ("Defendant") (collectively, the "Parties") to this Action desire to establish a mechanism to protect information produced by the Parties and non-parties in this action from improper disclosure without unduly encroaching upon the public's right to be informed of judicial proceedings;

WHEREAS, pursuant to the Federal Rules of Civil Procedure, the Parties recognize the need to exchange confidential information during discovery and to protect that confidential information; and,

This Court having considered the factors set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), and *In re Avandia Mktg., Sales Practices & Prod. Liab. Litg.*, 924 F.3d 662 (3d Cir. 2019),[1] and being satisfied that good cause has been demonstrated, IT IS HEREBY

---

[1] In *Pansy* and *Avandia*, the Court identified the following non-mandatory, non-exhaustive factors to be considered when determining whether good cause exists for the entry of a protective order: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose;

1

ORDERED that in order to preserve and maintain the confidentiality of certain documents to be produced by the Parties in this Action, the following Protective Order is executed by the Parties and entered by the Court.

**1.     Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. This Order does not entitle any Party to documents or information to which they would not otherwise be entitled under the Federal Rules of Civil Procedure, applicable discovery rules, and other pretrial orders.  Nothing in this Order shall preclude either Party from asserting any objection to the relevance, discoverability, admissibility or privileged nature of the documents designated confidential pursuant to this Order.

**2.     Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of

---

(3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefiting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. *Avandia*, 924 F.3d at 671.

the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL, even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL, as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation.

3. **Documents Which May be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available, as well as any other information subject to a legally protected right to privacy. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

4. **Personal Health Information.** The parties will consult to ensure that production of any documents containing personal health information is in compliance with the Health Insurance Portability and Accountability Act ("HIPAA"). To the extent that any documents containing personal health information are produced, the parties may not use or disclose the records or the information contained therein for any purpose other than the above-captioned litigation and, at the conclusion of the litigation, the parties must return the records to the producing party or destroy the records and all copies made of the records within thirty (30) days after dismissal or entry of final judgment not subject to further appeal.

5. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER only if designated as such. For the initial Read and Sign period, any transcript will be confidential before final designations are made. Any party shall have thirty (30) days following receipt of a deposition transcript to designate all or any portion of such transcript CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Other than designations made during the deposition that are reflected in the transcript, any other designation of all or any portion of such transcript shall be made in writing to the other parties. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

6. **Protection of Confidential Material.**

   (a) **General Protections.** Documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 6(b) for any purpose

whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

**(b)    Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:

**(1)    Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

**(2)    Parties.** Parties and employees of a party to this Order;

**(3)    Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(4)    Mediators**. Mediators retained by the parties or appointed by the court to mediate this case.

**(5)    Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

**(6)    Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed

5

or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(c)** **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**(d)** **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**(e)** **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502.

7.  **Non-Parties.** A non-party to this action that produces documents in response to a subpoena or provides deposition testimony may designate such documents or deposition

6

testimony CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in accordance with the terms of this Order. This Order shall not be interpreted, however, to provide any rights to any non-party with respect to materials that are produced by the parties or other non-parties during discovery in this action.

8. **Filing of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents Under Seal**. If a Party wishes to file a document containing any information that has been marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, it must be filed under seal, following the appropriate procedures to do so in the applicable court. No part of this provision shall be read to require automatic sealing, contrary to Third Circuit law. A Party must first seek leave to seal any document. However, any Party may publicly file a pleading or document with the Court that describes, summarizes, or references a document that has been marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, as long as that Party redacts the confidential information, and simultaneously files an un-redacted version under seal, and provides a copy of the un-redacted version to the other Parties.

9. **Challenges by a Party to Designations.** Any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation or lack of a confidentiality designation is subject to challenge by any party or non-party with standing to object. Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**10.    Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall be by motion and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

**11.    Use of Confidential Documents or Information at Trial.** If a party intends to present at trial CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (<u>i.e.</u>, by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**12.    Obligations on Conclusion of Litigation.**

   **(a)    Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   **(b)    Return of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents.** Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 6(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; or (2) the parties agree to destruction in lieu of

return.

Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order.

**(c)** **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

13. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under the presiding judge's standing orders or other relevant orders.

14. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

15. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its

terms.

**IT IS SO ORDERED.**

DATED: _____

                                              JUDGE MICHAEL M. BAYLSON

| **WE SO MOVE/STIPULATE** and agree to abide by the terms of this Order | **WE SO MOVE/STIPULATE** and agree to abide by the terms of this Order |
|---|---|
| /s/ *Andrew Perrong* (via consent)<br>Andrew Perrong<br>Perrong Law LLC<br>a@perronglaw.com<br><br>Anthony Paronich<br>Paronich Law, P.C.<br>anthony@paronichlaw.com<br><br>*Attorneys for Plaintiff Leon Weingrad* | /s/ *Sean P. Fahey*<br>Sean P. Fahey (PA 73305)<br>Christopher M. Brolley (PA 322851)<br>TROUTMAN PEPPER LOCKE<br>3000 Two Logan Square<br>Eighteenth and Arch Streets<br>Philadelphia, PA 19103<br>(215) 981-4000<br>Sean.Fahey@troutman.com<br>christopher.brolley@troutman.com<br><br>Colleen M. O'Neil (OH 0066576)<br>CALFEE, HALTER & GRISWOLD LLP<br>The Calfee Building<br>1405 East Sixth Street<br>Cleveland, OH 44114<br>(216) 622-8200 (Phone)<br>coneil@calfee.com<br>*Admitted pro hac vice*<br><br>Gretchen L. Whaling (OH 0096780)<br>CALFEE, HALTER & GRISWOLD LLP<br>1200 Huntington Center<br>41 South High Street<br>Columbus, OH 43215<br>(614) 621-1500 (Phone)<br>gwhaling@calfee.com<br>*Admitted pro hac vice*<br><br>*Attorneys for Defendant, Exact Care Pharmacy, LLC* |

## ATTACHMENT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON WEINGRAD, | ) | CASE NO. 2:25-CV-1843-MMB |
| | ) | |
| Plaintiff, | ) | JUDGE MICHAEL M. BAYLSON |
| | ) | |
| v. | ) | |
| | ) | |
| EXACT CARE PHARMACY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania in matters relating to the Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate him/her to use documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____

Signature: _____