## IN IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEON WEINGRAD,** individually and on behalf of all others similarly situated, | Case No. 2:25-cv-1843 |
| *Plaintiff*, | **CLASS ACTION** |
| *v.* | **JURY TRIAL DEMANDED** |
| **EXACT CARE PHARMACY, LLC,** | |
| *Defendant.* | |

## MOTION AND BRIEF IN SUPPORT OF MOTION TO AMEND COMPLAINT

Discovery in this matter has revealed that Defendant Exact Care Pharmacy, LLC ("Exact Care") hired another company, Conversion Finder, which in reality is simply a fictitious name for Jordan Soblick, to provide marketing services that resulted in the illegal calls complained of herein. As a result, the Plaintiff seeks leave of court to amend his class action complaint to add as Defendants Conversion Finder and Jordan Soblick, in accordance with the attached proposed Amended Complaint, because justice requires the amendment. In accordance with Rule 15(a)(2)'s mandate, and in the spirit of FED. R. CIV. P. 1, this Court should "freely" grant leave to amend because it will secure the just, speedy, and inexpensive determination of this class action dispute.

As this Court is aware, this case is a putative class action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The Plaintiff has taken discovery in this matter to identify who is responsible for the campaign at issue. As a result, the Plaintiff now moves to amend the Complaint in the form attached herein as Exhibit 1 to add in these Defendants.

In sum, this motion is made pursuant to FED. R. CIV. P. 15(a)(2) and is in the interest of judicial economy as Plaintiff is simply seeking to add additional defendants which are liable for the misconduct alleged in the original Complaint. What's more, judicial economy would actually be further served here because the Plaintiff and the putative class are better served proceeding in this matter rather than needing to initiate a new action to seek to assert identical claims against the Defendants for their conduct in the TCPA violations alleged herein. Whether justice requires an amendment is a question left to the trial court's sound discretion and is reviewed on an abuse of discretion standard. Reasons for denying a plaintiff's request for leave to amend a complaint include prejudice to the nonmoving party, undue delay, bad faith or dilatory motive, and futility. *Foman v. Davis,* 371 U.S. 178, 182 (1962). None of these factors are present here.

First, as explained above, there is no additional prejudice to the nonmoving party because the proposed amendment will simply add other entities who are also liable for the conduct alleged in the Complaint. Second, the amendment is not done for undue delay, bad faith, or a dilatory motive. Discovery is still ongoing at the time of this filing, and this Court has not yet set a firm deadline for amendment, or proceeded to adjudicate claims based on the bifurcated discovery. Finally, there is no futility. In sum, when evaluating the futility of an amendment, this Court is guided by the 12(b)(6) standard and must evaluate if the Plaintiff has stated a claim upon which relief could be granted. Here, amendment would not be futile because the Plaintiff has plainly set forth a claim for which relief could be granted under the TCPA's direct liability and vicarious liability frameworks.

The Plaintiff has demonstrated that justice requires granting leave to amend not only because the factors for amendment are satisfied here but also because the purpose of the amendment is to add a party who directly placed the illegal calls to Plaintiff. Accordingly, this

Court should grant leave to amend. Plaintiff has attempted to confer with counsel for the

Defendant, who did not timely provide a position on the requested relief.


RESPECTFULLY SUBMITTED AND DATED this 19th day of August, 2025.


*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com


## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on August 19, 2025, which will automatically

send a copy to all attorneys of record on the case.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com