UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON WEINGRAD,<br><br>Plaintiff,<br><br>v.<br><br>EXACT CARE PHARMACY, LLC<br><br>Defendant. | Case No. 2:25-CV-01843-MMB<br><br>Judge: Michael Baylson |

## CERTIFICATE OF COUNSEL

Pursuant to Local Rule 26.1(f), the undersigned certifies that the parties' counsel have conferred and, after reasonable efforts, were unable to resolve this dispute. Specifically, Exact Care Pharmacy, LLC sent correspondence in this regard to Plaintiff's counsel on August 7, 2025. Counsel for the parties also met and conferred via Zoom on August 15, 2025. Despite these reasonable efforts, this dispute remains unresolved.

## DEFENDANT EXACT CARE PHARMACY, LLC'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFF LEON WEINGRAD

Pursuant to Fed. R. Civ. Pro. 37, Defendant Exact Care Pharmacy, LLC ("Exact Care") moves to compel Plaintiff Leon Weingrad ("Mr. Weingrad") to provide full and complete responses to Exact Care's First Set of Discovery. Mr. Weingrad failed to meaningfully respond to certain of Exact Care's discovery requests and instead, rests on his objections to these requests. As set forth in the accompanying Memorandum in Support, Exact Care believes these objections lack merit and that Court intervention is necessary to resolve this dispute. Accordingly, Exact Care respectfully requests that this Court grant its Motion to Compel and order Mr. Weingrad to provide complete discovery responses and produce the documents in a format that ensures the integrity of the production.

1

## **MEMORADUM IN SUPPORT**

### I. BACKGROUND

Exact Care served its First Set of Discovery Requests on June 20, 2025. Exhibit 1, Exact Care's First Set of Discovery. On July 21, 2025, Mr. Weingrad, through counsel, responded to some of these requests but objected fully to others. Exhibit 2, Plaintiff's Responses and Objections to Exact Care's First Set of Discovery. Specifically, Mr. Weingrad objected and provided no response to the following discovery requests:

- Interrogatories 2, 9, 10, 11, and 12
- Request for Admission 15
- Requests for Production 11, 13, 14, 15, 18, 21, and 26. *Id.* [1]

In light of these objections, Exact Care sent a discovery deficiency letter on August 7, 2025 and counsel for the parties met and conferred on August 15, 2025 to discuss the issues highlighted within the letter. Exhibit 3, Discovery Deficiency Letter to Plaintiff's Counsel dated August 7, 2025. With limited exception, counsel were unable to come to a resolution—Mr. Weingrad persisted with resting on the majority of his objections despite the fact that Exact Care is entitled to meaningful responses. For the reasons set forth below, Exact Care moves this Court to direct Mr. Weingrad to respond fully to these outstanding discovery requests as contemplated by the Federal Rules of Civil Procedure.

### II. LEGAL STANDARD

Fed. R. Civ. Pro. 26(b)(1) allows a party to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"

---

[1] At the August 15, 2025 meet and confer, Plaintiff's counsel stated he would provide responses to Interrogatory 8, Requests for Production 8, 9, 17, and 22. If Plaintiff fails to produce these responses, Exact Care reserves its right to file an additional motion to compel to produce these responses.

Pursuant to Rule 37(a)(1), a party may move for an order compelling discovery when the nonmoving party fails to respond to discovery requests. *See* Fed. R. Civ. Pro. 37(a)(1). The movant bears the initial burden of demonstrating the relevance of the information sought. *Jackson v. Clear Link Ins. Agency, LLC*, No. 4:22-CV-01466, at *3 (M.D. Pa. Sep. 29, 2023). The burden then shifts to the nonmovant who must demonstrate in specific terms why the requested information does not fall within the broad scope of discovery, is privileged, or is an improper request. *See id.* Courts allow for considerable latitude in discovery to ensure that litigation proceeds with the "fullest possible knowledge of the issues and facts before trial." *Id.*

