# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON WEINGRAD, | ) | CASE NO. 2:25-CV-1843-MMB |
| | ) | |
| Plaintiff, | ) | JUDGE MICHAEL M. BAYLSON |
| | ) | |
| v. | ) | |
| | ) | |
| EXACT CARE PHARMACY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT EXACT CARE PHARMACY, LLC'S FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSIONS, AND REQUESTS FOR PRODUCTION TO PLAINTIFF

Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, Defendant Exact Care Pharmacy, LLC ("Exact Care") hereby requests that Plaintiff Leon Weingrad ("Plaintiff") serve written responses to the following First Set of Interrogatories, Requests for Admission, and Requests for Production of Documents (collectively, the "Requests" and each Interrogatory, Request for Production, and/or Request for Admission individually, a "Request"), and produce for inspection and copying the documents requested herein, via email to coneil@calfee.com and gwhaling@calfee.com, or deliver to the offices of Calfee, Halter & Griswold LLP (attn: Colleen O'Neil), 1405 East Sixth Street, Cleveland, Ohio 44114, within thirty (30) days after service hereof. Plaintiff is advised that he is under a duty, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, to supplement his responses to include information and produce any documents or materials that he acquires or discovers after service of his responses hereto.

4931-7041-7229, v.3

## **DEFINITIONS**

The following definitions shall apply to these Requests:

1.      As used herein, the term "**document**" or "**documents**" shall be construed in the broadest sense permissible under Rule 34 of the Federal Rules of Civil Procedure and means, without limitation: all originals of any nature whatsoever and all non-identical copies thereof, pertaining to any medium upon which intelligence or information is recorded in Plaintiff's possession, custody, or control, regardless of where located, including without limiting the generality of the foregoing, emails, video, printout sheets, movie film, slides, telephone records, telephone recordings, photographs, microfilm, notes, letters, memoranda, ledgers, books, magazines, notebooks, diaries, calendars, appointment books, registers, charts, tables, papers, agreements, contracts, purchase orders, acknowledgments, invoices, authorizations, budgets, analyses, projections, transcripts, minutes of meetings of any kind, correspondence, drafts, data processing discs or tapes, and computer produced interpretations thereof, instructions, announcements, schedules, calendar entries, and mechanical or electrical sound recordings and transcripts thereof, text messages, voice messages, spreadsheet files, database files, and any other type of electronically stored information.  In all cases where originals and/or non-identical copies are not available, "document" means identical copies of original documents and copies of identical copies.

2.      As used herein, the term "**identify**" means:

(a) When used with reference to an individual, state their full name, their position and business affiliation at the time in question; and the first time their name is given, also supply their last known business and residence address and their last known business affiliation.

(b) When used with reference to any entity other than an individual, state its full name, the address of its principal place of business, if it is a corporation, the jurisdiction under

2

the laws of which it has been organized and the date of such organization, in the case of an entity other than a corporation, the name of its principals; and the identity of all individuals who acted or who authorized another to act on its behalf, in connection with the matters referred to.

(c) When used with reference to a document, state the nature of the document (e.g.: letter, contract, memorandum); its date, its author, each addressee, each other person who received or read the document, its present location or custodian, and its substance.

(d) When used with reference to an oral communication state the date and place of occurrence, identify each person who was present when it was made, state its substance, and identify, in accordance with paragraph 2c above, each document which refers thereto or which was prepared as a result of the oral communications.

3.      As used herein, the terms "**communication**" or "**communications**" means any statement, whether written or oral, whether in person or otherwise, by telephone, mail, email, text message, facsimile, personal delivery, or otherwise (including, but not limited to, all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, notes, or other forms of communication).

4.      As used herein, the term "**relating to**" means pertaining to, referring to, alluding to, responding to, discussing, commenting upon, showing, disclosing, analyzing, reporting about, explaining, mentioning, addressing, describing, depicting, representing, establishing, demonstrating, contradicting, refuting, setting forth, containing, summarizing, bearing upon or characterizing, either directly or indirectly, in whole or in part, the given subject matter.

