# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**LEON WEINGRAD,** individually and on behalf of all others similarly situated,

        *Plaintiff,*

*v.*

**EXACT CARE PHARMACY, LLC**

        *Defendant.*

Case No.
2:25-cv-1843

## <u>RESPONSES TO DEFENDANT EXACT CARE PHARMACY, LLC'S<br>FIRST SET OF DISCOVERY TO PLAINTIFF</u>

Plaintiff, by and through undersigned counsel, submits the following omnibus responses and objections to Defendant Exact Care Pharmacy, LLC's Requests for Production, Requests for Admission, and Interrogatories pursuant to Rules 26, 33, 36, and 34 of the Federal Rules of Civil Procedure. Plaintiff expressly reserves all objections, including but not limited to relevance, overbreadth, undue burden, vagueness, ambiguity, attorney–client privilege, and the attorney work-product doctrine. Plaintiff further reserves the right to supplement, modify, or amend these responses as discovery proceeds and additional facts are developed.

## <u>RESPONSES TO INTERROGATORIES</u>

Interrogatory No. 1: Identify the dates, if any, that You possessed, controlled, or utilized the phone number (503) ████████.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects insofar as this Interrogatory lists the Plaintiff's full phone number without redaction, which implicates privacy concerns. The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications. Notwithstanding the foregoing, the telephone number at issue has been the Plaintiff's number since approximately July of 2024 to present.

Interrogatory No. 2: Identify all telephone numbers that You possessed, controlled, or utilized from April 10, 2021 through the present, including the dates that You possessed, controlled, or utilized each telephone number and a description of Your use of each telephone number, including whether You use or used the telephone number for personal or business purposes.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory as impermissibly compound. The Plaintiff objects to this request in that it requires the disclosure of attorney-client

communications. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as the Plaintiff's other numbers sought (if any) are irrelevant to the calls the Plaintiff received. The Plaintiff further objects in that this interrogatory, as written, would cover any circumstance in which the Plaintiff has ever used a phone, including someone else's, which was so much as "utilized" within an almost five-year period. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy interests. The Plaintiff objects to this request in that it intimates that the use of multiple telephone numbers is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Notwithstanding the foregoing, the Plaintiff will identify the full telephone number at issue in this case with a confidential designation upon appropriate entry of a protective order in this case.

Interrogatory No. 3: Identify any date(s) that the phone number (503) ███████ was added and/or removed from the National Do-Not-Call Registry.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects insofar as this Interrogatory lists the Plaintiff's full phone number without redaction, which implicates privacy concerns. The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications. Plaintiff objects in that this information is equally available to the Plaintiff as Defendant. Plaintiff objects in that this interrogatory seeks information which is in the possession of the federal government. Notwithstanding the foregoing, the FTC's records reflect that telephone number at issue has been on the National Do-Not-Call Registry since August 28, 2021.

Interrogatory No. 4: Did You have any relationship or contact with Exact Care prior to the telephone calls alleged in the Complaint?

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory as vague and confusing and that it assumes facts not in evidence. The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications. Notwithstanding the foregoing, no.

Interrogatory No. 5: Describe in detail the telephone calls that You allege in paragraphs 25 and 26 of the Complaint were placed to Your telephone number, including, but not limited to, who participated in the calls, what was discussed on those calls, and the length of those calls.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory as impermissibly compound. Plaintiff objects in that this interrogatory is an impermissible contention interrogatory. Plaintiff objects to this interrogatory as vague and confusing. Plaintiff further objects in that this interrogatory seeks information relating to recorded calls, which speak for themselves, and/or missed calls, in which nothing occurred, and objects to any attempts to characterize them. The Plaintiff objects to this request in that it requires the disclosure of attorney-client and expert communications. Plaintiff further objects in that a single Interrogatory is a disproportionate vehicle to demand that Plaintiff identify all evidence for a particular contention, particularly insofar as Defendant intends to use such a response to preclude the Plaintiff from introducing other evidence or will be used to attempt to prevent the introduction of discoverable evidence on

the grounds that it was not identified. Notwithstanding the foregoing, pursuant to Rule 33(d), the Plaintiff specifies that the records that must be reviewed are the Plaintiff's recordings of the calls, which speak for themselves, and will enable Exact Care to locate and identify them as readily as Plaintiff could. By virtue of the aforementioned recordings being attached to the Plaintiff's Opposition to Defendant's Motion to Bifurcate, Exact Care has had a reasonable opportunity to examine and audit the recordings and to make copies, compilations, abstracts, or summaries.

Interrogatory No. 6: Describe in detail all facts and evidence that support the allegation in Paragraph 61 of the Complaint that "Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf" caused "multiple telemarketing calls to be initiated to Plaintiff . . . in a 12-month period, without transmitting the name of the telemarketer, despite such option for transmission of accurate CNAM information being available by its carrier."

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory as impermissibly compound. The Plaintiff objects to this interrogatory as an impermissible contention interrogatory requiring him to characterize and/or summarize evidence, particularly insofar as it seeks documents which rebut the Defendant's affirmative defenses in the statute, without the Defendant first adducing evidence as to the defense. Plaintiff objects to this interrogatory as vague and confusing. Plaintiff further objects in that this interrogatory seeks information relating to recorded calls, which speak for themselves, and/or missed calls, in which nothing occurred, and objects to any attempts to characterize them. Plaintiff objects in that this interrogatory seeks information and seeks to have the Plaintiff characterize carrier call records, which speak for themselves. The Plaintiff objects to this request in that it requires the disclosure of attorney-client and expert communications. Plaintiff further objects in that discovery is still ongoing, and all subpoenas to identify the *actual* owners of the numbers from which the Plaintiff received spoofed or possibly spoofed calls are still outstanding, rendering this interrogatory premature. Plaintiff further objects in that a single Interrogatory is a disproportionate vehicle to demand that Plaintiff identify all evidence for a particular contention, particularly insofar as Defendant intends to use such a response to preclude the Plaintiff from introducing other evidence or will be used to attempt to prevent the introduction of discoverable evidence on the grounds that it was not identified. The Plaintiff objects insofar as this request asks him, as a non-attorney, to make legal conclusions and to evaluate evidence and documents for whether it appropriately rebuts evidence in support of these contentions. Lastly, this request also plainly seeks attorney work product mental impressions-i.e., the opinion of Plaintiff's counsel as to what documents would or would not be used to support or oppose such contentions. Notwithstanding the foregoing, and at a fundamental level, the calls identified in the Plaintiff's complaint transmitted inaccurate caller ID or, in some instances, demonstrably spoofed caller IDs, including a telephone number which was not assigned to a customer and another number which was assigned to a U.S. government defense contractor. These facts were obtained through querying the CNAM database, as well as through subpoena responses from the respective carriers.

Interrogatory No. 7: Describe in detail any injury or damages that You allege You suffered due to the telephone calls You allegedly received from or on behalf of Exact Care.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's

claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects that this Interrogatory seeks legal conclusions and is premature. Discovery is ongoing, and the full evidentiary record have not yet been developed. Plaintiff further objects that the Interrogatory is vague and overbroad and seeks information that will be more appropriately addressed after the completion of fact and expert discovery, including evidence which may uncover additional calls and TCPA and/or state law, including Ohio state law violations. Plaintiff further objects to this interrogatory insofar as it purports to assert that the Plaintiff is seeking actual, not statutory, damages, or that intangible harms like invasion of privacy and statutory harms do not nevertheless constitute an adequate injury. The Plaintiff further objects insofar as it purports to assert that Plaintiff must prove actual damages or is limited to recovering the same, in addition to or in lieu of, statutory damages, which is not a required element of a TCPA claim. Notwithstanding the foregoing: the Plaintiff contends that he suffered a legally cognizable harm by receiving illegal and unwanted calls to his number on the Do Not Call Registry without consent, without the proper caller ID information, including outside the permissible hours and some calls after he had asked to stop, and in violation of the TCPA, which, among other things, disrupted him, invaded his privacy, and used storage, bandwidth, and power, as more fully pled in the Plaintiff's complaint. Plaintiff seeks statutory damages for herself and each class member of up to $1,500 for each violation, as provided by the TCPA. Thus, the factual basis for the Plaintiff's claims is simply that this is what the law says Plaintiff is entitled to. Plaintiff reserves the right to identify additional damages and facts supporting those damages, including evidence of additional calls, if any, as discovery progresses.

