# EXHIBIT 3



coneil@calfee.com
216.622.8530 **Direct**

Calfee, Halter & Griswold LLP
Attorneys at Law

The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
216.622.8200 **Phone**

August 7, 2025

**VIA EMAIL**
Andrew Perrong
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
a@perronglaw.com

Re:   <u>Weingrad v. Exact Care Pharmacy, LLC</u>, Case No. 2:25-cv-01843-MMB

Dear Mr. Perrong:

      We write regarding issues and deficiencies with Plaintiff Leon Weingrad's ("Plaintiff") responses to Defendant Exact Care Pharmacy's ("Defendant" or "Exact Care") First Set of Interrogatories, Requests for Admissions, and Requests for Production to Plaintiff (the "Requests"). This letter constitutes a good faith effort to confer to obtain the previously requested discovery without court action as required by Federal Rule of Civil Procedure 37, Local Rule 26.1(f), and Judge Baylson's Civil Pretrial and Trial Procedures.[1] Please let us know when you can meet and confer next week regarding the discovery issues and deficiencies outlined within this letter.

### Deficiencies in Plaintiff's Interrogatory Responses

**Failure to Respond to Interrogatory Nos. 2, 8, 9, 10, 11 & 12**

Plaintiff improperly refuses to answer Interrogatory Nos. 2, 8, 9, 10, 11 & 12. Plaintiff's objections to these Requests are not warranted and, therefore, Plaintiff is obligated to fully respond to each of these Requests.

**Interrogatory No. 2:** Plaintiff provides a host of boilerplate objections in response to this Request and says that he will only "identify the full telephone number at issue in this case." However, that does not fully respond to the Request. This Interrogatory asks about "***all*** of the telephone numbers that [Plaintiff has] possessed, controlled, or utilized from April 10, 2021 through the present."

---

[1] Discovery is ongoing and this letter does not identify all deficiencies in Plaintiff's discovery responses. Defendant reserves all rights to identify additional deficiencies and to seek appropriate relief.

Plaintiff's objection that Plaintiff's "telephone number . . . at issue in this case" is the only telephone number that is relevant lacks merit. A Plaintiff's use of multiple telephone numbers to bring Telephone Consumer Protection Act ("TCPA") cases against different entities in a short period of time can be indicative of potential misuse and abuse of the TCPA. Plaintiff appears to have more than one phone number that he uses when bringing these TCPA cases. *See Weingrad v. Quotewizard.com, LLC*, M.D. Pa. Case No. 1:25-cv-00002, Doc. 5-1 at p. 10 (stating "Regarding Plaintiff's nine Eastern District of Pennsylvania cases, Plaintiff alleges his residential phone number begins with (267). In Plaintiff's two other cases venued in the Middle District of Pennsylvania, Plaintiff claims his residential phone number begins with (503).)."). Plaintiff's use of multiple telephone numbers is also relevant to evaluating the Plaintiff's use and purpose of the telephone number at issue in this case. Therefore, a list of the Plaintiff's telephone numbers, the dates that Plaintiff possessed/used the telephone numbers, and a description of the use of the telephone numbers is directly relevant to the claims and defenses at issue in this case. Providing such a list is not burdensome and the timeframe for this request (four years before the filing of the Complaint to the present) is reasonable, particularly in light of the fact that Plaintiff used the same time frame for his affirmative discovery requests to Exact Care. Therefore, Plaintiff's objections to this Request lack merit. Please respond to this Request to avoid putting unnecessary discovery disputes before the Court.

**Interrogatory No. 8:** Plaintiff states that he will not answer this Interrogatory because it seeks information that is "not relevant." However, this Request seeks information that is relevant to understanding the threshold issue in this case—the consent. As you are aware, Exact Care received from its vendors evidence of express consent to contact the phone number at issue. The individual who completed the online form and provided express consent to contact the phone number at issue identified himself as Joseph Arnold and then Jill Herrala. Mr. Weingrad has brought TCPA claims against other companies in close proximity to this lawsuit where the same (or very similar) incorrect names were used to provide consent to be contacted at the phone number at issue. *See Weingrad v. Quotewizard.com, LLC*, M.D. Pa. Case No. 1:25-cv-00002, Doc. 5-2 ¶ 19. Therefore, any formal or informal complaints, letters, legal demands and lawsuits that Plaintiff has brought against any entity regarding alleged violations of the TCPA, especially those that have been brought under similar circumstances, is relevant to understanding the consent at issue in this case and any potential misuse or abuse of the TCPA.

Plaintiff's objection that this Request is somehow "overly broad" because it "involves an unlimited time frame, which also exceeds the TCPA's four year statute of limitations," is simply not true. Plaintiff's objection fails to recognize that Paragraph 9 of the Instructions to the Requests explicitly does limit the Request to "four years before the filing of the Complaint in this case and continuing through the present." *See* Requests, p. 7, Instruction ¶ 9. Plaintiff's further objection that this Request somehow "impacts Plaintiff's privacy rights" also lacks merit. Plaintiff's formal and informal complaints against third parties for alleged TCPA violations do not fall under any recognized right to privacy. Additionally, Plaintiff's objection that this Request "seeks information that is equally available to the Defendant as the Plaintiff" also fails. Exact Care has no way to know what informal TCPA claims Plaintiff has brought and, further, Plaintiff is in a much better position than Exact Care to know what formal complaints Plaintiff brought against third parties.

