

Andrew Perrong <a@perronglaw.com>

## Meet and Confer Notes - Weingrad v. Exact Care
2 messages

**Andrew Perrong** <a@perronglaw.com>  Fri, Aug 15, 2025 at 4:01 PM
To: Anthony Paronich <anthony@paronichlaw.com>, Gretchen Whaling <GWhaling@calfee.com>, Colleen ONeil <CONeil@calfee.com>, "Brolley, Christopher M." <christopher.brolley@troutman.com>, "Fahey, Sean P." <sean.fahey@troutman.com>

Ms. Whaling,

Thank you for having the meet and confer call with me and your associate today. As discussed, the case law we mentioned with respect to your request for the Plaintiff's calling records for the past two years is *Bratcher v. Navient Sols., Inc.*, where the Court refused to allow forensic inspection of the Plaintiff's phone to obtain calling records and further expressed skepticism as to whether call logs not relating to the calls at issue were discoverable. 249 F. Supp. 3d 1283, 1285 (M.D. Fla. 2017). Given that the TCPA is a remedial statute implicating significant personal privacy concerns, the Plaintiff's other call records are simply not relevant, and the information sought is clearly not proporal to the needs of the case. And in *Roth v. PTGMB LLC*, No. 1:20-CV-00231-SAB, 2020 WL 5820611, at *8 (E.D. Cal. Sept. 30, 2020), the Court refused to compel calling records from 2016 when the calls were made in 2019. Other courts have limited call records to some shorter period than the two years sought here, such as the day of the calls at issue. We would be willing to reevaluate a more narrow scope and produce such records upon entry of an appropriate protective order.

We will supplement to provide a listing of the Plaintiff's other litigation, documents related to the Plaintiff's injury and damages, and will reevaluate the production of trial expert documents once we have obtained the same. We will also produce documents (if any) responsive to RFP 22 subject to a protective order as well. I will also consult with my client regarding the request for admission.

I also would be remiss if I did not close by noting your unprofessionalism on the call, including calling other Eastern District Judges' electronic discovery protocols "just a bunch of B.S," calling me "full of B.S.," stating that you were "talking to a five year old," and calling me "Judge Perrong," in addition to several other *ad hominem* comments and extraneous sarcastic remarks directed toward myself and my client. Such conduct is unproductive and my hope is that moving forward we will be able to have a more constructive dialogue, including on our August 28 call, in which I plan to discuss any loose ends as to the ESI and discovery protocols as well as your own discovery deficiencies. I will get you our deficiency letter shortly.

--
Thank you kindly,
Andrew Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529 (CALL-LAW)

**Andrew Perrong** <a@perronglaw.com>  Fri, Aug 15, 2025 at 4:16 PM
To: Anthony Paronich <anthony@paronichlaw.com>, Gretchen Whaling <GWhaling@calfee.com>, Colleen ONeil <CONeil@calfee.com>, "Brolley, Christopher M." <christopher.brolley@troutman.com>, "Fahey, Sean P." <sean.fahey@troutman.com>

I apologize for mis-addressing this email. The email was intended to be addressed to Ms. O'Neil.

[Quoted te t hidden]