**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LEON WEINGRAD, | ) | CASE NO. 2:25-CV-1843-MMB |
| | ) | |
| Plaintiff, | ) | JUDGE MICHAEL M. BAYLSON |
| | ) | |
| v. | ) | |
| | ) | |
| EXACT CARE PHARMACY, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT EXACT CARE PHARMACY, LLC'S**
**REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY FROM**
**PLAINTIFF LEON WEINGRAD**

## I.    INTRODUCTION

Exact Care's Motion to Compel Discovery (the "Motion") simply seeks documents and information so that Exact Care can investigate Plaintiff's claims. Tellingly, Plaintiff refuses to provide this indisputably relevant information. Instead, Plaintiff's Opposition (the "Opposition") continues Plaintiff's trend of trying to obfuscate his meritless claims and positions in this case by asserting false statements and accusations.[1]

At several points in Plaintiff's Opposition, he misleadingly suggests that he produced documents in response to Exact Care's discovery requests.  Any such statement or suggestion is false—Plaintiff has not produced *a single* document in response to Exact Care's discovery requests.[2] In Plaintiff's Opposition, he also continues to assert unfounded allegations against Exact

---

[1] In what appears to be a repeat pattern in this case and in other cases, Plaintiff's Opposition to Exact Care's Motion, attempts to distract from Plaintiff and his counsel's own conduct and obligations by hurling a splattering of unfounded and unsupported accusations against others. *See e.g., Perrong v. DVD II Grp., LLC*, No. 23-361, 2023 U.S. Dist. LEXIS 76886, *5 (E.D. Pa. May 3, 2023) (Baylson, J.) (finding in another TCPA case that Plaintiff's counsel, Mr. Perrong, engaged in "gamesmanship of the lowest order.").

[2] To be clear, Plaintiff filed call recordings with his Opposition to Exact Care's Motion to Bifurcate Discovery and Plaintiff forwarded to Exact Care copies of subpoena responses. That is it. That is

Care of allegedly forged/altered call recordings. Yet he fails to mention that he bases these allegations on call recordings that Plaintiff submitted to the Court in which Plaintiff used fake names and provided inconsistent and false information throughout the call recordings.[3] *See* Doc. 31 at 3-9. Plaintiff also fails to mention that he based the purported forgery accusations on a highly questionable "forensic report" that Plaintiff also filed with this Court (Doc. 27-1), but he now backtracks and refuses to provide *any* discovery on that report or that purported expert (even the name of who authored the report) by now claiming that report was from a consulting expert who will not testify about it. *See* Exhibit 1.[4] Plaintiff's Opposition also mischaracterizes the meet and confer that took place between counsel. Such gamesmanship and attempts to distract from Plaintiff's discovery obligations are improper and should not be permitted.

Exact Care's Motion asks the Court to order Plaintiff to produce documents and information that Exact Care needs to investigate Plaintiff's claims and defend itself in this lawsuit. Despite Plaintiff's baseless accusations to the contrary, Exact Care seeks this information for that

---

the most that Plaintiff could be alluding to when he attempts to suggest he has produced documents in response to Exact Care's discovery requests.

[3] Exact Care's Reply in Support of its Motion to Bifurcate also details how the content of the call recordings that Plaintiff alleges are forged appear within the call recordings that Plaintiff himself filed with the Court. *See* Doc. 31, at p. 5-6.

[4] The discovery requests related to Plaintiff's purported "forensic report" were part of a second set of discovery requests that are separate from those discussed in the Motion to Compel and will be the subject of a forthcoming motion. Exact Care raises this here only to address the unfounded alteration accusations referenced in the Opposition. Plaintiff continues to assert these allegations in his Opposition even though his Amended Complaint alleges someone other than Exact Care "altered" recordings. Doc. 43 at ¶ 74, 75. Interestingly, during the parties' August 28, 2025 meet and confer, Plaintiff's counsel advised that such accusations were intended for Conversion Finder and indicated his belief that Exact Care did not engage in such conduct. However, Plaintiff's Opposition muddies his previous representations to Exact Care and, instead, maintains that Exact Care engaged in this alleged misconduct (which it did not). Given this waffling and to illustrate Plaintiff's pattern of improper gamesmanship in discovery and in this case, Exact Care notes that it is currently seeking additional discovery on Plaintiff's "forensic report."