## III. ARGUMENT

Mr. Weingrad's objections to Exact Care's various discovery requests lack merit. As explained below, these requests are directly relevant to Exact Care's defense in this litigation. Accordingly, the Court should overrule these objections and order Mr. Weingrad to respond to the following requests:

   a. *Interrogatories*

      **i.     Interrogatory 2**

This interrogatory requests Mr. Weingrad to identify all telephone numbers he possessed, controlled, or utilized from April 10, 2021 (four years prior to the filing of the Complaint) to present and to provide related information for each number. Exact Care seeks this information to support its defense that Mr. Weingrad uses multiple different phone numbers to improperly bring lawsuits under the TCPA against various entities and that this case is yet another improper filing. *See Weingrad v. Quotewizard.com, LLC*, M.D. Pa. Case No. 1:25-cv-00002, Doc. 5-1 at p. 10 (stating "Regarding Plaintiff's nine Eastern District of Pennsylvania cases, Plaintiff alleges his residential phone number begins with (267). In Plaintiff's two other cases venued in the Middle

District of Pennsylvania, Plaintiff claims his residential phone number begins with (503).").  Mr. Weingrad objects on the basis that only his phone number as listed in the Complaint is relevant to this case.  However, as noted in the *Quotewizard.com* case, Mr. Weingrad has multiple phone numbers, any one of which could have been used in the present case.  Given the purpose of discovery—to set a fulsome search for information that may aid a party in the preparation of its case[2]—all of Plaintiff's phone numbers are relevant to Exact Care's defense that Mr. Weingrad abuses the TCPA by using multiple different numbers.  Moreover, this request is limited to a reasonable timeframe (i.e., four years before the filing of his Complaint, which is the limitations period under the TCPA).  *Hawk Valley, Inc. v. Taylor*, Civil Action No. 10-cv-00804, at *39 (E.D. Pa. Mar. 30, 2012).[3]

Accordingly, Exact Care requests this Court order Mr. Weingrad to fully response to this interrogatory.

### ii.    Interrogatories 9 and 10

These interrogatories request Mr. Weingrad to state the gross amount of money/income he received in the last 5 years as a result of alleging TCPA violations.  Mr. Weingrad is a serial plaintiff in that he has filed numerous lawsuits alleging TCPA violations.[4]  Knowing the amount of money and income he has made from these cases is relevant to Exact Care's defense that Mr. Weingrad abuses and misuses the TCPA to earn these amounts.  *See Moser v. Health Ins.*

---

[2] *See* Fed. R. Civ. Pro. 26 - Advisory Committee Notes to 1946 Amendment.
[3] To the extent Plaintiff has any concern regarding confidentiality of any information produced in this case, a Stipulated Protective Order was entered on August 19, 2025.
[4] *See, e.g.*, *Weingrad v. Slingshot Enterprises Inc*, No. 2:24-CV-03736 (E.D.N.Y. March 7, 2025) (dismissed); *Weingrad v. Franchise Creator, LLC*, No. 1:25-cv-22746 (S.D. Fla. July 24, 2025) (voluntarily dismissed); *Weingrad v. Yelp Inc.*, No. 1:24-CV-01330 (M.D. Pa. Oct. 9, 2024) (voluntarily dismissed); *Weingrad v. DH & RK Investments, LLC*, No. 2:24-CV-05981 (C.D. Cal. Oct. 17, 2024) (voluntarily dismissed); *Weingrad v. Top Healthcare Options Ins. Agency Co.*, No. 2:24-CV-61930 (S.D. Fla. Dec. 12, 2024) (voluntarily dismissed); *Weingrad v. Quotelab LLC*, No. 2:23-CV-05007 (E.D. Pa. May 7, 2024) (voluntarily dismissed); *Weingrad v. RFR Capital*, No. 2:24-CV-02636 (E.D. Pa. Jan. 6, 2025) (dismissed).