5.      As used herein, the term "**person**" means an individual, corporation, partnership or association, or any other business or governmental entity.

6.     As used herein, the terms "**and**" and "**or**" shall be construed conjunctively or disjunctively as necessary to make the Requests inclusive rather than exclusive.  The use of the word "**including**" shall be construed without limitation.

7.     As used herein, the terms "**any**" and "**all**" shall be considered to include "**each**" and "**every**."

8.     As used herein, the terms "**You**," "**Your**," or "**Plaintiff**," shall be construed as Plaintiff Leon Weingrad and any of his respective affiliates, representatives, or anyone acting on his behalf.

9.     As used herein, the term "**Exact Care**" shall mean and refer to Defendant Exact Care Pharmacy, LLC and any of its respective officers, directors, managers, representatives, and employees.

10.     As used herein, the term "**TCPA**" shall mean and refer to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and related regulations.

11.     As used herein, "**action,**" "**matter,**" or "**Litigation**" means the lawsuit styled *Leon Weingrad v. Exact Care Pharmacy, LLC*, Case No. 2:25-cv-1843, filed in the U.S. District Court for the Eastern District of Pennsylvania.

12.     As used herein, "**Complaint**" shall mean and refer to the Complaint filed by Plaintiff in the above-captioned matter.

13.     Words importing the present tense shall be construed to include the past tense, and vice versa. The plural shall include the singular and the singular shall include the plural.  Any reference to a male pronoun shall also constitute reference to a female pronoun, and vice versa.

4

## **INSTRUCTIONS**

1.     State any objection to a Request with specificity. If any Interrogatory is objected to in whole or in part, describe the basis for the objection, including any claim of privilege, in sufficient detail so as to permit the Court to adjudicate the validity of the refusal, and identify each document and oral communication for which a privilege is claimed.  Provide all information called for by that portion of the Request to which no objection is raised.

2.     The answer to each Interrogatory should identify all documents used in answering the Interrogatory where they contain or relate in any respect, directly or indirectly, to any of the information requested in the Interrogatory.  Every document to be so identified may be produced for inspection in lieu of such identification.

3.     Each and every Request for a document or writing to be produced requires production of the document, in its entirety, without abbreviation or expurgation, regardless of whether You consider the entire document to be relevant or responsive to these Requests. If You redact any portion of a document, You should stamp the word "redacted" on each page of the document that has been redacted.  Redactions should be included on the privilege log described in paragraph 6.

4.     More than one of the Requests for Production of Documents may ask for the same document.  The presence of such duplication is not to be interpreted to narrow or limit the normal interpretation placed upon each individual Request.  If a document is responsive to multiple Requests, only one copy of it need be produced.

5.     Documents produced in response to a Request shall include all attachments to the specifically described documents, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s).

4931-7041-7229, v.3

6.    If any document is withheld under a claim of privilege or work product, furnish a privilege log.  Each entry on the privilege log shall have a unique ID, the privilege(s) being asserted, and shall include the following metadata fields (to the extent such fields exist for the type of document being logged):

- FROM
- TO
- CC
- BCC
- AUTHOR
- SUBJECT
- DATE_SENT (EMAILS ONLY)
- TIME_SENT (EMAILS ONLY)

If a metadata field would disclose information that You assert is privileged, it can be replaced by You with a sufficient non-privileged description that is otherwise compliant with Federal Rule of Civil Procedure 26(b)(5)(A)(ii).

7.    If any document requested was, but is no longer in Your possession or subject to Your control, or is no longer in existence, identify the documents that are missing, lost, destroyed, transferred, or otherwise disposed of, by author, date, subject matter, addressee and the number of pages and state whether it:

a.    is missing or lost;

b.    has been destroyed;

c.    has been transferred, voluntarily or involuntarily, to others and state the identity of those persons to whom it has been transferred; and

d.    has been otherwise disposed of, and in each instance, explain the circumstances surrounding such disposition, state the date or approximate date thereof, and the identity of the persons with knowledge of such circumstances.

6

8.      These are continuing Requests, and if additional information or documents which are responsive to any of these Requests are received or discovered prior to the date of trial, a supplemental document production should be made, providing such additional information and/or documents as promptly and as long before trial as possible.