Interrogatory No. 8: Identify all formal or informal complaints, letters, legal demands, and lawsuits that You have sent to or brought against any entity regarding alleged violations of the TCPA.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this interrogatory as impermissibly compound. The Plaintiff objects insofar as this interrogatory seeks information which is of public record, and therefore equally available to the Defendant as the Plaintiff. At the same time, the request is also overly broad in that it seeks the Plaintiff to "identify" any "formal or informal lawsuits," which makes it unclear as to exactly what information about the lawsuits in which the Plaintiff has been involved the Defendant is seeking. The Plaintiff objects to this request in that it plainly requires the disclosure of attorney-client communications, attorney work product, and trial preparation materials, including confidential Rule 408 communications and other communications protected from disclosure by federal law or court order. Furthermore, the Plaintiff objects as this interrogatory is overly broad as it purports to seek information about every lawsuit or demand letter of any manner whatsoever involving the TCPA for an unlimited time frame, which also exceeds the TCPA's four year statute of limitations. The Plaintiff objects to this request in that it intimates that filing multiple lawsuits is inappropriate, unlawful, untoward, nefarious, or otherwise improper. As multiple courts have held, one's prior litigation history is irrelevant to the case at hand, and as such, is neither relevant nor proportional to the needs of the case. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. The Plaintiff objects to this request in that it intimates that any of the aforementioned conduct is inappropriate, unlawful, untoward, nefarious, or otherwise improper.

Interrogatory No. 9: State the gross amount of money You have received from any claim or complaint alleging violations of the TCPA.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this interrogatory as harassing and argumentative insofar as it purports to assert that the Plaintiff has done something untoward by obtaining statutory damages for actual violations of the TCPA. Moreover, as multiple courts have held, a person's previous litigation history has no bearing on the merits of the instant claim, and this request is clearly neither relevant nor proportional to the needs of the case. As this Court has noted, the underlying policy of Rule 408, which encourages the efficient settlement of disputes, leads courts to adopt a more demanding standard than that in Rule 26(b)(1) when it comes to the discoverability of settlement information. *Spear v. Fenkell*, No. CIV.A. 13-02391, 2015 WL 3947559, at *1 (E.D. Pa. June 26, 2015). Indeed, multiple other Courts have similarly held that they are "not persuaded that financial information such as the specific amounts of Plaintiff's prior TCPA settlements or awards is relevant to [Defendant's] defenses." *Charvat v. Southard Corp.*, No. 2:18-CV-190, 2019 WL 13196991, at *3 (S.D. Ohio Feb. 13, 2019); *Quinn v. Branch Banking & Tr. Co.*, No. 5:19-CV-433-OC-30PRL, 2020 WL 264696, at *4 (M.D. Fla. Jan. 17, 2020) (holding that settlements "are not relevant to the claims or defenses in this action and proportional to the needs of the case, and will not be permitted."). The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications. The Plaintiff further objects insofar as it seeks information for an unlimited amount of time and thus is beyond any applicable statute of limitations. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. The Plaintiff objects to this request in that it plainly requires the disclosure of attorney-client communications, attorney work product, and trial preparation materials, including confidential Rule 408 communications and other communications protected from disclosure by federal law or court order. The Plaintiff objects to this request in that it intimates that obtaining multiple settlements for statutory damages is inappropriate, unlawful, untoward, nefarious, or otherwise improper.

Interrogatory No. 10: Identify what percentage of Your income over the past 5 years resulted from alleging violations of the TCPA.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this interrogatory as harassing and argumentative insofar as it purports to assert that the Plaintiff has done something untoward by obtaining statutory damages for actual violations of the TCPA. Furthermore, the Plaintiff objects in that this interrogatory characterizes TCPA damages as "income;" such damages are not income. Moreover, as multiple courts have held, a person's previous litigation history has no bearing on the merits of the instant claim, and this request is clearly neither relevant nor proportional to the needs of the case. As this Court has noted, the underlying policy of Rule 408, which encourages the efficient settlement of disputes, leads courts to adopt a more demanding standard than that in Rule 26(b)(1) when it comes to the discoverability of settlement information. *Spear v. Fenkell*, No. CIV.A. 13-02391, 2015 WL 3947559, at *1 (E.D. Pa. June 26, 2015). Indeed, multiple other Courts have similarly held that they are "not persuaded that financial information such as the specific

amounts of Plaintiff's prior TCPA settlements or awards is relevant to [Defendant's] defenses." *Charvat v. Southard Corp.*, No. 2:18-CV-190, 2019 WL 13196991, at *3 (S.D. Ohio Feb. 13, 2019); *Quinn v. Branch Banking & Tr. Co.*, No. 5:19-CV-433-OC-30PRL, 2020 WL 264696, at *4 (M.D. Fla. Jan. 17, 2020) (holding that settlements "are not relevant to the claims or defenses in this action and proportional to the needs of the case, and will not be permitted."). The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications. The Plaintiff further objects insofar as it seeks information for an amount of time that is beyond any applicable statute of limitations. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. The Plaintiff objects to this request in that it plainly requires the disclosure of attorney-client communications, attorney work product, and trial preparation materials, including confidential Rule 408 communications and other communications protected from disclosure by federal law or court order. The Plaintiff objects to this request in that it intimates that any percentage of the plaintiff's "income" obtained from obtaining statutory damages under the TCPA is at all improper.

Interrogatory No. 11: Identify all telephones, laptops, iPads, tablets, or computers that You have possessed, controlled, or utilized at any time from January 1, 2024 through the present.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications. Plaintiff objects to this Interrogatory, as it is not a single request, but a series of requests in violation of Federal Rule of Civil Procedure 33, which requires interrogatories to be limited to a single question each. It is therefore compound. Defendant asks Plaintiff to identify all "telephones, laptops, iPads, tablets, or computer" that the Plaintiff has so much as has even *utilized* in an almost two-year period. This is clearly overbroad. Next, the information sought is not even confined to Plaintiff, requesting not just *his* devices, but any other ones that he so much as "possessed, controlled, or utilized." The Plaintiff objects insofar as this interrogatory seeks information regarding so much as any electronic device the plaintiff has ever used, including devices he has only used temporarily. Predictably, this Interrogatory is also overly broad in that it is not confined to either the date of the alleged opt-in in December of 2024, or even the particular useragent information, which still has not been provided. Plaintiff also objects to the extent that this Interrogatory implies that Plaintiff made, or engaged an agent to make, any website submission relied upon for putative consent in this matter. Plaintiff vehemently denies and rejects this implication. Indeed, the burden associated with identifying each of the aforementioned devices the Plaintiff has "possessed, controlled, or utilized" for the past 19 months would be high, and it is unclear what relevance, if any, the information sought would have to the Plaintiff's claims or the Defendant's defenses, particularly as Defendant has not specified a specific device it contends was used to submit the alleged opt in. It is simply not proportional to the needs of this case. The Plaintiff also objects insofar as this request asserts that Plaintiff provided his consent, in any way, shape, or form, to receive calls or text messages. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy and data security interests. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence, a concern that is all the more palpable because the Defendant has already submitted demonstrably forged recordings to the Court. To the extent that Defendant is able to adduce additional evidence of purported

consent, the Plaintiff reserves the right to supplement this response appropriately, including to address any useragent information.


Interrogatory No. 12: Identify all IP addresses for all devices identified in Your response to Interrogatory No. 11.

RESPONSE: RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff further objects to this Interrogatory as vague and confusing, including because it is technically unsound. The Interrogatory is not clear as to whether it seeks information as to public or private IP addresses. The Interrogatory further does not qualify whether it seeks static IP addresses, dynamic IP addresses, or both, particularly given the somewhat ethereal nature of dynamic IP addresses. Furthermore, "devices" do not have IP addresses; connections do.

The Plaintiff objects to this request in that it requires the disclosure of attorney-client materials, work-product materials, and related materials, such as trial preparation materials.

The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as the Plaintiff's other IP addresses are irrelevant to fact of whether the Plaintiff consented to the calls arising from a single alleged website visit originating from a single IP address. The Plaintiff further objects in that this interrogatory may be technicalogically impossible to comply with. The Plaintiff objects in that this request implicates significant consumer personal and data security and privacy protection concerns, particularly as this is a lawsuit alleging receipt of unsolicited messages. The Plaintiff also objects insofar as this request asserts that Plaintiff provided his consent, in any way, shape, or form, to receive calls or text messages. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy interests. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence, a concern that is all the more palpable because the Defendant has already submitted demonstrably forged recordings to the Court. To date, there has been no arbitration evidence other than an IP address produced. Notwithstanding the foregoing, the IP address claimed to have been used in the Plaintiff's alleged opt in, ending in 3.160, is not and has never been the Plaintiff's IP address, is not and has never been assigned to any device Plaintiff owns, and isn't even assigned to the Plaintiff's internet service provider(s), which is not and has never been Amazon or Amazon Web Services.