2

Exact Care is not obligated to undertake a proverbial fishing expedition to obtain information Plaintiff readily has. Therefore, Plaintiff's objections to this Request lack merit. Please respond to this Request to avoid putting unnecessary discovery disputes before the Court.

**Interrogatory Nos. 9 and 10:** Plaintiff refuses to provide any response to either of these Requests based on an objection that these Interrogatories are "not relevant to any party's claim or defense or proportional to the needs of the case." However, and aside from the fact that Plaintiff is not the arbiter of relevance here, each of these Requests are directly relevant to understanding a critical issue in this case—whether Plaintiff has misused or abused the TCPA. Plaintiff also vaguely asserts again that somehow these Interrogatories "impact[] Plaintiff's privacy rights." However, the gross amount of money Plaintiff received and the percentage of Plaintiff's income that is derived from publicly filed TCPA litigation does not fall under any recognized right to privacy. Moreover, these requests do not ask Plaintiff to provide any specific settlement amount for a particular case, but rather the gross amount of money derived from his TCPA litigation and the percentage of his total income that is derived from his TCPA litigation. Exact Care also denies that this Request is in any way intended to be "argumentative" or "harassing." Rather, Exact Care is just asking for facts related to the Plaintiff's use of the TCPA, which again, is directly relevant to understanding a critical issue in this case—whether Plaintiff has misused or abused the TCPA. Accordingly, Plaintiff's objections to these Requests also lack merit. Please respond to this Request to avoid putting unnecessary discovery disputes before the Court.

**Interrogatory Nos. 11 and 12:** Plaintiff again refuses to provide any response to these Requests claiming that these Requests are "overbroad" and "not relevant to any party's claim or defense or proportional to the needs of the case." Again, not true. The devices and IP addresses that the Plaintiff used at the time consent was provided to contact the phone number at issue here is necessary to investigate the consent at issue in this case and any potential misuse or abuse of the TCPA. Plaintiff's objection that this Request "violates the Plaintiff's privacy and data security interests" or that the Defendant may somehow use this information to "manufacture consent evidence" also lacks merit. Plaintiff cannot bring a lawsuit and then refuse to provide information in discovery that the Defendant needs to be able to investigate and defend Plaintiff's claims based on an alleged and unsupported "right to privacy" or baseless accusation that such responses might be used to somehow "manufacture consent evidence." Plaintiff's objections to these Requests lack merit. Please respond to this Request to avoid putting unnecessary discovery disputes before the Court.

## Deficiencies in Responses to Requests for Admission

**Failure to Respond to Request for Admission No. 15:** Plaintiff improperly fails to admit or deny this Request for Admission, stating that it is not relevant to any party's claim or defense. This objection lacks any merit. Whether Plaintiff visited this website, which discusses ways to "turn robocalls and texts into cash," is relevant to understanding a critical issue in this case -- whether Plaintiff has misused or abused the TCPA. Plaintiff also objects to this Request "in that it requires

3

the disclosure of attorney-client admissions, work-product admissions, and related admissions, such as trial preparation admissions." However, whether the Plaintiff visited a *public* website is not in any way protected by attorney-client privilege. Accordingly, please provide a response to this Request.

### Deficiencies in Responses to Requests for Production of Documents

**Refusal to Produce Any Documents Responsive to Request for Production Nos. 8, 9, 11, 13, 14, 15, 17, 18, 21, 22, 26**

Plaintiff improperly refuses to provide documents responsive to Requests for Production Nos. 8, 9, 11, 13, 14, 15, 17, 18, 21, 22, and 26. Plaintiff's objections to these requests are not warranted and, therefore, Plaintiff is obligated to produce documents in response to each of these Requests.

**Request for Production No. 8:** Plaintiff has no legitimate grounds to object to this Request. Plaintiff's Complaint alleges that he has been "harmed" by the telephone calls he allegedly received from or on behalf of Exact Care. This Request simply asks Plaintiff to produce documents and communications that support or evidence such alleged harm, which is a legitimate discovery Request given that Plaintiff puts this information at issue. One of Plaintiff's many baseless objections to this Request is that this "request seeks information which is more available, or only so, to the Defendant, than the Plaintiff." Exact Care does not see how documents and information regarding the *Plaintiff*'s alleged harm could somehow be "more available" or "only available" from the *Defendant*. As such, this objection along with the many other boilerplate objections, lack merit. Please supplement this response and produce any documents and communications responsive to this Request or confirm that Plaintiff does not possess any documents responsive to this Request.

**Request for Production No. 9:** Plaintiff again has no legitimate basis to object to this Request. This Request is a routine and reasonable request for the Plaintiff to produce documents that he has or will provide to any expert in this case. This is information that Exact Care is explicitly entitled to under Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. P. 26 (a)(2)(B) (requiring the disclosure of all "facts or data considered by" expert witnesses); *see also* Fed. R. Civ. P. 26 (b)(4)(C) (stating that communications that "identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed" are not protected). Therefore, please confirm that you will supplement this response accordingly.