purpose and that purpose only. Although Exact Care hoped it could obtain such information without involving the Court, it became clear that it would not be possible during the meet and confer with Plaintiff's counsel. Plaintiff continues to refuse to provide even such basic and fundamental information in this Telephone Consumer Protection Act ("TCPA") case as what the Plaintiff's telephone numbers are. Accordingly, Exact Care respectfully requests an Order from the Court compelling Plaintiff to comply with his discovery obligations.

## II.    ARGUMENT

### A.  Exact Care fulfilled its obligation to meet and confer prior to filing the Motion.

Exact Care tried to get Plaintiff to comply with his discovery obligations before involving the Court. After Exact Care received Plaintiff's 34-page, single-spaced written responses and objections (which are almost entirely objections) to Exact Care's First Set of Discovery Requests, Exact Care sent a discovery deficiency letter to Plaintiff outlining in detail the deficiencies in the responses. *See* Docs. 38-2 & 38-3. Exact Care's counsel also attempted to confer with Plaintiff's counsel face-to-face regarding these deficiencies on August 15, 2025 via Zoom (though Plaintiff's counsel refused to turn on his camera). When it became clear from the meet and confer that Plaintiff would not fulfill his discovery obligations, Exact Care was forced to file the Motion.

Plaintiff misrepresents the meet and confer to try and distract from his own conduct and discovery obligations.[5] For example, Plaintiff's Opposition says "[t]he Plaintiff has provided Exact Care with the evidence it needs during this first phase of discovery that Defendant Exact Care itself has sought." Doc. 41 at 3. That is false. Plaintiff has not produced *a single* document in response

---

[5] Plaintiff's Opposition glaringly omits any reference to Plaintiff's counsel's own behavior during the meet and confer, which included shouting and asserting false accusations. This is not the first time Plaintiff's counsel has acted in such a way and appears to be indicative of his behavior in at least one other case that has come before this Court. *See e.g., Perrong v. DVD II Grp., LLC*, No. 23-361, 2023 U.S. Dist. LEXIS 76886, *5 (E.D. Pa. May 3, 2023) (Baylson, J.) ("If any misconduct exists, it is Plaintiff's decision to act with petulance rather than professionalism. . . ").

to Plaintiff's discovery requests. Such false statements by the Plaintiff appear to be indicative of a broader pattern of improper gamesmanship in discovery and in this case in general, which is why Exact Care found it necessary to involve the Court. Contrary to the unsupported assertions in Plaintiff's Opposition, Exact Care seeks items responsive to its discovery requests not for any improper purpose but rather to investigate Plaintiff's claims and defend itself in this lawsuit.

**B. The Motion seeks to compel responses to requests that are directly relevant to Plaintiff's claims and necessary for Exact Care to be able to investigate and defend itself in this lawsuit.**

**i. It is reasonable for Exact Care to ask Plaintiff to disclose information regarding his telephone numbers, especially because Plaintiff has used multiple numbers to bring TCPA claims (Interrogatory 2).**

Interrogatory 2 is a straightforward request that asks Plaintiff to identify the phone numbers he possessed, including the dates he possessed them and a description of Plaintiff's use of the numbers. Doc. 38-2 at p. 2. This Request is narrowly tailored to a time frame of April 10, 2021 to the present (i.e. the duration of the TCPA statute of limitations period). *Id.*; *see also Hawk Valley, Inc. v. Taylor,* Civil Action No. 10-cv-00804, 2012 U.S. Dist. LEXIS 47024, *38 (E.D. Pa. Mar. 30, 2012). As set forth in the Motion, a party is permitted to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Here, Plaintiff's Complaint alleges that Exact Care violated the TCPA by making calls to Plaintiff's phone number without his consent. Basic information regarding what the Plaintiff's phone numbers are, when he possessed the numbers, and what his general purpose and use was for the numbers is directly relevant to Plaintiff's TCPA claims and Exact Care's defenses in this case. The Complaint vaguely alleges that Plaintiff's telephone number is "(503) XXX-XXXX," that it is a residential number, and that he uses it for personal, residential, and household reasons. Doc. 1 at ¶ 18-19. However, in several other TCPA cases Plaintiff brought against other companies,