*Innovations, Inc.*, No. 17cv1127-WQH (KSC), at *51 (S.D. Cal. Dec. 21, 2018) (granting motion to compel and ordering plaintiff to provide complete responses to substantially similar discovery requests since "evidence of a party's prior acts in the course of prior litigation may be admissible if relevant to other disputed issues such as motive, state of mind, and credibility."); *Rowan v. Pierce*, No. 20-1648 (RAM), at *6 (D.P.R. Oct. 26, 2022) (same). Notably, Exact Care did not request disclosure of any confidential settlement agreements. Even if it did, there is a Stipulated Protective Order that addresses any concerns regarding confidentiality. *Jackson v. Clear Link Ins. Agency, LLC*, No. 4:22-CV-01466, at *6 (M.D. Pa. Sep. 29, 2023). Moreover, Rule 26 makes explicitly clear that "information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. Pro. 26(b)(1). Therefore, Mr. Weingrad's invocation of Rule 408 is unpersuasive given that this Rule pertains to admissibility at trial, not discoverability. *See Jackson*, No. 4:22-CV-01466, at *6 ("Evidence subject to [Rule 408] is nonetheless discoverable[.]"). Mr. Weingrad's objection that these requests are not relevant to any claim or defense other than the phone numbers or contacts at issue in this case lacks merit. As noted, these requests are directly relevant to Exact Care's defense that Mr. Weingrad misused and abused the TCPA by filing this action and his past conduct in similar cases can support this defense.

Accordingly, Exact Care requests this Court order Mr. Weingrad to fully response to these interrogatories.

### iii. Interrogatories 11 and 12

Interrogatory 11 requests Mr. Weingrad to identify all telephones, laptops, iPads, tablets, or computers that he possesses or controls from January 1, 2024 to the present. Interrogatory 12 requests Mr. Weingrad to identify all IP addresses for these devices. These requests are relevant to a central issue in this case—whether Mr. Weingrad provided consent for Exact Care to contact

5

him. Consent is an absolute defense to alleged TCPA violations. *See* 47 U.S.C.S. § 227(b)(1)(A). By discovering all the devices and associated IP addresses Mr. Weingrad could have used, Exact Care will be able to determine exactly which device and at what time and location Mr. Weingrad provided his consent. Mr. Weingrad lodges the same boilerplate objection that these requests are not relevant to any party's claim or defense other than the phone numbers and contacts at issue in this case. This objection lacks merit since this information can establish Exact Care's absolute defense to Mr. Weingrad's allegations.

Accordingly, Exact Care requests this Court order Mr. Weingrad to fully respond to these interrogatories.

b. *Request for Admission (RFA)*

i. **RFA 15**

This request asks Mr. Weingrad to admit that he visited the website https://www.robocalls.cash/. This website discusses ways to "turn robocalls and texts into cash." Knowing whether Mr. Weingrad visited a website that potentially allowed him to manufacture the alleged TCPA violations asserted against Exact Care is relevant to prove Mr. Weingrad brings his claims with unclean hands. *See Hossfeld v. Allstate Ins. Co.*, No. 4:24-mc-142, 2025 LX 302927, at \*12 (E.D. Tex. Aug. 12, 2025) (granting defendant's motion to compel to produce documents related to plaintiff's use of www.robocalls.cash since these documents were relevant to defendant's defense of unclean hands). Mr. Weingrad verbatim lodges the same objection that this request is not relevant to any party's claim or defense other than the telephone numbers or contacts at issue in this case. However, Exact Cares asserted unclean hands as one of its affirmative defenses. ECF No. 8 at Page 12. Moreover, Exact Care believes Mr. Weingrad abuses and misuses the TCPA

and his visiting this website tends to prove this issue. Therefore, this request is relevant to Exact Care's defense.