9.      Unless otherwise indicated, these Requests shall pertain to the time period starting four years before the filing of the Complaint in this case and continuing through the present and shall include all documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received outside of that period.

10.      Electronically stored information ("ESI") shall be produced with all available metadata and shall also be produced in accordance with any ESI protocol agreed upon by the Parties or issued by the Court.

4931-7041-7229, v.3

## FIRST SET OF INTERROGATORIES

**Interrogatory No. 1:**  Identify the dates, if any, that You possessed, controlled, or utilized the phone number (503) ███████.

**RESPONSE:**


**Interrogatory No. 2:**  Identify all telephone numbers that You possessed, controlled, or utilized from April 10, 2021 through the present, including the dates that You possessed, controlled, or utilized each telephone number and a description of Your use of each telephone number, including whether You use or used the telephone number for personal or business purposes.

**RESPONSE:**


**Interrogatory No. 3:** Identify any date(s) that the phone number (503) ███████ was added and/or removed from the National Do-Not-Call Registry.

**RESPONSE:**


**Interrogatory No. 4:**  Did You have any relationship or contact with Exact Care prior to the telephone calls alleged in the Complaint?

**RESPONSE:**


**Interrogatory No. 5:**  Describe in detail the telephone calls that You allege in paragraphs 25 and 26 of the Complaint were placed to Your telephone number, including, but not limited to, who participated in the calls, what was discussed on those calls, and the length of those calls.

**RESPONSE:**

4931-7041-7229, v.3

**Interrogatory No. 6:**  Describe in detail all facts and evidence that support the allegation in Paragraph 61 of the Complaint that "Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf" caused "multiple telemarketing calls to be initiated to Plaintiff . . . in a 12-month period, without transmitting the name of the telemarketer, despite such option for transmission of accurate CNAM information being available by its carrier."

**RESPONSE:**


**Interrogatory No. 7:**  Describe in detail any injury or damages that You allege You suffered due to the telephone calls You allegedly received from or on behalf of Exact Care.

**RESPONSE:**


**Interrogatory No. 8:**  Identify all formal or informal complaints, letters, legal demands, and lawsuits that You have sent to or brought against any entity regarding alleged violations of the TCPA.

**RESPONSE:**


**Interrogatory No. 9:**  State the gross amount of money You have received from any claim or complaint alleging violations of the TCPA.

**RESPONSE:**

**Interrogatory No. 10:**  Identify what percentage of Your income over the past 5 years resulted from alleging violations of the TCPA.

**RESPONSE:**


**Interrogatory No. 11:** Identify all telephones, laptops, iPads, tablets, or computers that You have possessed, controlled, or utilized at any time from January 1, 2024 through the present.

**RESPONSE:**


**Interrogatory No. 12:** Identify all IP addresses for all devices identified in Your response to Interrogatory No. 11.

**RESPONSE:**


**Interrogatory No. 13:**  Describe in detail all facts and evidence that support the allegation in Paragraph 28 of the Complaint that "the Defendant appears to have either spoofed or potentially spoofed" calls referenced in the Complaint.

**RESPONSE:**

10

## FIRST SET OF REQUESTS FOR ADMISSION

**Request for Admission No. 1:** Admit that during the February 27, 2025 calls referenced in the

Complaint You identified yourself as Jill Herrala.

**RESPONSE:**

**Request for Admission No. 2:** Admit that ████████████████ is an e-mail address
and/or account you own and/or have access to.

**RESPONSE:**

**Request for Admission No. 3:** Admit that in the following call recordings included herewith as

Exhibits A through E it is Your voice speaking with the caller on each of these call recordings.

- ▪ Exhibit A: Call recording with file name 2/27/2025 Health Care Benefits Outbound Call

- ▪ Exhibit B: Call recording with file name 2-27-2025 Conversion Finder Call 4599287478

- ▪ Exhibit C: Call recording with file name: 2-27-2025_1254PM_CF Transfer to ECP

- ▪ Exhibit D: Call recording with file name: 3-6-2025_1202 PM_ExactCare Outbound Call

- ▪ Exhibit E: Call recording with file name: 3-7-2025_1220PM_ExactCare Outbound Call

**RESPONSE:**

**Request for Admission No. 4**: Admit that in the above referenced call recordings You used the

name Jill Herrala.