Interrogatory No. 13: Describe in detail all facts and evidence that support the allegation in Paragraph 28 of the Complaint that "the Defendant appears to have either spoofed or potentially spoofed" calls referenced in the Complaint.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory as largely duplicative of Interrogatory 6. Plaintiff objects to this interrogatory as impermissibly compound. The Plaintiff objects to this interrogatory as an impermissible contention interrogatory requiring him to characterize and/or summarize evidence, particularly insofar as it seeks documents which rebut the Defendant's affirmative defenses in the statute, without the Defendant first adducing

evidence as to the defense. Plaintiff objects to this interrogatory as vague and confusing. Plaintiff objects to this Interrogatory as harassing and argumentative, and assuming facts not in evidence, particularly as at least two subpoena responses thus far have affirmatively proven that at least two of the telephone numbers at issue were spoofed. Plaintiff further objects in that this interrogatory seeks information relating to recorded calls, which speak for themselves, and/or missed calls, in which nothing occurred, and objects to any attempts to characterize them. Plaintiff objects in that this interrogatory seeks information and seeks to have the Plaintiff characterize carrier call records, which speak for themselves. The Plaintiff objects to this request in that it requires the disclosure of attorney-client and expert communications. Plaintiff further objects in that discovery is still ongoing, and all subpoenas to identify the actual owners of the numbers from which the Plaintiff received spoofed or possibly spoofed calls are still outstanding, rendering this interrogatory premature. Plaintiff further objects in that a single Interrogatory is a disproportionate vehicle to demand that Plaintiff identify all evidence for a particular contention, particularly insofar as Defendant intends to use such a response to preclude the Plaintiff from introducing other evidence or will be used to attempt to prevent the introduction of discoverable evidence on the grounds that it was not identified. The Plaintiff objects insofar as this request asks him, as a non-attorney, to make legal conclusions and to evaluate evidence and documents for whether it appropriately rebuts evidence in support of these contentions. Lastly, this request also plainly seeks attorney work product mental impressions-i.e., the opinion of Plaintiff's counsel as to what documents would or would not be used to support or oppose such contentions. Notwithstanding the foregoing, and at a fundamental level, the calls identified in the Plaintiff's complaint were demonstrably spoofed caller IDs, including a telephone number which was not assigned to a customer and another number which was assigned to a U.S. government defense contractor. In most all cases, the numbers did not actually ring back to Exact Care. These facts were obtained through querying the CNAM database, as well as through subpoena responses from the respective carriers.

## **<u>VERIFICATION</u>**

Pursuant to the Federal Rules of Civil Procedure, the undersigned says that the foregoing Answers to Interrogatories are true and correct to the best of his knowledge and belief.

Dated: Jul 20, 2025
_____

_____
Leon Weingrad (Jul 20, 2025 09:23 PDT)

Leon Weingrad

## RESPONSES TO REQUESTS FOR ADMISSION

Request for Admission No. 1: Admit that during the February 27, 2025 calls referenced in the Complaint You identified yourself as Jill Herrala.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Moreover, the Plaintiff objects insofar as it asks the Plaintiff to make legal or factual conclusions or make a response that is untethered to the Plaintiff's own experiences or the law of the TCPA, including the relevance of what is said during an illegal call, and as such, the request seeks information that is not relevant to any claim or defense, which cannot be proven through an admission, denial, or qualified denial. Notwithstanding the foregoing, and without admitting the relevance of such information, it is admitted that the Plaintiff identified himself alternately as either Jill Herrala or Jill Herrala's caregiver.

Request for Admission No. 2: Admit that ███████████████████ is an e-mail address and/or account you own and/or have access to.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. The Plaintiff also objects insofar as this request asserts that Plaintiff provided his consent, in any way, shape, or form, to receive calls or text messages. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence. The Plaintiff objects to this request in that it intimates that either an affirmative or negative response is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Notwithstanding the foregoing, admitted.

Request for Admission No. 3: Admit that in the following call recordings included herewith as Exhibits A through E it is Your voice speaking with the caller on each of these call recordings.

Exhibit A: Call recording with file name 2/27/2025 Health Care Benefits Outbound Call
Exhibit B: Call recording with file name 2-27-2025 Conversion Finder Call 4599287478
Exhibit C: Call recording with file name: 2-27-2025_1254PM_CF Transfer to ECP
Exhibit D: Call recording with file name: 3-6-2025_1202 PM_ExactCare Outbound Call
Exhibit E: Call recording with file name: 3-7-2025_1220PM_ExactCare Outbound Call

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects insofar as the use of exhibits in an attempt to gain admissions as to them is wholly improper and contravenes the permissible purpose of a Request for Admission under Rule 36, which permits only admissions relating to the "genuineness of any described documents," not their contents or characterizations thereof. To be clear, the Plaintiff disputes the genuineness of the call recordings, especially Exhibits A, B, and

C. Analysis and discovery into Exhibits D and E is ongoing. The Plaintiff objects in that this request asks him to characterize evidence, which such evidence speaks for itself, or indeed, to the extent it contravenes the Plaintiff's own evidence. The Plaintiff further objects insofar as it is unclear how any of the aforementioned recordings were obtained by the propounding Defendant, particularly as the Plaintiff contends that at least Exhibits A, B, and C have been altered. The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. As such, because it is legally objectionable, it be responded truthfully through admission, denial, or qualified denial. Plaintiff refuses to admit or deny on the basis of the foregoing objections. Further responding, as permitted under Rule 36, the Plaintiff denies the genuineness of Exhibits A, B, and C. The Plaintiff is still performing investigation as to the genuineness of Exhibits D and E and does not yet have sufficient information to take a position as to the genuineness of this exhibit at this time.


Request for Admission No. 4: Admit that in the above referenced call recordings You used the name Jill Herrala.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects insofar as the use of exhibits in an attempt to gain admissions as to them is wholly improper and contravenes the permissible purpose of a Request for Admission under Rule 36, which permits only admissions relating to the "genuineness of any described documents," not their contents or characterizations thereof. To be clear, the Plaintiff disputes the genuineness of the call recordings, especially Exhibits A, B, and C. Analysis and discovery into Exhibits D and E is ongoing. The Plaintiff objects in that this request asks him to characterize evidence, which such evidence speaks for itself. Plaintiff objects in that this request does not identify a single "call recording" and as such cannot admit or deny on this basis, as it is impossibly vague to identify which recording is being referred to. The Plaintiff further objects insofar as it is unclear how any of the aforementioned recordings were obtained by the propounding Defendant, particularly as the Plaintiff contends that at least Exhibits A, B, and C have been altered. The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Moreover, the Plaintiff objects insofar as it asks the Plaintiff to make legal or factual conclusions or make a response that is untethered to the Plaintiff's own experiences or the law of the TCPA, including the relevance of what is said during an illegal call, and as such, the request seeks information that is not relevant to any claim or defense, which cannot be proven through an admission, denial, or qualified denial. As such, because it is legally objectionable, and because the Plaintiff objects and explicitly denies the genuineness of Exhibits A, B, and C, this Request cannot be responded truthfully through admission, denial, or qualified denial. Plaintiff refuses to admit or deny on the basis of the foregoing objections. Further responding, as permitted under Rule 36, the Plaintiff denies the genuineness of Exhibits A, B, and C. The Plaintiff is still performing investigation as to the genuineness of Exhibits D and E and does not yet have sufficient information to take a position as to the genuineness of this exhibit at this time.

Request for Admission No. 5: Admit that in the call recording included herewith as Exhibit A You did not ask to not be contacted by Exact Care.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects insofar as the use of exhibits in an attempt to gain admissions as to them is wholly improper and contravenes the permissible purpose of a Request for Admission under Rule 36, which permits only admissions relating to the "genuineness of any described documents," not their contents or characterizations thereof. To be clear, the Plaintiff disputes the genuineness of the call recordings, especially Exhibits A, B, and C. Analysis and discovery into Exhibits D and E is ongoing. The Plaintiff objects in that this request asks him to characterize evidence, which such evidence speaks for itself. The Plaintiff further objects insofar as it is unclear how the aforementioned exhibit was obtained by the propounding Defendant, particularly as the Plaintiff contends that Exhibit A has been altered. The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Moreover, the Plaintiff objects insofar as it asks the Plaintiff to make legal or factual conclusions or make a response that is untethered to the Plaintiff's own experiences or the law of the TCPA, including the relevance of what is said during an illegal call, and as such, the request seeks information that is not relevant to any claim or defense, which cannot be proven through an admission, denial, or qualified denial. As such, because it is legally objectionable, and because the Plaintiff objects and explicitly denies the genuineness of Exhibits A, B, and C, this Request cannot be responded truthfully through admission, denial, or qualified denial. Plaintiff refuses to admit or deny on the basis of the foregoing objections. Further responding, as permitted under Rule 36, the Plaintiff denies the genuineness of Exhibit A.