**Request for Production No. 11:** Plaintiff's objections to this Request again are baseless. Plaintiff somehow argues that this Request seeks "information not relevant to any party's claim." Yet information relevant to Plaintiff's claim is exactly what this Request asks for. The Request specifically asks for any documents and communications that support Plaintiff's claims. A very reasonable and appropriate request. Please supplement and confirm that you will produce non-privileged documents and communications responsive to this Request.

4

**Request for Production Nos. 13 and 14:** The call recordings Plaintiff submitted with his Opposition to Exact Care's Motion to Bifurcate Discovery, which Plaintiff admits represent calls he engaged in, reveal that Plaintiff used the false names Joseph Arnold and Jill Herrala on calls that he alleges are at issue in this case. Therefore, any documents and communications that Plaintiff has related to these two names are directly relevant to the claims and defenses at issue in this case. Plaintiff's claim that producing such documents and communications is "overwhelming and beyond the scope of Rule 26" lacks any merit. Plaintiff cannot use fake names on calls that he uses to bring TCPA claims and then refuse to produce any documents or communications referring or relating to those very names in discovery. Please supplement and produce all non-privileged documents and communications that are responsive to these Requests.

**Request for Production No. 15:** Plaintiff also improperly refuses to produce any documents responsive to Request for Production No. 15. Plaintiff objects to this Request with a host of boilerplate objections and argues, among other things, that this Request is "not relevant to any party's claim or defense," "overly broad," and unduly burdensome. Yet, this Request simply asks for documents and communications referring or relating to the TCPA, which is the precise statute that Plaintiff's claims are based upon. Plaintiff's objection that this Request is "vague" without any explanation as to how this straightforward Request is anyway unclear also lacks merit. Therefore, Plaintiff must produce all non-privileged documents and communications that are responsive to this Request.

**Request for Production No. 17:** Plaintiff's objections and refusal to produce documents in response to this Request lack merit for the same reasons set forth above with respect to Plaintiff's refusal to respond to Interrogatory No. 8. For those reasons, please produce all non-privileged documents responsive to this Request.

**Request for Production No. 18:** Plaintiff's objections and refusal to produce documents in response to this Request lack merit for the same reasons set forth above with respect to Plaintiff's refusal to respond to Interrogatory Nos. 9 & 10. For those reasons, please produce all non-privileged documents responsive to this Request.

**Request for Production No. 21:** Plaintiff provides a variety of general objections to this Request including that it seeks information that is "irrelevant," "overbroad," and "unduly burdensome." However, forensic images of the devices that Plaintiff used at the time consent was provided to contact the phone number at issue is necessary and critical to be able to investigate the consent at issue in this case and any potential misuse or abuse of the TCPA. For example, without forensic images of the devices, we cannot evaluate Plaintiff's browser history and whether any information has been deleted from Plaintiff's browser history. Plaintiff's objection that this Request violates Plaintiff's right to privacy and violates the privacy rights of third parties also lacks merit. Plaintiff cannot bring a lawsuit and then refuse to provide information in discovery that the Defendant needs to be able to investigate and defend Plaintiff's claims based on an alleged and unsupported "right to privacy." Counsel for Defendant is willing to meet and confer with Plaintiff's counsel to discuss a mutually agreeable process and procedure for collecting forensic images of the devices Plaintiff used at the time consent was provided to contact the phone number at issue.

**Request for Production No. 22:** Plaintiff also improperly refuses to provide documents and communications responsive to this Request. In light of questions raised in this case, and other TCPA cases filed by the Plaintiff, related to the IP addresses related to consent to contact the phone number at issue, this Request asks for information directly relevant to Exact Care's investigation into the allegations in Plaintiff's complaint. Documents and communications regarding any tools or methods that Plaintiff has used, if any, that would change or alter his IP address for devices he used around the time consent was provided to contact the phone number at issue are directly relevant to and necessary to investigate the consent at issue in this case and any potential misuse or abuse of the TCPA. Please produce all non-privileged documents and communications responsive to this Request.

**Request for Production No. 26:** Plaintiff's response vaguely states that he will unilaterally determine "the subject calls at issue" and produce "redacted copies of billing statements reflecting" such calls. Such a response is insufficient. This Request simply asks Plaintiff to produce call records for the phone number at issue for the year the calls allegedly began through the present. Such a Request is directly relevant to the Plaintiff's use and purpose of the phone number at issue and allegations in Plaintiff's Complaint. Accordingly, please produce call records responsive to this Request.

Please supplement Plaintiff's discovery responses in accordance with this letter or let us know when you are available to meet and confer next week to discuss the above-listed deficiencies.

Sincerely,

/s/ *Colleen M. O'Neil*

Colleen M. O'Neil

cc: Anthony Paronich (anthony@paronichlaw.com)
    Sean Fahey (sean.fahey@troutman.com)
    Christopher Brolley (christopher.brolley@troutman.com)
    Gretchen Whaling (gwhaling@calfee.com)