4

Plaintiff alleges his residential phone number begins with (267), not (503). *See Weingrad v. Quotewizard.com, LLC*, M.D. Pa. Case No. 1:25-cv-00002, Doc. 5-1 at p. 10 (stating "Regarding Plaintiff's nine Eastern District of Pennsylvania cases, Plaintiff alleges his residential phone number begins with (267)."). Therefore, it is unclear what Plaintiff's phone numbers are and what he uses them for. Because Plaintiff uses multiple phone numbers to bring TCPA cases, and a majority appear to be cases in which he alleges his residential phone number starts with (267), not the alleged (503) number in this case, Exact Care is entitled to obtain discovery to get to the bottom of what Plaintiff's phone numbers are, which number is actually his residential/personal number, why Plaintiff uses multiple different numbers to bring TCPA claims, and whether any of the numbers are used for the improper purpose of manufacturing TCPA claims.

Plaintiff attempts to prevent Exact Care from uncovering such information by claiming it is irrelevant to Plaintiff's claims in this case. However, such information is directly relevant to whether he can establish a TCPA claim. For example, in *Stoops v. Wellls Fargo Bank, N.A.*, the Western District of Pennsylvania dismissed a TCPA case for lack of standing where the Plaintiff used different phone numbers to bring TCPA claims, acquired phone numbers to bring TCPA claims, and filed "TCPA actions as a business." 197 F. Supp. 3d 782, 798-803 (W.D. Pa. 2016). Similarly, here, Plaintiff has brought more than 25 TCPA cases, including 10 in this District, and has used multiple phone numbers to bring TCPA claims. *See* Doc. 19-1 at p. 2, n.1. Therefore, this Request is directly relevant to whether Plaintiff has standing to assert a TCPA claim in this case.

Plaintiff's Opposition also seeks to prevent Exact Care from obtaining this information by suggesting that this request is not appropriate because Plaintiff contends that he received calls from Exact Care or Conversion Finder only at the phone number "disclosed in the Complaint." However, no phone number is actually disclosed in the Complaint. The Compliant just says that

the Plaintiff's telephone number is "(503)" and then seven Xs. *See* Doc. 1, at ¶ 18. Moreover, Plaintiff's response to this interrogatory also does not even provide the full phone number that he claims is at issue in this case.[6] *See* Doc. 38-2 at p. 2-3.

Plaintiff relies on *Moser v. Health Insurance Innovations, Inc.* to try and argue that information regarding his phone numbers, other than the one that was allegedly called in this case, are not discoverable. However, Plaintiff misrepresents the holding in that case. In that case the Plaintiff had already testified "at great length" during his deposition regarding his multiple phone numbers and his purpose and use of them, so the Court denied a motion to compel interrogatory responses on the same topic because those questions had already been asked and answered. *See Moser*, Case No. 17cv1127-WQH(KSC), 2019 U.S. Dist. LEXIS 89216, *29-30 (S.D. Cal. May 28, 2019). Here, unlike in *Moser*, these questions have been asked but *not* answered. Plaintiff has not provided *any* discovery regarding his multiple phone numbers or his purpose or use thereof. The disclosure of such basic information is necessary for Exact Care to investigate Plaintiff's claims and defend itself in this lawsuit. Moreover, this request should be easy for Plaintiff to respond to and does not impose any burden or harm on Plaintiff.[7] Therefore, Exact Care respectfully asks the Court to require Plaintiff to respond to this simple, straightforward request.

### ii. Exact Care's request for production of call records is a proportional and proper request (Request for Production 26).

---

[6] Plaintiff's response says that "the Plaintiff will identify the full telephone number at issue in this case with a confidentiality designation upon appropriate entry of a protective order." *See* Doc. 38-2 at p. 2-3. Yet it has been a month since the Court entered a Stipulated Protective Order in this case and he still has not supplemented his response to this interrogatory to include even the phone number that Plaintiff claims is at issue in this case. *See* Doc. 36.

[7] Any argument by Plaintiff as to confidentiality concerns with regard to providing his phone numbers is undermined by the entry of the Stipulated Protective Order.

Request for Production 26 asks Plaintiff to produce call records for the phone number that Plaintiff alleges Exact Care called in this case. *See* Doc. 38-2 at p. 33-34. The time frame for the records requested is narrowly tailored to the year the calls at issue allegedly began (2024) to the present. *Id.* Additionally, this Request would actually require Plaintiff to provide only his call records for the phone number from July 2024 to present because Plaintiff claims he has only had this number "since approximately July of 2024 to present." *Id.* at p. 2.

This is a routine discovery request in TCPA cases and, contrary to Plaintiff's assertions, such a timeframe is not overbroad. Indeed, one of the cases Plaintiff cites in his Opposition granted a motion to compel in a TCPA case with respect to a much broader request for the Plaintiff's call records. *See Moser*, 2019 U.S. Dist. LEXIS 89216, at *35-36 (granting motion to compel "to the extent the[] requests seek production of telephone bills and call detail reports for each telephone number owned by or assigned to plaintiff from 2013 to 2018"). Here, Exact Care requests the call records for the phone number that Plaintiff alleges was called and for the years the calls allegedly occurred (i.e. 2024 and 2025). Such records are necessary for Exact Care to investigate the calls alleged in the Complaint as well as Plaintiff's purpose for the phone number (e.g., whether it is used solely for the purpose of bringing TCPA claims). Plaintiff's Opposition seems to suggest that he would be willing to produce call records for the days that he self-selects are at issue, but such a response would be insufficient and would not provide a full picture of the purpose behind Plaintiff's acquisition and use of the phone number.

The cases Plaintiff's Opposition cites to try and limit the call records to the days that he unilaterally decides do not support such an argument. All but one of those cases are not TCPA cases, and the one case that Plaintiff cites that is a TCPA case granted a motion to compel unredacted call records and just denied the motion with respect to records related to a call that was

made to the Plaintiff's number three years before the calls at issue in that case. *See* Doc. 41 at 20-
21 (citing three non-TCPA cases); *see also id.* at 20 (citing *Roth v. PTGMB LLC*, No. 1:20-cv-
00231-SAB, 2020 U.S. Dist. LEXIS 182358, *6-12, *19-22 (E.D. Cal. Sept. 30, 2020)). In
contrast, here Exact Care asks Plaintiff to produce call records for the years of the calls at issue in
this case (2024, 2025), which Exact Care needs to investigate Plaintiff's claims. Plaintiff has failed
to demonstrate that this routine request is improper or how this narrowly tailored request could fall
outside the broad scope of discovery. Exact Care's Motion should be granted.

### iii.    Plaintiff cannot use false names on calls that are the basis of his claims in this case and then refuse to provide any discovery regarding those aliases (Requests for Production 13 & 14).

Requests for Production 13 and 14 ask Plaintiff to produce documents and communications
referring or relating to Joseph Arnold and Jill Herrala, which are the two false names Plaintiff used
during the calls he claims are at issue in this case. *See* Doc. 38-2 at p. 23-25. In call recordings that
Plaintiff submitted to this Court, which he admits represent calls he engaged in, Plaintiff used three
different names.  *See* Doc. 31 at p. 1-8. In the first recording, Plaintiff told the caller his name is
Joseph Arnold—the very name provided with the consent to be contacted at the phone number at
issue via the online consent form and the very name that Plaintiff previously attested in a
declaration to this Court that he does not know. *Id.* at p. 1 (citing Doc. 27-2; Doc. 19-3 at ¶ 6; Doc.
27-11 at ¶¶ 8-9. This raises several questions, especially given that the caller did not say she was
calling for Joseph Arnold before Plaintiff voluntarily identified himself as such. *See* Doc. 27-2. In
other recordings, Plaintiff identified himself as Jill Herrala and in one he used his real name, Leon
Weingrad. *See* Doc. 31 at p. 1-8. Exact Care and its vendors are not the only entities that Mr.
Weingrad has used these same false names to illegitimately manufacture TCPA claims. *See*
*Weingrad v. Quotewizard.com, LLC,* M.D. Pa. Case No. 1:25-cv-00002, Doc. 5-2 ¶ 19 ("During a
recorded call QuoteWizard had with Plaintiff, Plaintiff initially identified himself as Joseph

Arnold, then revealed that he was Leon Weingrad, and then when the QuoteWizard representative asked again . . . Plaintiff responded stating that his true name was Joseph Arnold"). Plaintiff cannot use these false names to bring this case (and other TCPA cases) and then refuse to provide any discovery regarding these names.

Plaintiff misleadingly states in his Opposition that "[t]he Plaintiff has already produced those documents which pertain to this case, which consist of all recordings[.]," Doc. 41 at 13. Plaintiff filed the call recordings referenced above with this Court, he did not produce them in response to discovery requests and he did not produce *any other* documents or communications regarding these names or the Plaintiff's use thereof. Exact Care is entitled to investigate Plaintiff's use of these aliases. Plaintiff attempts to dodge producing such information by claiming documents and communications he possess related to these names have "nothing to do with the TCPA or the claims or defenses at issue." Yet, Plaintiff used these names in the calls that he alleges are the basis of his claims in this case. Thus, the Plaintiff's use of these names is not only relevant to his claims, it is at the very heart of it. The Opposition's suggestion that these requests are disproportionate to the needs of the case is also unavailing, particularly given that Plaintiff is trying to use his claims to bring a class action of not just one but four overly broad classes. Plaintiff chose to bring this lawsuit and chose to use aliases in the calls he asserts are the basis for this lawsuit. Plaintiff put those names at issue in this lawsuit and Exact Care is entitled to discovery regarding documents and communications Plaintiff has regarding those names so that Exact Care can investigate Plaintiff's claims. Accordingly, Exact Care's Motion should be granted.

### iv. It is a basic and fundamental request for Plaintiff to produce documents that support his claims (Request for Production 11).

Request for Production 11 asks Plaintiff to produce the documents and communications that support his claims, assertions or allegations in this lawsuit. Doc 38-2 at p. 22. Plaintiff

responded to this basic request by providing a full page of objections (single-spaced). *Id.* Plaintiff's Opposition now seems to suggest he is not refusing to produce documents that support his claims but that he somehow cannot produce documents responsive to this request because it is "insufficiently specific as to what exactly Exact Care is seeking to compel." This request seeks the most basic and fundamental information that a party can seek. Indeed, Rule 26 explicitly requires a Plaintiff to produce this information. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii) ("a party must, without awaiting a discovery request, provide to the other parties: . . . all documents . . .  in its possession, custody, or control" that may be "use[d] to support its claims or defenses."). Therefore, it is unclear why Plaintiff continues to argue that this request is somehow improper when it is discovery that a Plaintiff is required to produce in every case. Accordingly, the Court should grant the Motion.

> **v. Plaintiff's non-privileged documents and communications regarding the TCPA, the very statute he uses to bring the claims in this case, are relevant and discoverable (RFP 15).**

Request for Production 15 asks Plaintiff to produce documents and communications referring or relating to the TCPA, the statute that Plaintiff uses to bring this case. *See* Doc 38-2 at p. 25. Plaintiff attempts to avoid producing documents responsive to this Request by arguing that this request is overly broad and that such documents are somehow irrelevant to Plaintiff's individual TCPA claims. However, these documents and communications are directly relevant to Plaintiff's potential misuse and abuse of this statute. As discussed above, this Plaintiff has brought more than 25 TCPA lawsuits, used multiple phone numbers to bring TCPA lawsuits, and used multiple names on calls he claims are the basis of his TCPA lawsuits. Therefore, documents and communications that Plaintiff has regarding the TCPA are directly relevant to the claims at issue in this case and are central to Exact Care's defense, specifically whether the Plaintiff has misused

or abused the TCPA in this case. None of the cases that Plaintiff cites in his Opposition support a finding otherwise.[8] Accordingly, Exact Care respectfully requests that the Court grant its Motion.

   **vi. Discovery regarding Plaintiff's historical use (or misuse) of the TCPA is relevant and appropriate (Interrogatories 9, 10; Request for Production 18).**

   Interrogatories 9 & 10 and Request for Production 18 ask for information related to Plaintiff's historical use (or misuse) of the TCPA. Specifically, Interrogatories 9 and 10 ask Plaintiff to state the gross amount of money/income he received in the last 5 years from alleging TCPA violations. Doc. 38-2 at p. 6-7. Similarly, Request for Production 18 asks Plaintiff to produce documents relating or referring to the funds received as a result of Plaintiff's TCPA complaints. *Id.* at p. 28. Despite Plaintiff's unsupported arguments to the contrary, Exact Care seeks this information not for any improper purpose, but rather because it is relevant to Exact Care's defense that this Plaintiff abuses and misuses the TCPA and did so in this case.

   As set forth in Exact Care's Motion courts have granted similar requests in TCPA cases. *See Moser v. Health Ins. Innovations, Inc.*, Case No. 17cv1127-WQH(KSC), 2018 U.S. Dist. LEXIS 215901, *49-54 (S.D. Cal. Dec. 21, 2018) (granting motion to compel response to interrogatory that requested "identification of TCPA lawsuits or claims plaintiff has settled or resolved in his favor, along with the amounts of any monetary settlements received and the identities of any parties who paid any settlement amounts" because it is permissible to seek such information "in an attempt to uncover evidence on matters of credibility"); *Rowan v. Pierce*, Case No. 20-1648 (RAM), 2022 U.S. Dist. LEXIS 197075, *4-6 (D.P.R. Oct. 26, 2022) (granting motion to compel interrogatory that sought the "amount of income/money" Plaintiff has "made

---

[8] None of the cases that Plaintiff cites to try and get out of responding to this request are TCPA cases and none consider this Request. *See* cases cited in Doc. 41 at p. 13-14. In other words, they are wholly inapplicable to the issue.

from lodging TCPA Claims in the past 5 years" and a Request for Production that sought "[d]ocuments and [c]ommunications sufficient to show Plaintiff's income from any TCPA Claims in the last 5 years" because "Plaintiff's previous TCPA claims and any related settlement amounts received are relevant to establish motive, state of mind, and credibility"). Tellingly, Plaintiff's Opposition does not attempt to address either of these cases and each of these cases reject the arguments Plaintiff makes in his Opposition. *See e.g., Rowan*, 2022 U.S. Dist. LEXIS 197075, at *4-6 (rejecting Plaintiff's argument that these requests are "overbroad, purely for purposes of harassment, . . . [and] immaterial" and finding that Plaintiff's assertion that he has never received "more than his statutory damages on a per TCPA violation basis" does not negate the need to respond to these requests); *Moser*, 2018 U.S. Dist. LEXIS 215901, at *50-54 (rejecting Plaintiff's argument that these requests seek irrelevant information). To the extent, Plaintiff has any concerns regarding confidentiality, Plaintiff can designate such information Confidential under the Stipulated Protective Order in place in this case. *See Jackson v. Clear Link Ins. Agency, LLC*, No. 4:22-CV-01466, 2023 U.S. Dist. LEXIS 177662, *6 (M.D. Pa. Sept. 29, 2023) ("[T]o the extent that discovery of the settlement agreements implicates the confidentiality rights of third parties, those concerns could be addressed by other means, such as a protective order."). Therefore, Exact Care respectfully asks the Court to compel Plaintiff to respond to these requests.

> **vii.    Forensic images of the electronic devices and disclosure of the IP addresses that Plaintiff used at the time of the allegations in the Complaint are relevant and necessary for Exact Care to investigate Plaintiff's claims (Interrogatories 11, 12; Request for Production 21).**

Interrogatory 11 asks Plaintiff to identify all telephones, laptops, iPads, tablets, or computers that he possesses or controls from January 1, 2024 to the present. Doc. 38-2 at p. 7. Interrogatory 12 asks Plaintiff to identify the IP addresses associated with these devices and Request for Production 21 requests forensic images of the devices. *Id.* at p. 8, 30. These requests

seek information relevant and necessary for Exact Care to investigate whether the Plaintiff was involved with the consent to contact the phone number at issue that was provided via an online interest form. Exact Care's vendor provided Exact Care with evidence that consent to contact the phone number at issue was expressly provided and confirmed multiple times, first through an online interest form and then again verbally on a call with the Plaintiff before Exact Care's vendor transferred the call to Exact Care. *See* Doc. 19-3 at ¶ 6-10, 19-4. In order to evaluate Plaintiff's potential involvement in providing consent via the online interest form, Exact Care requests information regarding the electronic devices and IP addresses the Plaintiff used starting with the year the calls at issue in this case allegedly began (2024) to the present.

Plaintiff's attempt to avoid producing information regarding his electronic devices and IP addresses should be rejected. Plaintiff claims that Exact Care should not be able to obtain any discovery regarding his electronic devices and IP addresses because he claims the IP address ending in 3.160 (which Exact Care's vendor indicated was the IP address from which an individual provided consent to contact the phone number at issue) was not his IP address. *Id.* However, this does not moot or negate the need to obtain discovery regarding Plaintiff's electronic devices and IP addresses. IP addresses can be spoofed and this Plaintiff has been accused of spoofing his IP address in other TCPA cases. *See Weingrad v. Quotewizard.com, LLC*, M.D. Pa. Case No. 1:25-cv-00002, Doc. 5-1 at 19 (stating "The facts are clear – Leon Weingrad (or Gary, or Joseph, or another false name) knowingly induced QuoteWizard into calling him by spoofing his IP Address to obscure his real location, submitting a fake name to the Website, and immediately brought suit against QuoteWizard in an attempt to receive compensation under the TCPA.") & Doc. 5-2 at ¶ 17 (discussing how a user submitted the same phone number at issue in this case on a website and "upon information and belief, the user spoofed his IP address to obscure his real location" in that

case). Therefore, Exact Care simply seeks this discovery regarding the Plaintiff's electronic devices and IP addresses to investigate the Plaintiff's involvement in the consent that was provided via the online webform and whether IP addresses were spoofed in this case.

Exact Care informed Plaintiff it is willing to negotiate a "a mutually agreeable process and procedure for collecting forensic images of the devices Plaintiff used at the time consent was provided to contact the phone number at issue." *See* Doc. 38-3 at 6. However, Plaintiff's proposal to limit the scope of the forensic image to just a single day of data is insufficient and would not provide the full scope of information needed to evaluate whether Plaintiff was involved with the consent to contact the phone number at issue provided via the online interest form (e.g., whether he submitted the consent and info on the online form from one of his devices, someone else's device, asked someone else to do it, or had knowledge that someone else did it).

Exact Care recognizes that the collection of forensic images of a party's devices is not an ordinary request, but this is not an ordinary case. As set forth above, there is a plethora of evidence that indicates this Plaintiff may have misused and abused the TCPA and forensic images of his devices are necessary to get to the bottom of it. Courts have compelled the production of forensic images of a Plaintiff's device in similar TCPA cases. For example, in *Sherman v. Yahoo! Inc.*, the Court ordered the Plaintiff to "submit her phone for forensic imaging." Case No. 13-CV-00041-GPC (WVG), 2015 U.S. Dist. LEXIS 192206, *15-17 (S.D. Cal. Feb. 20, 2015). The Court reasoned that "[t]his federal suit is Plaintiff's own, one inaugurated by her own complaint and initiated based on Defendant's purportedly unauthorized messaging to the very phone Defendant now hopes to image." *Id.* The Court further explained "[i]t is simply unreasonable for her to now contend that she can rightfully and adequately represent millions—and, if successful, earn millions—but that she will not submit to the minor inconvenience of lacking access to her phone

for a handful of hours." *Id.* Therefore, the Court held that "[t]his forensic imaging, so minor in objective inconvenience and conceivably divulging relevant and discoverable information on a key claim and issue . . . , cannot be justly denied as 'unduly burdensome.'" *Id.* Like the Court found in *Sherman*, it is appropriate and not unduly burdensome for the Plaintiff to provide forensic images of his devices in this case.[9] Therefore, the Court should follow *Sherman* and order Plaintiff to produce forensic images of the electronic devices he possessed or controlled from January 1, 2024 to the present. None of the cases Plaintiff cites support a finding otherwise because none of those cases present the same unique factual circumstances at issue in this case.[10] Accordingly, Exact Care respectfully requests that the Court order Plaintiff to respond to these requests.

### III.    CONCLUSION

For the foregoing reasons, Exact Care respectfully requests that the Court grant Exact Care's Motion and order Plaintiff to provide complete and full responses to the above requests so that Exact Care can investigate Plaintiff's claims and defend itself in this lawsuit.

---

[9] Plaintiff attempts to dodge the referenced *Sherman* decision by claiming it "does not appear to exist." It does and to the extent there is any confusion in this regard copies of the decision from both Lexis and PACER are attached hereto as Exhibit 2. Plaintiff seems to confuse the fact that the *Sherman* court granted a motion to dismiss a *different* Plaintiff in the *Sherman* case a few days before the above referenced decision. *Compare* Pl. Opp., Doc. 41 at 17 (citing *Sherman v. Yahoo! Inc.*, 2015 WL 473270, at *7 (S.D. Cal. Feb. 5, 2015) (which discussed granting a motion to dismiss Plaintiff *Rafael David Sherman's* claims), with above referenced *Sherman v. Yahoo! Inc.*, 2015 U.S. Dist. LEXIS 192206, *15-17 (S.D. Cal. Feb. 20, 2015) (which granted motion to compel forensic image of Plaintiff *Susan Pathman's* phone). The *Sherman* decision that Plaintiff's Opposition cites has no impact on the above referenced *Sherman* decision.

[10] Plaintiff also seems to suggest forensic images are not necessary because "with respect to phone calls, the Plaintiff has produced his telephone records reflecting the calls at issue." That simply is not true. He has not produced any documents in discovery let alone any call records. To the extent Plaintiff is referring to the single sheet that he filed as an exhibit to his Opposition to Exact Care's Motion to Bifurcate Discovery, that alleged "call log" is woefully insufficient as it does not even show the phone number associated with the purported call log and only shows two calls on a single day yet the Plaintiff's Complaint alleges several other calls *See* Doc. 27-4 & Doc. 1. Therefore, that single sheet is insufficient for Exact Care to be able to properly investigate Plaintiff's claims.

Respectfully submitted,

*/s/ Colleen M. O'Neil*
Sean P. Fahey (PA 73305)
Christopher M. Brolley (PA 322851)
TROUTMAN PEPPER LOCKE LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
(215) 981-4000
Sean.Fahey@troutman.com
christopher.brolley@troutman.com

Colleen M. O'Neil (OH 0066576)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
(216) 622-8200 (Phone)
(216) 241-0816 (Fax)
coneil@calfee.com
*Admitted pro hac vice*

Gretchen L. Whaling (OH 0096780)
CALFEE, HALTER & GRISWOLD LLP
1200 Huntington Center
41 South High Street
Columbus, Ohio 43215
(614) 621-1500 (Phone)
 (614) 621-0010 (Fax)
gwhaling@calfee.com
*Admitted pro hac vice*

*Attorneys for Defendant, Exact Care Pharmacy, LLC*

16

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been filed electronically on September 18, 2025, with the United States District Court for the Eastern District of Pennsylvania. Notice of the filing will be sent by email to all counsel by operation of the Court's electronic filing system, and all parties may access this filing through that system.

*/s/ Colleen M. O'Neil*
Colleen M. O'Neil

*Counsel for Defendant*
*Exact Care Pharmacy, LLC*

4911-0953-9176, v.4