Accordingly, Exact Care requests this Court order Mr. Weingrad to fully respond to this request for admission.

c. *Requests for Production (RFP)*

i. **RFP 11**

This request asks Mr. Weingrad to produce all documents and communications which support any of his claims, assertions, or allegations. Exact Care is entitled to these documents as they are *required* disclosures under Rule 26. Fed. R. Civ. Pro. 26(a)(1)(A)(ii). Mr. Weingrad objects to this request by claiming it seeks documents and information not relevant to any party's claim or defense. This is an indefensible position. This request seeks the most basic, plainly relevant information a party can ask for in discovery. Any documents or communications that support Mr. Weingrad's claims are inherently relevant and will serve as evidence to prove his case. By insisting that his own potential evidence is irrelevant, his claims are unsupported and fail as a matter of law. As such, Mr. Weingrad's objection is baseless and self-defeating.

Accordingly, Exact Care requests this Court order Mr. Weingrad to produce all documents responsive to this request.

ii. **RFPs 13-14**

These requests ask Mr. Weingrad to produce all documents and communications relating or referring to Joseph Arnold and Jill Herrala—the false names Mr. Weingrad used in the call recordings he himself submitted to this Court in his Opposition to Exact Care's Motion to Bifurcate Discovery. Documents and communications involving these names are directly relevant to Exact Care's defense that Mr. Weingrad used these names to abuse or misuse the TCPA. Mr. Weingrad's

7

objection that these requests seek irrelevant information lacks merit.  Mr. Weingrad cannot use fake names during calls that he admits he engaged in to bring these TCPA claims then refuse to produce documents relating to these names.  Exact Care is entitled to these documents to defend itself against Mr. Weingrad's allegations which were manufactured by using these names.

Accordingly, Exact Care requests this Court order Mr. Weingrad to produce all documents responsive to these requests.

### iii. RFP 15

This request asks Mr. Weingrad to produce all documents and communications referring or relating to the TCPA.  These documents are relevant since this is the statute his claims are based on.  Moreover, these documents and communications can reveal Mr. Weingrad's potential misuse and abuse of this statute.  Given that this issue is central to Exact Care's defense, Mr. Weingrad's boilerplate objection lacks merit.  Again, Mr. Weingrad's assertion that documents relating to the precise statute he brings his claims under are not relevant is an untenable argument.

Accordingly, Exact Care requests this Court order Mr. Weingrad to produce all documents responsive to this request.

### iv. RFP 18

This request is related to Interrogatories 9 and 10 and asks Mr. Weingrad to produce documents or communications relating or referring to the money and income he received as a result of prior TCPA litigation.  As is the case with Interrogatories 9 and 10, such documents are relevant to show Mr. Weingrad misuses and abuses the TCPA to earn the amounts reflected in these documents.  Exact Care is entitled to defend itself by showing that Mr. Weingrad brings these claims disingenuously and with unclean hands.  Mr. Weingrad again objects by stating this request asks for documents and information not relevant to any party's claim or defense.  However, as

explained above in reference to Interrogatories 9 and 10, these documents are relevant to establish Mr. Weingrad's motive, state of mind, and credibility. *See Rowan,* No. 20-1648 (RAM) at *6; *Moser*, No. 17cv1127-WQH (KSC), at *51.

Accordingly, Exact Care requests this Court order Mr. Weingrad to produce all documents responsive to this request.

### v. RFP 21

This request asks Mr. Weingrad to produce forensic images of all devices identified in response to Interrogatory 11. Exact Care maintains that Mr. Weingrad provided consent to be contacted, and these images of his devices may establish this absolute defense. Specifically, these images can demonstrate the time, date, and the specific device that Mr. Weingrad used to provide this consent. Moreover, these images will also allow Exact Care to evaluate Mr. Weingrad's browser history and whether any information was deleted from it. This is especially important given Exact Care's belief that Mr. Weingrad visited https://www.robocalls.cash/. Notably, Exact Care offered to discuss a mutually agreeable process and procedure for collecting these images. Mr. Weingrad reincorporated his objections from Interrogatory 11 in addition to claiming these images seek information not relevant to any party's claim or defense. Mr. Weingrad also relies on *Bratcher v. Navient Sols., Inc.*, 249 F. Supp. 3d 1283, 1285 (M.D. Fla. 2017) as a basis for this non-response. *Bratcher*, however, is distinguishable because the subject requests in that case did not reference the plaintiff's cell phone nor did they explicitly contemplate production of electronically stored information. *Id.* at 1285. Conversely, Exact Care's request directly addresses Mr. Weingrad's devices and contemplates the production of ESI. Moreover, as another court noted, "[t]his federal suit is Plaintiff's own, one inaugurated by her own complaint and initiated based on Defendant's purportedly unauthorized messaging to the very phone Defendant now hopes

9

to image." *Sherman v. Yahoo! Inc.*, No. 13-CV-00041-GPC (WVG), at *15-16 (S.D. Cal. Feb. 20, 2015). By bringing this lawsuit, Mr. Weingrad put his own devices at issue by claiming Exact Care improperly contacted him. As such, these images can offer highly relevant information on key issues in this case. Moreover, the Stipulated Protective Order in place will placate any concerns regarding Mr. Weingrad's privacy interests. *Id*. at *15.

Accordingly, Exact Care requests this Court order Mr. Weingrad to produce forensic images responsive to this request.

### vi. RFP 26

This request asks Mr. Weingrad to produce all records of calls made to or from the phone number at issue ((503) ▉▉▉▉) in this case from January 1, 2024 to the present (i.e., the year the alleged calls began to now). Mr. Weingrad responded by stating he would produce redacted copies of billing statements reflecting the subject calls at issue only. This response is insufficient. The requested records are limited to the phone number directly at issue in this case (despite Mr. Weingrad's objection that this request seeks documents other than the number or calls at issues). By putting his phone number and allegedly "spoofed" calls at issue, Mr. Weingrad made all the calls he received within the stated timeframe relevant. He cannot claim he was harassed by multiple unsolicited calls but refuse to produce records that may or may not reflect these calls. Moreover, Plaintiff's use of this phone number and whether he used it to abuse and misuse the TCPA is relevant to Exact Care's defense in this litigation.

Accordingly, Exact Care requests this Court order Mr. Weingrad to produce all records responsive to this request.

### IV. CONCLUSION

10

For the foregoing reasons, Exact Care respectfully requests this Court to grant this Motion to Compel and order Mr. Weingrad to provide complete and full responses to the aforementioned requests.

                                   */s/ Sean P. Fahey*
                                   Sean P. Fahey (PA 73305)
                                   Christopher M. Brolley (PA 322851)
                                   TROUTMAN PEPPER LOCKE
                                   3000 Two Logan Square
                                   Eighteenth and Arch Streets
                                   Philadelphia, PA 19103
                                   (215) 981-4000
                                   Sean.Fahey@troutman.com
                                   christopher.brolley@troutman.com

                                   Colleen M. O'Neil (OH 0066576)
                                   CALFEE, HALTER & GRISWOLD LLP
                                   The Calfee Building
                                   1405 East Sixth Street
                                   Cleveland, OH 44114
                                   (216) 622-8200 (Phone)
                                   (216) 241-0816 (Fax)
                                   coneil@calfee.com
                                   *Admitted pro hac vice*

                                   Gretchen L. Whaling (OH 0096780)
                                   CALFEE, HALTER & GRISWOLD LLP
                                   1200 Huntington Center
                                   41 South High Street
                                   Columbus, Ohio 43215
                                   (614) 621-1500 (Phone)
                                   (614) 621-0010 (Fax)
                                   gwhaling@calfee.com
                                   *Admitted pro hac vice*

                                   *Attorneys for Defendant, Exact Care Pharmacy, LLC*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been filed electronically on August 28, 2025, with the United States District Court for the Eastern District of Pennsylvania. Notice of the filing will be sent by email to all counsel by operation of the Court's electronic filing system, and all parties may access this filing through that system.

/s/ Sean P. Fahey
Sean P. Fahey

*Counsel for Defendant*
*Exact Care Pharmacy, LLC*