**RESPONSE:**

**Request for Admission No. 5**: Admit that in the call recording included herewith as Exhibit A

You did not ask to not be contacted by Exact Care.

**RESPONSE:**

11

**Request for Admission No. 6**: Admit that in the call recording included herewith as Exhibit B You did not ask to not be contacted by Exact Care.

**RESPONSE:**

**Request for Admission No. 7**: Admit that in the call recording included herewith as Exhibit C You did not ask to not be contacted by Exact Care.

**RESPONSE:**

**Request for Admission No. 8**: Admit that in the call recording included herewith as Exhibit D You did not ask to not be contacted by Exact Care.

**RESPONSE:**

**Request for Admission No. 9:** Admit that after March 7, 2025, You have not received any calls by or on behalf of Exact Care.

**RESPONSE:**

**Request for Admission No. 10:** Admit that You visited the website www.unitedstatesinsurance.com.

**RESPONSE:**

**Request for Admission No. 11:** Admit that You entered the phone number (503) ███████ into the website www.unitedstatesinsurance.com.

**RESPONSE:**


**Request for Admission No. 12:** Admit that You directed someone to enter the phone number (503) ███████ into the website www.unitedstatesinsurance.com.

**RESPONSE:**


**Request for Admission No. 13:** Admit that You have used the name Joseph Arnold to fill out an online form.

**RESPONSE:**


**Request for Admission No. 14:** Admit that prior to November 27, 2024 You engaged in communications regarding Exact Care.

**RESPONSE:**


**Request for Admission No. 15:** Admit that You visited the website https://www.robocalls.cash/.

**RESPONSE:**

4931-7041-7229, v.3

## FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request for Production No. 1:** Produce all documents and communications that You have identified, relied upon, or referred to when answering and responding to the First Set of Interrogatories and/or the First Set of Requests for Admission.

**RESPONSE:**

**Request for Production No. 2:** Produce all documents and communications referred to or mentioned in Your Rule 26(a)(1) Initial Disclosures.

**RESPONSE:**

**Request for Production No. 3:** Produce all documents and communications that support and/or evidence Your allegation that Your phone number is (503) ███████, including all records that demonstrate the dates that You have possessed that phone number.

**RESPONSE:**

**Request for Production No. 4:** Produce all documents and communications that support and/or evidence Your allegation that the phone number (503) ███████ was added to the National Do-Not-Call Registry.

**RESPONSE:**

**Request for Production No. 5:** Produce all documents and communications relating to someone entering the phone number (503) ███████ into the website www.unitedstatesinsurance.com.

**RESPONSE:**

14

**Request for Production No. 6:** Produce all documents and communications, including any call records, recordings, or notes, regarding the telephone calls that You allege in paragraphs 25 and 26 of the Complaint were made to Your telephone number.

**RESPONSE:**

**Request for Production No. 7:** Produce all documents and communications that support and/or evidence the allegation in Paragraph 61 of the Complaint that "Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf" caused "multiple telemarketing calls to be initiated to Plaintiff . . . in a 12-month period, without transmitting the name of the telemarketer, despite such option for transmission of accurate CNAM information being available by its carrier."

**RESPONSE:**

**Request for Production No. 8:** Produce all documents and communications that support and/or evidence any injury, damage, or harm that You allege You suffered due to the telephone calls You allegedly received from or on behalf of Exact Care.

**RESPONSE:**

**Request for Production No. 9:** Produce all documents which You have or will provide to any expert You intend to use at trial.

**RESPONSE:**

**Request for Production No. 10:** Produce all documents and communications that You receive or received from any third party in response to any subpoena in this case.

4931-7041-7229, v.3

**RESPONSE:**

**Request for Production No. 11:** Produce all documents and communications which support any of Your claims, assertions, or allegations.

**RESPONSE:**

**Request for Production No. 12:** Produce all exhibits which You intend to use at trial.

**RESPONSE:**

**Request for Production No. 13:** Produce all documents and communications referring or relating to Joseph Arnold.

**RESPONSE:**

**Request for Production No. 14:** Produce all documents and communications referring or relating to Jill Herrala.

**RESPONSE:**

**Request for Production No. 15:** Produce all documents and communications referring or relating to the TCPA.

**RESPONSE:**

**Request for Production No. 16:** Produce all documents or communications referring or relating to Exact Care.

16

**RESPONSE:**

**Request for Production No. 17:** Produce all documents or communications referring or relating to all formal or informal complaints, letters, legal demands, and lawsuits that You have sent to or brought against any entity regarding alleged violations of the TCPA.

**RESPONSE:**

**Request for Production No. 18:** Produce all documents or communications referring or relating to any and all funds received as a result of and/or related to any and all formal or informal complaints, letters, legal demands, and lawsuits that You have sent to or brought against any entity regarding alleged violations of the TCPA.

**RESPONSE:**

**Request for Production No. 19:** Produce all documents or communications relating to Your involvement in providing Exact Care consent to call (503) ███████.

**RESPONSE:**

**Request for Production No. 20:** Produce all documents and communications referring or relating to the website www.unitedstatesinsurance.com.

**RESPONSE:**

**Request for Production No. 21:** Produce forensic images of all devices identified in Your response to Interrogatory No. 11.

**RESPONSE:**

**Request for Production No. 22:** Produce all documents and communications regarding any tools or methods that You have used, if any, that would change or alter Your IP address for all devices listed in Your response to Interrogatory No. 11, including but not limited to any VPN, hotspot, or proxy servers that You have used.

**RESPONSE:**

**Request for Production No. 23:** Produce all documents and communications referring or relating to the address ███████████████████.

**RESPONSE:**

**Request for Production No. 24:** Produce all communications with anyone who currently resides at or has resided at ███████████████.

**RESPONSE:**

**Request for Production No. 25:** Produce all documents and communications regarding consent to contact the phone number (503) ███████.

**RESPONSE:**

**Request for Production No. 26:** Produce all records of calls made to or from the phone number (503) ███████ from January 1, 2024 to the present.

4931-7041-7229, v.3

**RESPONSE:**


**Request for Production No. 27:**  Produce all documents and communications that support and/or evidence the allegation in Paragraph 28 of the Complaint that "the Defendant appears to have either spoofed or potentially spoofed" calls referenced in the Complaint.

**RESPONSE**

Respectfully submitted,

*/s/ Colleen M. O'Neil*
Sean P. Fahey (PA 73305)
Christopher M. Brolley (PA 322851)
TROUTMAN PEPPER LOCKE LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
(215) 981-4000
Sean.Fahey@troutman.com
christopher.brolley@troutman.com

Colleen M. O'Neil (OH 0066576)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
(216) 622-8200 (Phone)
(216) 241-0816 (Fax)
coneil@calfee.com
*Admitted pro hac vice*

Gretchen L. Whaling (OH 0096780)
CALFEE, HALTER & GRISWOLD LLP
1200 Huntington Center
41 South High Street
Columbus, Ohio 43215
(614) 621-1500 (Phone)
 (614) 621-0010 (Fax)
gwhaling@calfee.com
*Admitted pro hac vice*

*Attorneys for Defendant, Exact Care Pharmacy, LLC*

## **<u>VERIFICATION</u>**

STATE OF _____                    )

                                  ) ss:

COUNTY OF _____                 )


      Having been first duly cautioned and sworn, I, Leon Weingrad, state that I have read the foregoing responses to interrogatories and I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.


_____

Leon Weingrad


Executed this _____ day of _____.

21

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2025 a copy of the foregoing was served via email to the following:

Andrew Perrong
Perrong Law LLC
a@perronglaw.com

*Counsel for Plaintiff Leon Weingrad*

                                        */s/ Colleen M. O'Neil*_____
                                        One of the Attorneys for Defendant,
                                        Exact Care Pharmacy, LLC