Request for Admission No. 6: Admit that in the call recording included herewith as Exhibit B You did not ask to not be contacted by Exact Care.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects insofar as the use of exhibits in an attempt to gain admissions as to them is wholly improper and contravenes the permissible purpose of a Request for Admission under Rule 36, which permits only admissions relating to the "genuineness of any described documents," not their contents or characterizations thereof. To be clear, the Plaintiff disputes the genuineness of the call recordings, especially Exhibits A, B, and C. Analysis and discovery into Exhibits D and E is ongoing. The Plaintiff objects in that this request asks him to characterize evidence, which such evidence speaks for itself. The Plaintiff further objects insofar as it is unclear how the aforementioned exhibit was obtained by the propounding Defendant, particularly as the Plaintiff contends that Exhibit B has been altered. The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Moreover, the Plaintiff objects insofar as it asks the Plaintiff to make legal or factual conclusions

or make a response that is untethered to the Plaintiff's own experiences or the law of the TCPA, including the relevance of what is said during an illegal call, and as such, the request seeks information that is not relevant to any claim or defense, which cannot be proven through an admission, denial, or qualified denial. As such, because it is legally objectionable, and because the Plaintiff objects and explicitly denies the genuineness of Exhibits A, B, and C, this Request cannot be responded truthfully through admission, denial, or qualified denial. Plaintiff refuses to admit or deny on the basis of the foregoing objections. Further responding, as permitted under Rule 36, the Plaintiff denies the genuineness of Exhibit B.


Request for Admission No. 7: Admit that in the call recording included herewith as Exhibit C You did not ask to not be contacted by Exact Care.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects insofar as the use of exhibits in an attempt to gain admissions as to them is wholly improper and contravenes the permissible purpose of a Request for Admission under Rule 36, which permits only admissions relating to the "genuineness of any described documents," not their contents or characterizations thereof. To be clear, the Plaintiff disputes the genuineness of the call recordings, especially Exhibits A, B, and C. Analysis and discovery into Exhibits D and E is ongoing. The Plaintiff objects in that this request asks him to characterize evidence, which such evidence speaks for itself. The Plaintiff further objects insofar as it is unclear how the aforementioned exhibit was obtained by the propounding Defendant, particularly as the Plaintiff contends that Exhibit C has been altered. The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Moreover, the Plaintiff objects insofar as it asks the Plaintiff to make legal or factual conclusions or make a response that is untethered to the Plaintiff's own experiences or the law of the TCPA, including the relevance of what is said during an illegal call, and as such, the request seeks information that is not relevant to any claim or defense, which cannot be proven through an admission, denial, or qualified denial. As such, because it is legally objectionable, and because the Plaintiff objects and explicitly denies the genuineness of Exhibits A, B, and C, this Request cannot be responded truthfully through admission, denial, or qualified denial. Plaintiff refuses to admit or deny on the basis of the foregoing objections. Further responding, as permitted under Rule 36, the Plaintiff denies the genuineness of Exhibit C.


Request for Admission No. 8: Admit that in the call recording included herewith as Exhibit D You did not ask to not be contacted by Exact Care.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects insofar as the use of exhibits in an attempt to gain admissions as to them is wholly improper and contravenes the permissible purpose of a Request for Admission under Rule 36, which permits only admissions relating to the "genuineness of any described documents," not their contents or characterizations thereof. To be clear, the Plaintiff disputes the genuineness of the call recordings, especially Exhibits A, B, and C. Analysis and discovery into Exhibits D and E is ongoing. The Plaintiff objects in that this

request asks him to characterize evidence, which such evidence speaks for itself. The Plaintiff further objects insofar as it is unclear how the aforementioned exhibit was obtained by the propounding Defendant, particularly as the Plaintiff does not yet have sufficient information to determine whether Exhibit D has been altered. The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Moreover, the Plaintiff objects insofar as it asks the Plaintiff to make legal or factual conclusions or make a response that is untethered to the Plaintiff's own experiences or the law of the TCPA, including the relevance of what is said during an illegal call, and as such, the request seeks information that is not relevant to any claim or defense, which cannot be proven through an admission, denial, or qualified denial. As such, because it is legally objectionable, and because the Plaintiff objects and explicitly denies the genuineness of Exhibits A, B, and C, this Request cannot be responded truthfully through admission, denial, or qualified denial. Plaintiff refuses to admit or deny on the basis of the foregoing objections. Further responding, as permitted under Rule 36, the Plaintiff is still performing investigation as to the genuineness of Exhibit D and does not yet have sufficient information to take a position as to the genuineness of this exhibit at this time.

Request for Admission No. 9: Admit that after March 7, 2025, You have not received any calls by or on behalf of Exact Care.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it is harassing and argumentative. The Plaintiff objects to this request in that it is deceptively worded as a double-negative. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff objects to this request in that it assumes facts not in evidence. Plaintiff objects in that this request asks the Plaintiff to admit that there are no further calls, including those of which he may not be aware, particularly as the calls did not transmit accurate caller ID and in some instances transmitted downright fraudulent caller ID. Plaintiff further objects in that discovery or a subsequent review of calling records may yet reveal subsequent calls. Notwithstanding the foregoing, admitted that, based on the knowledge currently available to the Plaintiff at this time, there are currently no known calls beyond March 7, 2025. Expressly denied in all other respects, including insofar as discovery may reveal subsequent calls.

Request for Admission No. 10: Admit that You visited the website www.unitedstatesinsurance.com.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. The Plaintiff also objects insofar as this request asserts that Plaintiff provided his consent, in any way, shape, or form, to receive calls or text messages. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence. Notwithstanding the foregoing, denied.

Request for Admission No. 11: Admit that You entered the phone number (503) ███ ██ into the website www.unitedstatesinsurance.com.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. The Plaintiff also objects insofar as this request asserts that Plaintiff provided his consent, in any way, shape, or form, to receive calls or text messages. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence. Notwithstanding the foregoing, denied.

Request for Admission No. 12: Admit that You directed someone to enter the phone number (503) ██████ into the website www.unitedstatesinsurance.com.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this request in that it calls for a legal conclusion, rather than a factual question or the application of law to fact. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. The Plaintiff also objects insofar as this request asserts that Plaintiff provided his consent, in any way, shape, or form, to receive calls or text messages. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence. Notwithstanding the foregoing, denied.

Request for Admission No. 13: Admit that You have used the name Joseph Arnold to fill out an online form.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects in that the term "fill[ing] out an online form" is vague and confusing. For example, that name has appeared in pleadings in lawsuits and in declarations the Plaintiff has signed using an electronic signature, including a Declaration containing the statement that "I sometimes receive unwanted calls for a person named 'Joseph Arnold,'" and as such, it is unclear what the request is seeking the Plaintiff to admit. Thus, Plaintiff will interpret this request insofar as it seeks information regarding whether the Plaintiff has explicitly typed the name "Joseph Arnold" into an online form. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. The Plaintiff also objects insofar as this request asserts that Plaintiff provided his consent, in any way, shape, or form, to receive calls or text messages. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence. Notwithstanding the foregoing, and with the foregoing objections as to vagueness in mind, denied. Further expressly denied that the Plaintiff used the name Joseph Arnold on www.unitedstatesinsurance.com.

Request for Admission No. 14: Admit that prior to November 27, 2024 You engaged in communications regarding Exact Care.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or

contacts at issue in this case. Plaintiff objects in that the term "engaged in communications regarding Exact Care" is vague and confusing and hopelessly ambiguous as to what constitutes a "communication[] regarding Exact Care." Plaintiff objects to this request in that it calls for a legal conclusion, rather than a factual question or the application of law to fact. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. The Plaintiff also objects insofar as this request asserts that Plaintiff provided his consent, in any way, shape, or form, to receive calls or text messages. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence. Notwithstanding the foregoing, and to the best of the Plaintiff's knowledge, denied.

Request for Admission No. 15: Admit that You visited the website https://www.robocalls.cash/.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this request in that it calls for a legal conclusion, rather than a factual question or the application of law to fact. The Plaintiff objects to this request in that it requires the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions. The Plaintiff also objects insofar as this request asserts that Plaintiff provided his consent, in any way, shape, or form, to receive calls or text messages. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence. The Plaintiff further objects in that information about visiting this website is irrelevant to the Plaintiff's claims or the Defendant's defenses and appears to be designed to harass the Plaintiff. Defendant has certainly not yet claimed that it obtained consent from the aforementioned website. The Plaintiff refuses to admit or deny on the basis of the foregoing objections.

## RESPONSES TO REQUESTS FOR PRODUCTION

Request for Production No. 1: Produce all documents and communications that You have identified, relied upon, or referred to when answering and responding to the First Set of Interrogatories and/or the First Set of Requests for Admission.

RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents and communications" so much as "relied upon, or referred to" in the foregoing requests, and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to the interrogatories or admissions, or statements made therein, which

implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Plaintiff incorporates each of his objections to the Interrogatories and Requests for Admission as if though fully set forth herein. Furthermore, the Plaintiff further objects in that discovery is still ongoing, and he does not yet have all documents, for example, supporting or refusing some of the factual contentions in his Interrogatories. Notwithstanding the foregoing, the Plaintiff has not identified, relied upon, or referred to any non-privileged documents and communications in his answers to interrogatories other than those which he has already agreed to produce, including as further referenced herein. Beyond these documents, there are no other documents other than those which the Plaintiff has already agreed to produce.

Request for Production No. 2: Produce all documents and communications referred to or mentioned in Your Rule 26(a)(1) Initial Disclosures.
　　　　RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents and communications" so much as "referred to or mentioned" in the Plaintiff's Initial Disclosures, and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. Indeed, as the Plaintiff noted in his initial disclosures, some of the documents and categories of documents the Plaintiff requires are within the sole possession, care, custody, and control of the Defendant. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to the initial disclosures, or statements made therein, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. Plaintiff objects in that this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, the Plaintiff is not currently in possession of any relevant responsive documents referred to or mentioned in his Initial Disclosures beyond those which he has already agreed to produce or has produced.

Request for Production No. 3: Produce all documents and communications that support and/or evidence Your allegation that Your phone number is (503) ███████, including all records that demonstrate the dates that You have possessed that phone number.

　　RESPONSE: The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Moreover, the Plaintiff objects to the wholesale production of the Plaintiff's service contracts for an unlimited period as violative of the Plaintiff's substantial privacy interests in this lawsuit, which concerns breaches of consumer privacy statutes. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Notwithstanding the foregoing, the Plaintiff will produce the latest available copy of any applicable service contracts and plan details, within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B).

Request for Production No. 4: Produce all documents and communications that support and/or evidence Your allegation that the phone number (503) ███████ was added to the National Do Not-Call Registry.

　　RESPONSE: The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Notwithstanding the foregoing, the Plaintiff will produce a copy of the applicable Do Not Call Registry registration confirmation, within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B).

Request for Production No. 5: Produce all documents and communications relating to someone entering the phone number (503) ███████ into the website www.unitedstatesinsurance.com.

　　RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request in that the Plaintiff contends that he did not enter the subject telephone number into the subject website. As such, the request is vague and confusing, as it is unclear how the Plaintiff would have "documents and communications" relating to someone entering the subject telephone number into the subject website, other than the contentions and evidence the Defendant itself has adduced. It is also argumentative and harassing on the same basis. Moreover, the Plaintiff objects in that this request insinuates that it is the Plaintiff's burden to disprove that he visited a website, not the Defendant's burden to prove that the Plaintiff consented because he did so. Plaintiff objects to this request insofar as it

purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. As such, it seeks information which is solely within the possession, care, custody, and control of the Defendant. Notwithstanding the foregoing, there are no responsive documents.

Request for Production No. 6: Produce all documents and communications, including any call records, recordings, or notes, regarding the telephone calls that You allege in paragraphs 25 and 26 of the Complaint were made to Your telephone number.

    RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Notwithstanding the foregoing, the Plaintiff has already produced the recordings of the subject telephone calls in his opposition to the Defendant's motion to bifurcate. The Plaintiff will produce telephone records reflecting the calls at issue, within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B).

Request for Production No. 7: Produce all documents and communications that support and/or evidence the allegation in Paragraph 61 of the Complaint that "Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf" caused "multiple telemarketing calls to be initiated to Plaintiff . . . in a 12-month period, without transmitting the name of the telemarketer, despite such option for transmission of accurate CNAM information being available by its carrier."

    RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff objects to this request in that it seeks information more available, or only so, to the Defendant. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request as premature, as discovery is still in its early stages and he has not yet received complete finalized traced subpoena responses for each of the numbers at issue. Plaintiff reserves the right to supplement his responses and objections thereto as he comes into possession of more responsive documents. Notwithstanding the foregoing, there are no non-privileged responsive documents beyond those which the Plaintiff has already produced, which consists of two subpoena responses thus far.

Request for Production No. 8: Produce all documents and communications that support and/or evidence any injury, damage, or harm that You allege You suffered due to the telephone calls You allegedly received from or on behalf of Exact Care.

    RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the

telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents" that the Plaintiff believes "supports" or "evidences" any "injury, damage, or harm" and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. These words render this definition unascertainable. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking, including insofar as it seeks information related to the exceedingly overbroad, confusing, and vague "injury, damage, or harm," which broadens the scope of the request without a limiting or guiding principle for Plaintiff to follow. It is also not clear what Defendant considers the "injury, damage, or harm," either. For example, the Plaintiff has alleged that he is seeking statutory damages provided by the TCPA, so does the Plaintiff need to provide a copy of the TCPA's statutory damages provision? That definition is so expansive that it is not clear to what documents this demand refers to. Furthermore, this request is also overly broad because it seeks "all documents," instead of a specific and reasonably particularized category of documents as the rules require. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents or unspecified "all documents" in any way even tangentially related to the claims for damages asserted in this case or statements made therein, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. The Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter, as it is not sufficiently specific to place the Plaintiff on notice of exactly what documents Defendant is seeking, and substantially invades his privacy interests. Indeed, as such, this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form.

Request for Production No. 9: Produce all documents which You have or will provide to any expert You intend to use at trial.

      RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents" in any manner which "have or will" be provided to "any expert You intend to use at trial," and as such the request is overly broad and disproportional to the needs of the case,

including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking, including insofar as it seeks information related to the exceedingly overbroad, confusing, and vague "all documents." As written, this request is a blatant attempt to obtain confidential communications with experts and the written mental and other impressions of counsel. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents sent to the Plaintiff's experts, including those documents on which the expert does not rely, and other confidential information, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. Plaintiff further objects insofar as this request plainly seeks expert witness communications and confidential work product protected by the work product and expert witness materials and  privileges. Plaintiff objects to this request as premature, as discovery is still in its early stages and seeking information in excess of which the Plaintiff is required to provide in expert disclosures or an expert report. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. The Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter, as it is not sufficiently specific to place the Plaintiff on notice of exactly what documents Defendant is seeking, and substantially invades his privacy interests. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Plaintiff reserves the right to supplement his responses and objections thereto as he comes into possession of more responsive documents.

Request for Production No. 10: Produce all documents and communications that You receive or received from any third party in response to any subpoena in this case.

RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects insofar as this request seeks attorney-client, common interest privilege, trial preparation, or similar materials. Plaintiff objects as this request is premature and the Plaintiff has not yet received all responsive subpoena responses, nor has the Plaintiff issued all the subpoenas he intends to issue. Notwithstanding the foregoing, the Plaintiff has already provided a copy of all subpoenas issued by the Plaintiff in this case, in compliance with Rule 45(a)(4). The Plaintiff has already produced copies of each subpoena response and all documents and correspondence received in response to the same. Notwithstanding the foregoing, the Plaintiff will produce a copy of any non-produced subpoena documents and communications, within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B). Plaintiff further reserves the right to supplement as he comes into possession of more responsive documents.

Request for Production No. 11: Produce all documents and communications which support any of Your claims, assertions, or allegations.

RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents and communications" that in any way "support" any of his "claims, assertions, or allegations." As such, the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. These words render this definition unascertainable. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking, including insofar as it seeks information related to the exceedingly overbroad, confusing, and vague "support any of Your claims," which broadens the scope of the request without a limiting or guiding principle for Plaintiff to follow. It is also not clear what Defendant considers the "claims, assertions, or allegations" For example, the Plaintiff has alleged that he is a natural person, so that would essentially require the Plaintiff to produce his birth certificate to establish his personhood. That definition is so expansive that it is not clear to what documents this demand refers to. Furthermore, this request is also overly broad because it seeks "all documents," instead of a specific and reasonably particularized category of documents as the rules require. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents or unspecified "documents" in any way even tangentially related to the claims asserted in this case or statements made therein, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. The Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter, as it is not sufficiently specific to place the Plaintiff on notice of exactly what documents Defendant is seeking, and substantially invades his privacy interests. Indeed, as such, this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form.

Request for Production No. 12: Produce all exhibits which You intend to use at trial.

RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects in that this request makes no attempt to

tailor itself or limit itself in any way, and encompasses potentially thousands of pages of documents protected by various privileges, including the attorney-client, attorney work product, expert, and trial preparation privileges. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff objects to this request as premature, as discovery is still in its early stages and Plaintiff is not yet in possession of all exhibits Plaintiff intends to use at trial, particularly as this case is nowhere near trial. Plaintiff reserves the right to supplement his responses and objections as he comes into possession of more responsive documents.

Request for Production No. 13: Produce all documents and communications referring or relating to Joseph Arnold.

RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents and communications" in any way "referring or relating" to Joseph Arnold. This demand does not set forth a reasonably particularized category of documents to be produced, in addition to being vague and ambiguous. It is further broadened and rendered all the more vague in that it requires production of all communications so much as "referring to" Joseph Arnold. That definition is so expensive to render it practically unascertainable. As the Plaintiff has explained, the Plaintiff believes that Joseph Arnold was the former subscriber of the Plaintiff's phone number. This request is overly broad in that it seeks all documents related to Joseph Arnold, including, but not limited to, all documents that so much refer to him, which could be on the order of hundreds of unwanted, unsolicited phone calls placed to the Plaintiff looking for Joseph Arnold, not just those at issue in the case. This demand is also unduly burdensome because it seeks all documents and communications so much as referencing Joesph Arnold. Indeed, the burden placed upon Plaintiff to produce all such documents relating to Joseph Arnold, other than those related to this case, is overwhelming and beyond the scope of Rule 26. To fashion a response to this demand would require Plaintiff to search every single document, call recording, note, and scrap of paper in his possession and then filter those results to those that relate to Joseph Arnold. In fact, this demand is so burdensome that Plaintiff would need to listen to many hours of call recordings of illegal calls alone to determine which, if any, "relate to" or "refer to" Joseph Arnold. This process alone will take hundreds of hours, but Plaintiff has no way of knowing how many persons need to be consulted nor the amount of time, money and resources necessary to conduct a wholly irrelevant and unnecessary search. This demand is objectionable as it may be read to include a demand for privileged records, such as counsel for Plaintiff's entire litigation file for this case, the records of communication between Plaintiff and counsel. Then, the Plaintiff would then need to cross-reference those records of calls in which Joseph Arnold is not mentioned with other documents, including privileged litigation documents, where the Defendant nevertheless erroneously claims that they were calling for Joesph Arnold. Even focusing on non-privileged records, however, the burden attendant of the search Defendant demands is excessive given the limited needs of this case. This request is unlimited in scope in that it includes everything remotely related to Joseph Arnold. The demand imposes an extreme burden to the extent it purports to require Defendant to search each and every scrap of paper or

electronic record that might make mention of Joseph Arnold. Such a search might take hundreds of hours, yet only those records that deal with references to Joseph Arnold in the records related to the instant subject calls are conceivably relevant to the case. Indeed, as such, this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. So, the proportionality requirements of Rule 26 are exceeded. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents or unspecified "documents" in any way even tangentially related to Joseph Arnold. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form.

Request for Production No. 14: Produce all documents and communications referring or relating to Jill Herrala.

RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents and communications" in any way "referring or relating" to Jill Herrala. This demand does not set forth a reasonably particularized category of documents to be produced, in addition to being vague and ambiguous. It is further broadened and rendered all the more vague in that it requires production of all communications so much as "referring . . . to" Jill Herrala. That definition is so expensive to render it practically unascertainable. Plaintiff has a special relationship with Jill Herrala. This request is overly broad in that it seeks all documents related to Jill Herrala, including, but not limited to, all documents that so much refer to her, which plainly will include many documents of a highly-sensitive and personal nature completely unrelated to the communications at issue in this case. This demand is also unduly burdensome because it seeks all documents and communications so much as referencing Jill Herrala. Indeed, the burden placed upon Plaintiff to produce all such documents relating to Jill Herrala, an individual with whom he has a special relationship, other than those related to this case, is overwhelming and beyond the scope of Rule 26. To fashion a response to this demand would require Plaintiff to search every single document, call recording, text message thread, email thread, note, and scrap of paper in his possession and then filter those results to those that relate to Jill Herrala. In fact, this demand is so burdensome that Plaintiff would need to read through potentially thousands of pages of documents to determine which, if any, "relate to" or "refer to" Jill Herrala. This process alone will take hundreds of hours, but Plaintiff has no way of knowing how many persons need to be consulted nor the amount of time, money and resources necessary to conduct a wholly irrelevant and unnecessary search. This demand is objectionable as it may be read to include a demand for privileged records, such as counsel for Plaintiff's entire litigation file for this case, the records of communication between Plaintiff and counsel. Then, the Plaintiff would then need to cross-reference those documents in which Jill Herrala is not mentioned but which nevertheless relate to her. Even focusing on non-privileged records, however, the burden attendant of the search Defendant demands is excessive given the limited needs of this case. This request is unlimited in scope in that it includes everything remotely related to Jill Herrala. The demand imposes an extreme burden to the extent it purports to require Defendant to search each and

every scrap of paper or electronic record that might make mention of Jill Herrala. Such a search
might take hundreds of hours, yet only those records that deal with references to Jill Herrala in
the records related to the instant subject calls are conceivably relevant to the case. So, the
proportionality requirements of Rule 26 are exceeded. The Plaintiff further objects in that the
request can be read in such a way that it makes no attempt to tailor itself to specific discoverable
information but is rather a fishing expedition for documents or unspecified "documents" in any
way even tangentially related to Jill Herrala. Moreover, given the nature of the relationship, that
search will unquestionably implicate significant personal privacy and confidentiality concerns,
which includes irrelevant, disproportional information of a highly sensitive and personal nature,
including, but not limited to, communications protected by various privileges, including
attorney-client privilege and personal communications of no relevance to this case. Moreover, as
this is an action alleging violation of consumer privacy statutes, this discovery is
disproportionate and substantially impacts Plaintiff's privacy rights, as well as those of Jill
Herrala. It is also harassing on the same basis. The Plaintiff objects as production or
identification of any of these materials is overly broad and constitutes an undue burden when
compared to any relevance they have on this matter, as it is not sufficiently specific to place the
Plaintiff on notice of exactly what documents Defendant is seeking, and substantially invades his
privacy interests. The Plaintiff objects to this request insofar as it purports to assert that the
Plaintiff has such documents in his possession, care, custody, or control, and insofar as this
request seeks information which never existed, or which were never stored in any medium from
which data may be retrieved, accessed, read, or examined, or fixed in any tangible form.

Request for Production No. 15: Produce all documents and communications referring or relating
to the TCPA.

        RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the
telephone number or calls at issue in this case and includes information not relevant to any
party's claim or defense, do not relate in any manner to Defendant, and as a result are not
proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all
documents and communications" so much as "referring or relating to the TCPA." As such, the
request is overly broad and disproportional to the needs of the case, including by rendering it
impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being
sought. The phrase "relating to the TCPA" render this definition unascertainable. Moreover, this
request plainly and impermissibly seeks trial preparation and other materials before they are
used, including attorney work-product and expert correspondences mentioning the very statute at
issue here, as well as implicating each and every document in the Plaintiff's other TCPA
litigation. Plaintiff objects that this demand does not set forth a reasonably particularized
category of documents to be produced. This is also insufficiently specific to place the Plaintiff on
notice as to what documents exactly the Defendant is seeking, including insofar as it seeks
information related to the exceedingly overbroad, confusing, and vague "TCPA," which
broadens the scope of the request without a limiting or guiding principle for Plaintiff to follow.
That definition is so expansive that it is not clear to what documents this demand refers to.
Furthermore, this request is also overly broad because it seeks "all documents," instead of a
specific and reasonably particularized category of documents as the rules require. To fashion a
response to this demand would require Plaintiff to search every single document, call recording,
text message thread, email thread, note, and scrap of paper in his possession and then filter those
results to those that relate to the TCPA. In fact, this demand is so burdensome that Plaintiff

would need to read through potentially thousands of pages of documents to determine which, if any, "relate to" or "refer to" the TCPA. This process alone will take hundreds of hours, but Plaintiff has no way of knowing how many persons need to be consulted nor the amount of time, money and resources necessary to conduct a wholly irrelevant and unnecessary search. This demand is objectionable as it may be read to include a demand for privileged records, such as counsel for Plaintiff's entire litigation file for this case, the records of communication between Plaintiff and counsel. Even focusing on non-privileged records, however, the burden attendant of the search Defendant demands is excessive given the limited needs of this case. This request is unlimited in scope in that it includes everything remotely related to the TCPA. Such a search might take hundreds of hours, yet only those records that deal with the instant subject calls and litigation are conceivably relevant to the case. So, the proportionality requirements of Rule 26 are exceeded. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents or unspecified "all documents" in any way even tangentially related to the Plaintiff's enforcement of a consumer privacy statute, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege and spousal communications privilege. Moreover, as this is an action alleging violation of consumer privacy statutes under the TCPA, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. The Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter, as it is not sufficiently specific to place the Plaintiff on notice of exactly what documents Defendant is seeking, and substantially invades his privacy interests. Indeed, as such, this request seeks information which is more available, or only so, to the Defendant, than the Plaintiff. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form.

Request for Production No. 16: Produce all documents or communications referring or relating to Exact Care.

      RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. The request is disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to any references to ExactCare, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege and spousal communications privilege. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. The

Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter, as it is not sufficiently specific to place the Plaintiff on notice of exactly what documents Defendant is seeking, and substantially invades his privacy interests. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, there are no additional responsive documents beyond those which the Plaintiff has already agreed to produce.

Request for Production No. 17: Produce all documents or communications referring or relating to all formal or informal complaints, letters, legal demands, and lawsuits that You have sent to or brought against any entity regarding alleged violations of the TCPA.

RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. The Plaintiff objects in that this request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought and without a limiting or guiding principle for Plaintiff to follow. This request is overly broad in that it seeks all documents related to all such legal documents involving the Plaintiff, without so much as a time limitation, instead of a specific and reasonably particularized category of documents as the rules require. Indeed, the burden placed upon Plaintiff to produce all such documents is overwhelming and beyond the scope of Rule 26 and plainly excessive given the limited needs of this case. Seeking "all documents or communications," without exception, in any manner so much as "referring or relating to" "all formal or informal complaints, letters, legal demands, and lawsuits that You have sent to or brought against any entity regarding alleged violations of the TCPA." encompasses potentially thousands of pages of records. The Plaintiff objects insofar as this request plainly seeks attorney-client communications, expert communications, and other forms of privileged communications, as well as communications protected by confidentiality agreements, protective orders, and other rules of the Federal Rules of Evidence, including as interpreted by the Eastern District of Pennsylvania and Third Circuit, as in *Spear v. Fenkell*, No. CIV.A. 13-02391, 2015 WL 3947559, at *1 (E.D. Pa. June 26, 2015). Indeed, multiple other Courts have similarly held that they are "not persuaded that financial information such as the specific amounts of Plaintiff's prior TCPA settlements or awards is relevant to [Defendant's] defenses." *Charvat v. Southard Corp.*, No. 2:18-CV-190, 2019 WL 13196991, at *3 (S.D. Ohio Feb. 13, 2019); *Quinn v. Branch Banking & Tr. Co.*, No. 5:19-CV-433-OC-30PRL, 2020 WL 264696, at *4 (M.D. Fla. Jan. 17, 2020) (holding that settlements "are not relevant to the claims or defenses in this action and proportional to the needs of the case, and will not be permitted."). Plaintiff further objects in that this request is unlimited in time and scope. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights, in addition to being harassing. As multiple courts have held, one's prior litigation history is irrelevant to the case at hand, and as such, is neither relevant nor proportional to the needs of the case. The Plaintiff objects insofar as this request is vague and confusing. Plaintiff objects to this request insofar as it purports to assert that Plaintiff

has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. The Plaintiff objects to this request in that it intimates that initiating litigation or conducting pre-litigation investigation for violations of the law is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Furthermore, any public records of lawsuits filed by the Plaintiff and public filings therein are publicly available, and equally available to the Defendant.

Request for Production No. 18: Produce all documents or communications referring or relating to any and all funds received as a result of and/or related to any and all formal or informal complaints, letters, legal demands, and lawsuits that You have sent to or brought against any entity regarding alleged violations of the TCPA.

      RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects in that this request is largely duplicative of Request for Production 17. The Plaintiff objects in that this request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought and without a limiting or guiding principle for Plaintiff to follow. This request is overly broad in that it seeks all financial documents relating to recovery of statutory damages under the TCPA involving the Plaintiff, without so much as a time limitation, instead of a specific and reasonably particularized category of documents as the rules require. Indeed, the burden placed upon Plaintiff to produce all such documents is overwhelming and beyond the scope of Rule 26 and plainly excessive given the limited needs of this case. Seeking "all documents or communications," without exception, in any manner so much as "referring or relating to" "any and all funds received" as a result of TCPA violations encompasses potentially hundreds of pages of records. The Plaintiff objects insofar as this request plainly seeks attorney-client communications, expert communications, and other forms of privileged communications, as well as communications protected by confidentiality agreements, protective orders, and various rules of the Federal Rules of Evidence, including as interpreted by the Eastern District of Pennsylvania and Third Circuit, as in *Spear v. Fenkell*, No. CIV.A. 13-02391, 2015 WL 3947559, at *1 (E.D. Pa. June 26, 2015). Indeed, multiple other Courts have similarly held that they are "not persuaded that financial information such as the specific amounts of Plaintiff's prior TCPA settlements or awards is relevant to [Defendant's] defenses." *Charvat v. Southard Corp.*, No. 2:18-CV-190, 2019 WL 13196991, at *3 (S.D. Ohio Feb. 13, 2019); *Quinn v. Branch Banking & Tr. Co.*, No. 5:19-CV-433-OC-30PRL, 2020 WL 264696, at *4 (M.D. Fla. Jan. 17, 2020) (holding that settlements "are not relevant to the claims or defenses in this action and proportional to the needs of the case, and will not be permitted."). Plaintiff further objects in that this request is unlimited in time and scope. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights, in addition to being harassing. As multiple courts have held, one's prior litigation history, or the amount of statutory damages they have recovered, is irrelevant to the case at hand, and as such, is neither relevant nor proportional to the needs of the case. The Plaintiff objects insofar as this request is vague and confusing. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request

seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. The Plaintiff objects to this request in that it intimates that initiating litigation or conducting pre-litigation investigation for violations of the law is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Furthermore, any public records of lawsuits filed by the Plaintiff and public filings therein are publicly available, and equally available to the Defendant.

**Request for Production No. 19:** Produce all documents or communications relating to Your involvement in providing Exact Care consent to call (503) ▮▮▮▮▮▮.
    RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. The Plaintiff objects to this request insofar as it seeks "all documents," not just those which are sufficient to demonstrate the contention herein, and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. The Plaintiff objects to this request as nonsensical, as it requests the Plaintiff to produce documents tending to show a negative, which is a logical and factual impossibility, as the plaintiff never opted-in or consented to receive calls from Exact Care, nor ever provided his consent. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form to either prove or disprove this statement. The Plaintiff objects insofar as this request plainly seeks attorney-client communications, expert communications, and other forms of privileged communications. The Plaintiff further objects insofar as any documents disproving this statement, i.e. that Plaintiff did consent, as would be sufficient for the Defendant to meet its own burden of proof as to this affirmative defense, are solely in the Defendant's possession, care, custody, and control. The Plaintiff further objects insofar as this request insinuates that the Plaintiff consented. Notwithstanding the foregoing, there are no responsive documents.

**Request for Production No. 20:** Produce all documents and communications referring or relating to the website www.unitedstatesinsurance.com.
    RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. The Plaintiff objects to this request insofar as it seeks "all documents," relating to a website which the Defendant alone has brought up in litigation and the Plaintiff only responded to, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. The Plaintiff objects to this request as nonsensical, as it requests the Plaintiff to produce documents tending to show a negative, which is a logical and factual impossibility, as the plaintiff never visited that website, and thus would have no documents "referring" or "relating to" it, other than those documents which the Defendant itself has produced in this litigation. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which

were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form to either prove or disprove this statement. The Plaintiff objects insofar as this request plainly seeks attorney-client communications, expert communications, and other forms of privileged communications. The Plaintiff further objects insofar as any documents and communications referencing this website have all been produced by the Defendant and the only references Plaintiff has to that website are his responses to the Defendant's contention in this litigation, including these responses themselves. Thus, producing these responses would simply result in the continuous production and endless loop of production of these responses, in much the same way as a "shotgun pleading." Plaintiff objects in that any such documents are solely in the Defendant's possession, care, custody, and control. The Plaintiff further objects insofar as this request insinuates that the Plaintiff consented. Notwithstanding the foregoing, there are no responsive documents, as noted, beyond those noting the Defendant's contentions and the Plaintiff's response.

Request for Production No. 21: Produce forensic images of all devices identified in Your response to Interrogatory No. 11.

      RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff reincorporates and realleges, as though fully set forth herein, his responses and objections to Interrogatory 11. Plaintiff objects in that he has objected to Interrogatory No. 11 and thus has not identified any devices responsive to that interrogatory on the basis of his objections. Plaintiff objects to this request as it is plainly overly broad and unduly burdensome in that it seeks forensic images of "all devices," which, among other things, he has ever so much as "used" in an almost two-year period. As such, production of forensic images of completely irrelevant information contained on those devices is unduly burdensome on Plaintiff. Moreover, the aforementioned forensic imaging will unquestionably implicate the privacy and confidentiality concerns of the Plaintiff and/or other third parties which are not at issue in this litigation, and which indeed are paramount, given that this litigation involves the allegation of violations of consumer protection statutes, particularly insofar as it seeks a forensic image of any device the Plaintiff has so much as used, or the content on any of the Plaintiff's devices referencing, relating to, or otherwise concerning third parties. Plaintiff further objects in that such image would also contain confidential, copyrighted, trade secret, and other highly-sensitive and personal information, including information which if viewed or released would constitute irreparable financial and other injury, including professional injury, on Plaintiff. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such devices in his possession, care, custody, or control, and insofar as this request seeks information and devices which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence, a concern that is all the more palpable because the Defendant has already submitted demonstrably forged recordings to the Court. Plaintiff objects insofar as this request seeks information and devices containing attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff further objects insofar as this request implicates the privacy and property interests of third parties and/or which also seeks information which is protected by law

from disclosure. Plaintiff further objects in that the request makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition that implicates significant personal privacy and confidentiality concerns in that it purports to want a complete copy of any electronic device the Plaintiff has so much as "used" in almost a two-year period. As such, production of the aforementioned devices is an extraordinary remedy and a "drastic" discovery measure because of its highly intrusive nature. *See, e.g., Stewart v. First Transit, Inc.*, No. CV 18-3768, 2019 WL 13027112, at *1 (E.D. Pa. Sept. 3, 2019). As such, Plaintiff further objects to this request as any information regarding the data sought is available through a less intrusive means of discovery, particularly as there has been no allegation rising to any level that the Plaintiff is withholding discoverable information. *See John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008). To the contrary, it has been demonstrated that the Defendant, not the Plaintiff, has submitted forged evidence to the court. As yet another court has observed, "A court considering whether to compel a forensic analysis of a party's electronic devices "must be mindful of the potential intrusiveness" and "weigh inherent privacy concerns against its utility." *United Artists Corp. v. United Artist Studios LLC*, No. 219CV00828MWFMAAX, 2019 WL 9049050, at *9 (C.D. Cal. Oct. 7, 2019) (citing *John B.*, *supra*). There is simply no utility and a high level of intrusiveness of asking for the production of a Plaintiff's electronic devices in a TCPA matter, particularly, as less intrusive but nevertheless probative methods of discovery exist, such as the subpoenas the Plaintiff has issued for the IP address in question to ascertain if that IP address was ever assigned to the Plaintiff. Indeed, in *Bratcher v. Navient Sols., Inc.*, 249 F. Supp. 3d 1283, 1285 (M.D. Fla. 2017), the court denied a motion to compel a *plaintiff's* cell phone in an attempt to find calling records, not even disputed consent records, as here. As such, any production sought, even if limited in scope, unlike here, is clearly not proportional to the needs of the case.

Request for Production No. 22: Produce all documents and communications regarding any tools or methods that You have used, if any, that would change or alter Your IP address for all devices listed in Your response to Interrogatory No. 11, including but not limited to any VPN, hotspot, or proxy servers that You have used.

RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff reincorporates and realleges, as though fully set forth herein, his responses and objections to Interrogatory 11. Plaintiff objects in that he has objected to Interrogatory No. 11 and thus has not identified any devices responsive to that interrogatory on the basis of his objections. Plaintiff objects to this request in that there has been no evidence that the Plaintiff used a VPN to change or alter his IP address, particularly insofar as the subscriber of the Amazon IP address at issue has not yet been identified, and moreover, that that IP address has not yet come back to a VPN, hotspot, or proxy service. Plaintiff objects insofar as this request insinuates that the use of such services is inappropriate, unlawful, untoward, nefarious, or otherwise improper. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence, a concern that is all the more palpable because the Defendant has already submitted demonstrably forged recordings to the Court. Moreover, a response to this request may implicate the privacy and confidentiality concerns of the Plaintiff and/or other third parties which are not at issue in

this litigation, and which indeed are paramount, given that this litigation involves the allegation of violations of consumer protection statutes. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such information in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff objects insofar as this request seeks information and devices containing attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff further objects insofar as this request implicates the privacy and property interests of third parties and/or which also seeks information which is protected by law from disclosure. Plaintiff further objects in that the request makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition that implicates significant personal privacy and confidentiality concerns. Indeed, it has been demonstrated that the Defendant, not the Plaintiff, has submitted forged evidence to the court. As such, any production sought, even if limited in scope, unlike here, is clearly not proportional to the needs of the case.

**Request for Production No. 23:** Produce all documents and communications referring or relating to the address ██████████████.

   RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. The request is disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. The Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter, and is not sufficiently specific to place the Plaintiff on notice of exactly what documents Defendant is seeking. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client and other privileged communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Plaintiff objects  Notwithstanding the foregoing, there are no responsive documents.

**Request for Production No. 24:** Produce all communications with anyone who currently resides at or has resided at ██████████████.

   RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. The request is disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. The Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter, and is not sufficiently specific to place the Plaintiff on notice of exactly what documents Defendant is seeking. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client and other privileged communications. The Plaintiff

objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Plaintiff objects  Notwithstanding the foregoing, there are no responsive documents.

Request for Production No. 25: Produce all documents and communications regarding consent to contact the phone number (503) ███████.

   RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. The Plaintiff objects to this request insofar as it seeks "all documents and communications," so much as "regarding" consent to contact the subject telephone number, not just consent regarding consent provided to Exact Care to contact the subject telephone number. Plaintiff objects to this request as duplicative of Request 19. As such, the information sought is not relevant and not proportional to the needs of the case. The Plaintiff objects to this request as nonsensical, as it requests the Plaintiff to produce documents tending to show a negative, which is a logical and factual impossibility, as the plaintiff never opted-in or consented to receive information from Exact Care. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form to either prove or disprove this statement. The Plaintiff further objects insofar as any documents disproving this statement, i.e. that Plaintiff did consent, as would be sufficient for the Defendant to meet its own burden of proof as to this affirmative defense, are solely in the Defendant's possession, care, custody, and control. The Plaintiff further objects insofar as this request insinuates that the Plaintiff consented. The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as all of the Plaintiff never consented. As such, the request is vague and confusing insofar as it seeks information regarding consent when it is the Plaintiff's assertion that he has never consented. Notwithstanding the foregoing, there are no responsive documents.

Request for Production No. 26: Produce all records of calls made to or from the phone number (503) ███████ from January 1, 2024 to the present.

   RESPONSE: The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Moreover, the Plaintiff objects to the wholesale production of the Plaintiff's telephone records for an almost two-year period as violative of the Plaintiff's substantial privacy interests in this lawsuit, which concerns breaches of consumer privacy statutes. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in her possession, care, custody, or control, and insofar as this request seeks information his never existed, or which was never stored in any medium from which data may be

retrieved, accessed, read, or examined, or fixed in any way in any tangible form.
Notwithstanding the foregoing, the Plaintiff will produce redacted copies of billing statements
reflecting the subject calls at issue, only, within a reasonable time not to exceed thirty days, as
contemplated by FED. R. CIV. P. 34(b)(2)(B).

Request for Production No. 27: Produce all documents and communications that support and/or
evidence the allegation in Paragraph 28 of the Complaint that "the Defendant appears to have
either spoofed or potentially spoofed" calls referenced in the Complaint.
    RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's
claim or defense or proportional to the needs of the case other than the telephone numbers or
contacts at issue in this case. Plaintiff objects to this request as largely duplicative of Request for
Production 7. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or
had such documents in his possession, care, custody, or control, and insofar as this request seeks
information which never existed, or which was never stored in any medium from which data may
be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff
objects to this request in that it seeks information more available, or only so, to the Defendant.
The Plaintiff objects insofar as this request seeks attorney-client communications, common
interest privilege, communications with experts, and/or trial preparation materials. Plaintiff
objects to this request as premature, as discovery is still in its early stages and he has not yet
received complete finalized traced subpoena responses for each of the numbers at issue. Plaintiff
reserves the right to supplement his responses and objections thereto as he comes into possession
of more responsive documents. Notwithstanding the foregoing, there are no non-privileged
responsive documents beyond those which the Plaintiff has already produced, which consists of
two subpoena responses thus far reflecting that at least two subject numbers were spoofed.

**Dated: July 21, 2025**

                                    */s/ Andrew Roman Perrong*
                                    Andrew Roman Perrong, Esq.
                                    *Perrong Law LLC*
                                    2657 Mount Carmel Avenue
                                    Glenside, Pennsylvania 19038
                                    Phone: 215-225-5529 (CALL-LAW)
                                    Facsimile: 888-329-0305
                                    a@perronglaw.com

                                    *Attorney for Plaintiff and the Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 21, 2025, a copy of the foregoing was served electronically on counsel for the Defendants via e-mail at   Gretchen Whaling <GWhaling@calfee.com>, Colleen ONeil <CONeil@calfee.com>, "Fahey, Sean P." <sean.fahey@troutman.com>, "Brolley, Christopher M." <christopher.brolley@troutman.com>.

<u>*/s/ Andrew Roman Perrong*</u>
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff*