# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON WEINGRAD, | ) | CASE NO. 2:25-CV-1843-MMB |
| | ) | |
| Plaintiff, | ) | JUDGE MICHAEL M. BAYLSON |
| | ) | |
| v. | ) | |
| | ) | |
| EXACT CARE PHARMACY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT EXACT CARE PHARMACY, LLC'S SECOND SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendant Exact

Care Pharmacy, LLC ("Exact Care") hereby requests that Plaintiff Leon Weingrad ("Plaintiff")

serve written responses to the following Second Set of Interrogatories and Requests for Production

of Documents (collectively, the "Requests" and each Interrogatory and/or Request for Production

individually, a "Request"), and produce for inspection and copying the documents requested

herein, via email to coneil@calfee.com and gwhaling@calfee.com, or deliver to the offices of

Calfee, Halter & Griswold LLP (attn: Colleen O'Neil), 1405 East Sixth Street, Cleveland, Ohio

44114, within thirty (30) days after service hereof. Plaintiff is advised that he is under a duty,

pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, to supplement his responses to

include information and produce any documents or materials that he acquires or discovers after

service of his responses hereto.

## DEFINITIONS

The following definitions shall apply to these Requests:

1.     As used herein, the term "**document**" or "**documents**" shall be construed in the broadest sense permissible under Rule 34 of the Federal Rules of Civil Procedure and means, without limitation: all originals of any nature whatsoever and all non-identical copies thereof, pertaining to any medium upon which intelligence or information is recorded in Plaintiff's possession, custody, or control, regardless of where located, including without limiting the generality of the foregoing, emails, video, printout sheets, movie film, slides, telephone records, telephone recordings, photographs, microfilm, notes, letters, memoranda, ledgers, books, magazines, notebooks, diaries, calendars, appointment books, registers, charts, tables, papers, agreements, contracts, purchase orders, acknowledgments, invoices, authorizations, budgets, analyses, projections, transcripts, minutes of meetings of any kind, correspondence, drafts, data processing discs or tapes, and computer produced interpretations thereof, instructions, announcements, schedules, calendar entries, and mechanical or electrical sound recordings and transcripts thereof, text messages, voice messages, spreadsheet files, database files, and any other type of electronically stored information. In all cases where originals and/or non-identical copies are not available, "document" means identical copies of original documents and copies of identical copies.

2.     As used herein, the term "**identify**" means:

(a) When used with reference to an individual, state their full name, their position and business affiliation at the time in question; and the first time their name is given, also supply their last known business and residence address and their last known business affiliation.

(b) When used with reference to any entity other than an individual, state its full name, the address of its principal place of business, if it is a corporation, the jurisdiction under

the laws of which it has been organized and the date of such organization, in the case of an entity other than a corporation, the name of its principals; and the identity of all individuals who acted or who authorized another to act on its behalf, in connection with the matters referred to.

(c) When used with reference to a document, state the nature of the document (e.g.: letter, contract, memorandum); its date, its author, each addressee, each other person who received or read the document, its present location or custodian, and its substance.

(d) When used with reference to an oral communication state the date and place of occurrence, identify each person who was present when it was made, state its substance, and identify, in accordance with paragraph 2c above, each document which refers thereto or which was prepared as a result of the oral communications.

3. As used herein, the terms "**communication**" or "**communications**" means any statement, whether written or oral, whether in person or otherwise, by telephone, mail, email, text message, facsimile, personal delivery, or otherwise (including, but not limited to, all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, notes, or other forms of communication).

4. As used herein, the term "**relating to**" means pertaining to, referring to, alluding to, responding to, discussing, commenting upon, showing, disclosing, analyzing, reporting about, explaining, mentioning, addressing, describing, depicting, representing, establishing, demonstrating, contradicting, refuting, setting forth, containing, summarizing, bearing upon or characterizing, either directly or indirectly, in whole or in part, the given subject matter.

5. As used herein, the term "**person**" means an individual, corporation, partnership or association, or any other business or governmental entity.

3

6.    As used herein, the terms "**and**" and "**or**" shall be construed conjunctively or disjunctively as necessary to make the Requests inclusive rather than exclusive.  The use of the word "**including**" shall be construed without limitation.

7.    As used herein, the terms "**any**" and "**all**" shall be considered to include "**each**" and "**every**."

8.    As used herein, the terms "**You**," "**Your**," or "**Plaintiff**," shall be construed as Plaintiff Leon Weingrad and any of his respective affiliates, representatives, or anyone acting on his behalf.

9.    As used herein, the term "**Exact Care**" shall mean and refer to Defendant Exact Care Pharmacy, LLC and any of its respective officers, directors, managers, representatives, and employees.

10.    As used herein, the term "**TCPA**" shall mean and refer to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and related regulations.

11.    As used herein, "**action,**" "**matter,**" or "**Litigation**" means the lawsuit styled *Leon Weingrad v. Exact Care Pharmacy, LLC*, Case No. 2:25-cv-1843, filed in the U.S. District Court for the Eastern District of Pennsylvania.

12.    As used herein, "**Complaint**" shall mean and refer to the Complaint filed by Plaintiff in the above-captioned matter.

13.    As used herein, the term "**Report**" shall mean the forensic report, dated July 7, 2025, filed by Plaintiff as Exhibit 1 to his Response in Opposition to Exact Care's Motion to Bifurcate Discovery in this Litigation (Doc. 27-1).

14.    As used herein, the term "**Author**" shall mean the author(s) of the Report, including all persons who contributed to the creation of the same. This definition does not imply

Exact Care's recognition of the author as an expert witness as contemplated by the Federal Rules of Evidence, the Federal Rules of Civil Procedure, or any other applicable rule of law. Exact Care reserves its right to challenge the qualifications of the author as an expert witness and does not waive any objection to Plaintiff's attempt to qualify this author as an expert witness in any future proceedings in this Litigation.

15.    Words importing the present tense shall be construed to include the past tense, and vice versa. The plural shall include the singular and the singular shall include the plural.  Any reference to a male pronoun shall also constitute reference to a female pronoun, and vice versa.

## INSTRUCTIONS

1.    State any objection to a Request with specificity. If any Interrogatory is objected to in whole or in part, describe the basis for the objection, including any claim of privilege, in sufficient detail so as to permit the Court to adjudicate the validity of the refusal, and identify each document and oral communication for which a privilege is claimed.  Provide all information called for by that portion of the Request to which no objection is raised.

2.    The answer to each Interrogatory should identify all documents used in answering the Interrogatory where they contain or relate in any respect, directly or indirectly, to any of the information requested in the Interrogatory.  Every document to be so identified may be produced for inspection in lieu of such identification.

3.    Each and every Request for a document or writing to be produced requires production of the document, in its entirety, without abbreviation or expurgation, regardless of whether You consider the entire document to be relevant or responsive to these Requests. If You redact any portion of a document, You should stamp the word "redacted" on each page of the document that has been redacted.  Redactions should be included on the privilege log described in paragraph 6.

4.    More than one of the Requests for Production of Documents may ask for the same document.  The presence of such duplication is not to be interpreted to narrow or limit the normal interpretation placed upon each individual Request.  If a document is responsive to multiple Requests, only one copy of it need be produced.

5.    Documents produced in response to a Request shall include all attachments to the specifically described documents, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s).

6

6. If any document is withheld under a claim of privilege or work product, furnish a privilege log. Each entry on the privilege log shall have a unique ID, the privilege(s) being asserted, and shall include the following metadata fields (to the extent such fields exist for the type of document being logged):

- FROM
- TO
- CC
- BCC
- AUTHOR
- SUBJECT
- DATE_SENT (EMAILS ONLY)
- TIME_SENT (EMAILS ONLY)

If a metadata field would disclose information that You assert is privileged, it can be replaced by You with a sufficient non-privileged description that is otherwise compliant with Federal Rule of Civil Procedure 26(b)(5)(A)(ii).

7. If any document requested was, but is no longer in Your possession or subject to Your control, or is no longer in existence, identify the documents that are missing, lost, destroyed, transferred, or otherwise disposed of, by author, date, subject matter, addressee and the number of pages and state whether it:

a. is missing or lost;

b. has been destroyed;

c. has been transferred, voluntarily or involuntarily, to others and state the identity of those persons to whom it has been transferred; and

d. has been otherwise disposed of, and in each instance, explain the circumstances surrounding such disposition, state the date or approximate date thereof, and the identity of the persons with knowledge of such circumstances.

7

8.    These are continuing Requests, and if additional information or documents which are responsive to any of these Requests are received or discovered prior to the date of trial, a supplemental document production should be made, providing such additional information and/or documents as promptly and as long before trial as possible.

9.    Unless otherwise indicated, these Requests shall pertain to the time period starting four years before the filing of the Complaint in this case and continuing through the present and shall include all documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received outside of that period.

10.    Electronically stored information ("ESI") shall be produced with all available metadata and shall also be produced in accordance with any ESI protocol agreed upon by the Parties or issued by the Court.

8

## SECOND SET OF INTERROGATORIES

**Interrogatory No. 14:** Identify the name, address, telephone number, and employer of the Author(s) of the Report.

**RESPONSE:**


**Interrogatory No. 15:** Set forth each and every claim, case (by case caption) and/or arbitration wherein the Author, IGI Forensic Lab and/or IGI Digital Media Forensic Research Lab was engaged by Plaintiff and/or Plaintiff's counsel.

**RESPONSE:**

9

**SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**Request for Production No. 28:** Produce all documents that reflect and certify the Author's education, knowledge, and skills in "audio forensics analysis" including, but not limited to, résumés, curriculum vitaes, degrees, certifications, licenses, and publications.

**RESPONSE**:


**Request for Production No. 29:** Produce all documents and communications regarding the Author's fees and compensation.

**RESPONSE:**


**Request for Production No. 30:** Produce all documents and communications that relate to the Author's employment or services at "IGI Forensic Lab" and/or "IGI Digital Media Forensic Research Lab" starting from the filing of this Litigation to present.

**RESPONSE:**


**Request for Production No. 31:** Produce all documents and communications that establish or relate to the methodology used in the Report as set forth on page 4 of the same.

**RESPONSE:**


**Request for Production No. 32:** Produce all documents the Author relied on in performing the analysis set forth in the Report.

**RESPONSE:**


**Request for Production No. 33:** Produce all documents and communications the Author relied on to support the "professional conclusion" as stated on page 15 of the Report.

**RESPONSE:**


**Request for Production No. 34:** Produce all documents and communications that relate to the qualifications and experience of the "IGI Forensic Lab" and/or "IGI Digital Media Forensic Research Lab."

**RESPONSE:**

4899-1291-9899, v.1

Respectfully submitted,


/s/ *Colleen M. O'Neil*
Sean P. Fahey (PA 73305)
Christopher M. Brolley (PA 322851)
TROUTMAN PEPPER LOCKE LLP  3000
Two Logan Square
Streets
(215) 981-4000
Sean.Fahey@troutman.com
christopher.brolley@troutman.com

Colleen M. O'Neil (OH 0066576)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
216-622-8200 (Phone)
216-241-0816 (Fax)
coneil@calfee.com
*Admitted pro hac vice*

Gretchen L. Whaling (OH 0096780)
CALFEE, HALTER & GRISWOLD LLP
41 South High Street
Columbus, Ohio 43215
614-621-1500 (Phone)
614-621-0010 (Fax)
gwhaling@calfee.com
*Admitted pro hac vice*

*Attorneys for Defendant, Exact Care Pharmacy, LLC*

4899-1291-9899, v.1

## **<u>VERIFICATION</u>**

STATE OF ____                                    )

                                                          ) ss:

COUNTY OF _____                         )


       Having been first duly cautioned and sworn, I, Leon Weingrad, state that I have read the foregoing responses to interrogatories and I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.


_____

Leon Weingrad


Executed this  _____ day of _____.

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2025 a copy of the foregoing was served via email to the following:

Andrew Perrong
Perrong Law LLC
a@perronglaw.com

Anthony Paronich
Paronich Law, P.C.
anthony@paronichlaw.com

*Counsel for Plaintiff Leon Weingrad*

_/s/ Colleen M. O'Neil_____
One of the Attorneys for Defendant,
Exact Care Pharmacy, LLC

13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**LEON WEINGRAD,** individually and on behalf of all others similarly situated,

        *Plaintiff,*

*v.*

**EXACT CARE PHARMACY, LLC**

        *Defendant.*

Case No.
2:25-cv-1843

## RESPONSES TO DEFENDANT EXACT CARE PHARMACY, LLC'S SECOND SET OF DISCOVERY TO PLAINTIFF

Plaintiff, by and through undersigned counsel, submits the following omnibus responses and objections to Defendant Exact Care Pharmacy, LLC's Requests for Production and Interrogatories pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure. Plaintiff expressly reserves all objections, including but not limited to relevance, overbreadth, undue burden, vagueness, ambiguity, attorney–client privilege, the attorney work-product doctrine, and expert privileges. Plaintiff further reserves the right to supplement, modify, or amend these responses as discovery proceeds and additional facts are developed. Moreover, as the Plaintiff has objected to each Interrogatory, the Plaintiff need not provide a verification, as no responses are being made under oath.

## RESPONSES TO INTERROGATORIES

Interrogatory No. 14: Identify the name, address, telephone number, and employer of the Author(s) of the Report.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Furthermore, the Plaintiff has retained this expert in the capacity as a consulting expert only. Neither the Author nor IGI will not be called upon as an expert at trial, nor will they testify. *In re Asbestos Prods. Liab. Litig.*, No. CIV.A. MDL 875, 2009 WL 1872093, at \*4 (E.D. Pa. June 26, 2009) (generally explaining consulting expert privilege). Plaintiff's reliance on the expert report in opposing the Defendant's motion for bifurcation does not convert the expert witness into a testifying expert, nor waive any consulting expert privilege. *Plymovent Corp. v. Air Tech. Sols., Inc.*, 243 F.R.D. 139, 146 (D.N.J. 2007). Moreover, as the motion on which the report has been submitted was decided, this discovery request is moot, and no relief was granted on the basis of the expert's materials submitted in Plaintiff's position. *Id.* As a result, they were retained during the course of litigation as a consulting expert only, and such privilege has not been waived. As such, the information sought is privileged as a consulting expert under Rule 26(b)(4)(B), which this Court has held extends to all forms of discovery

devices. *In re Painted Aluminum Prods. Antitrust Litig.*, No. CIV. A. 95-CV-6557, 1996 WL 397472, at *1 (E.D. Pa. July 9, 1996). Furthermore, Defendant has not demonstrated any exceptional circumstances under which it is impracticable for the Defendant to obtain facts or opinions on the same subject by other means, particularly as Defendant has the contents of all disputed recordings and can secure an expert of its own, testifying or not, and provide it with the report for that expert's review. *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 299 (E.D. Pa. 1980). The Plaintiff further objects in that this interrogatory seeks attorney client privileged materials, including attorney work product materials, particularly as this expert was retained to assist Plaintiff's counsel in the litigation and trial, and not to testify. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 665 (3d Cir. 2003). Indeed, the Plaintiff objects in that this request seeks information not even properly within the scope of, and protected by, testifying expert discovery privileges as well, assuming, *arguendo*, the Author is a testifying expert. Plaintiff further objects in that this request is vague, confusing, ambiguous, or seeks information outside the Plaintiff's knowledge, possession, care, custody, or control. Plaintiff refuses to answer the Interrogatory on the basis of the foregoing objections.

Interrogatory No. 15: Set forth each and every claim, case (by case caption) and/or arbitration wherein the Author, IGI Forensic Lab and/or IGI Digital Media Forensic Research Lab was engaged by Plaintiff and/or Plaintiff's counsel.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Furthermore, the Plaintiff has retained this expert in the capacity as a consulting expert only. Neither the Author nor IGI will not be called upon as an expert at trial, nor will they testify. *In re Asbestos Prods. Liab. Litig.*, No. CIV.A. MDL 875, 2009 WL 1872093, at *4 (E.D. Pa. June 26, 2009) (generally explaining consulting expert privilege). Plaintiff's reliance on the expert report in opposing the Defendant's motion for bifurcation does not convert the expert witness into a testifying expert, nor waive any consulting expert privilege. *Plymovent Corp. v. Air Tech. Sols., Inc.*, 243 F.R.D. 139, 146 (D.N.J. 2007). Moreover, as the motion on which the report has been submitted was decided, this discovery request is moot, and no relief was granted on the basis of the expert's materials submitted in Plaintiff's position. *Id.* As a result, they were retained during the course of litigation as a consulting expert only, and such privilege has not been waived. As such, the information sought is privileged as a consulting expert under Rule 26(b)(4)(B), which this Court has held extends to all forms of discovery devices. *In re Painted Aluminum Prods. Antitrust Litig.*, No. CIV. A. 95-CV-6557, 1996 WL 397472, at *1 (E.D. Pa. July 9, 1996). Furthermore, Defendant has not demonstrated any exceptional circumstances under which it is impracticable for the Defendant to obtain facts or opinions on the same subject by other means, particularly as Defendant has the contents of all disputed recordings and can secure an expert of its own, testifying or not, and provide it with the report for that expert's review. *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 299 (E.D. Pa. 1980). The Plaintiff further objects in that this interrogatory seeks attorney client privileged materials, including attorney work product materials, particularly as this expert was retained to assist Plaintiff's counsel in the litigation and trial, and not to testify. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 665 (3d Cir. 2003). Indeed, the Plaintiff objects in that this request seeks information not even properly within the scope of, and protected by, testifying expert discovery privileges as well, assuming, *arguendo*, the Author is a testifying expert. Plaintiff further objects in that this request is vague, confusing, ambiguous, or seeks information outside the Plaintiff's

knowledge, possession, care, custody, or control. Plaintiff refuses to answer the Interrogatory on the basis of the foregoing objections.

## RESPONSES TO REQUESTS FOR PRODUCTION

Request for Production No. 28: Produce all documents that reflect and certify the Author's education, knowledge, and skills in "audio forensics analysis" including, but not limited to, résumés, curriculum vitaes, degrees, certifications, licenses, and publications.

RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents." Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Furthermore, the Plaintiff has retained this expert in the capacity as a consulting expert only. Neither the Author nor IGI will not be called upon as an expert at trial, nor will they testify. *In re Asbestos Prods. Liab. Litig.*, No. CIV.A. MDL 875, 2009 WL 1872093, at *4 (E.D. Pa. June 26, 2009) (generally explaining consulting expert privilege). Plaintiff's reliance on the expert report in opposing the Defendant's motion for bifurcation does not convert the expert witness into a testifying expert, nor waive any consulting expert privilege. *Plymovent Corp. v. Air Tech. Sols., Inc.*, 243 F.R.D. 139, 146 (D.N.J. 2007). Moreover, as the motion on which the report has been submitted was decided, this discovery request is moot, and no relief was granted on the basis of the expert's materials submitted in Plaintiff's position. *Id.* As a result, they were retained during the course of litigation as a consulting expert only, and such privilege has not been waived. As such, the information sought is privileged as a consulting expert under Rule 26(b)(4)(B), which this Court has held extends to all forms of discovery devices. *In re Painted Aluminum Prods. Antitrust Litig.*, No. CIV. A. 95-CV-6557, 1996 WL 397472, at *1 (E.D. Pa. July 9, 1996). Furthermore, Defendant has not demonstrated any exceptional circumstances under which it is impracticable for the Defendant to obtain facts or opinions on the same subject by other means, particularly as Defendant has the contents of all disputed recordings and can secure an expert of its own, testifying or not, and provide it with the report for that expert's review. *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 299 (E.D. Pa. 1980). The Plaintiff further objects in that this request seeks attorney client privileged materials, including attorney work product materials, particularly as this expert was retained to assist Plaintiff's counsel in the litigation and trial, and not to testify. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 665 (3d Cir. 2003). Indeed, the Plaintiff objects in that this request seeks information not even properly within the scope of, and protected by, testifying expert discovery privileges as well, assuming, *arguendo*, the Author is a testifying expert. Plaintiff further objects in that this request is vague, confusing, ambiguous, or seeks information outside the Plaintiff's knowledge, possession, care, custody, or control. Plaintiff refuses to answer or provide documents, if any, responsive to the Request on the basis of the foregoing objections.

Request for Production No. 29: Produce all documents and communications regarding the Author's fees and compensation.

RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents." Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Furthermore, the Plaintiff has retained this expert in the capacity as a consulting expert only. Neither the Author nor IGI will not be called upon as an expert at trial, nor will they testify. *In re Asbestos Prods. Liab. Litig.*, No. CIV.A. MDL 875, 2009 WL 1872093, at *4 (E.D. Pa. June 26, 2009) (generally explaining consulting expert privilege). Plaintiff's reliance on the expert report in opposing the Defendant's motion for bifurcation does not convert the expert witness into a testifying expert, nor waive any consulting expert privilege. *Plymovent Corp. v. Air Tech. Sols., Inc.*, 243 F.R.D. 139, 146 (D.N.J. 2007). Moreover, as the motion on which the report has been submitted was decided, this discovery request is moot, and no relief was granted on the basis of the expert's materials submitted in Plaintiff's position. *Id.* As a result, they were retained during the course of litigation as a consulting expert only, and such privilege has not been waived. As such, the information sought is privileged as a consulting expert under Rule 26(b)(4)(B), which this Court has held extends to all forms of discovery devices. *In re Painted Aluminum Prods. Antitrust Litig.*, No. CIV. A. 95-CV-6557, 1996 WL 397472, at *1 (E.D. Pa. July 9, 1996). Furthermore, Defendant has not demonstrated any exceptional circumstances under which it is impracticable for the Defendant to obtain facts or opinions on the same subject by other means, particularly as Defendant has the contents of all disputed recordings and can secure an expert of its own, testifying or not, and provide it with the report for that expert's review. *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 299 (E.D. Pa. 1980). The Plaintiff further objects in that this request seeks attorney client privileged materials, including attorney work product materials, particularly as this expert was retained to assist Plaintiff's counsel in the litigation and trial, and not to testify. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 665 (3d Cir. 2003). Indeed, the Plaintiff objects in that this request seeks information not even properly within the scope of, and protected by, testifying expert discovery privileges as well, assuming, *arguendo*, the Author is a testifying expert. Plaintiff further objects in that this request is vague, confusing, ambiguous, or seeks information outside the Plaintiff's knowledge, possession, care, custody, or control. Plaintiff refuses to answer or provide documents, if any, responsive to the Request on the basis of the foregoing objections.

Request for Production No. 30: Produce all documents and communications that relate to the Author's employment or services at "IGI Forensic Lab" and/or "IGI Digital Media Forensic Research Lab" starting from the filing of this Litigation to present.

RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not

proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents." Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Furthermore, the Plaintiff has retained this expert in the capacity as a consulting expert only. Neither the Author nor IGI will not be called upon as an expert at trial, nor will they testify. *In re Asbestos Prods. Liab. Litig.*, No. CIV.A. MDL 875, 2009 WL 1872093, at *4 (E.D. Pa. June 26, 2009) (generally explaining consulting expert privilege). Plaintiff's reliance on the expert report in opposing the Defendant's motion for bifurcation does not convert the expert witness into a testifying expert, nor waive any consulting expert privilege. *Plymovent Corp. v. Air Tech. Sols., Inc.*, 243 F.R.D. 139, 146 (D.N.J. 2007). Moreover, as the motion on which the report has been submitted was decided, this discovery request is moot, and no relief was granted on the basis of the expert's materials submitted in Plaintiff's position. *Id.* As a result, they were retained during the course of litigation as a consulting expert only, and such privilege has not been waived. As such, the information sought is privileged as a consulting expert under Rule 26(b)(4)(B), which this Court has held extends to all forms of discovery devices. *In re Painted Aluminum Prods. Antitrust Litig.*, No. CIV. A. 95-CV-6557, 1996 WL 397472, at *1 (E.D. Pa. July 9, 1996). Furthermore, Defendant has not demonstrated any exceptional circumstances under which it is impracticable for the Defendant to obtain facts or opinions on the same subject by other means, particularly as Defendant has the contents of all disputed recordings and can secure an expert of its own, testifying or not, and provide it with the report for that expert's review. *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 299 (E.D. Pa. 1980). The Plaintiff further objects in that this request seeks attorney client privileged materials, including attorney work product materials, particularly as this expert was retained to assist Plaintiff's counsel in the litigation and trial, and not to testify. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 665 (3d Cir. 2003). Indeed, the Plaintiff objects in that this request seeks information not even properly within the scope of, and protected by, testifying expert discovery privileges as well, assuming, *arguendo*, the Author is a testifying expert. Plaintiff further objects in that this request is vague, confusing, ambiguous, or seeks information outside the Plaintiff's knowledge, possession, care, custody, or control. Plaintiff refuses to answer or provide documents, if any, responsive to the Request on the basis of the foregoing objections.


Request for Production No. 31: Produce all documents and communications that establish or relate to the methodology used in the Report as set forth on page 4 of the same.

    RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents." Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible

form. Furthermore, the Plaintiff has retained this expert in the capacity as a consulting expert only. Neither the Author nor IGI will not be called upon as an expert at trial, nor will they testify. *In re Asbestos Prods. Liab. Litig.*, No. CIV.A. MDL 875, 2009 WL 1872093, at *4 (E.D. Pa. June 26, 2009) (generally explaining consulting expert privilege). Plaintiff's reliance on the expert report in opposing the Defendant's motion for bifurcation does not convert the expert witness into a testifying expert, nor waive any consulting expert privilege. *Plymovent Corp. v. Air Tech. Sols., Inc.*, 243 F.R.D. 139, 146 (D.N.J. 2007). Moreover, as the motion on which the report has been submitted was decided, this discovery request is moot, and no relief was granted on the basis of the expert's materials submitted in Plaintiff's position. *Id.* As a result, they were retained during the course of litigation as a consulting expert only, and such privilege has not been waived. As such, the information sought is privileged as a consulting expert under Rule 26(b)(4)(B), which this Court has held extends to all forms of discovery devices. *In re Painted Aluminum Prods. Antitrust Litig.*, No. CIV. A. 95-CV-6557, 1996 WL 397472, at *1 (E.D. Pa. July 9, 1996). Furthermore, Defendant has not demonstrated any exceptional circumstances under which it is impracticable for the Defendant to obtain facts or opinions on the same subject by other means, particularly as Defendant has the contents of all disputed recordings and can secure an expert of its own, testifying or not, and provide it with the report for that expert's review. *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 299 (E.D. Pa. 1980). The Plaintiff further objects in that this request seeks attorney client privileged materials, including attorney work product materials, particularly as this expert was retained to assist Plaintiff's counsel in the litigation and trial, and not to testify. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 665 (3d Cir. 2003). Indeed, the Plaintiff objects in that this request seeks information not even properly within the scope of, and protected by, testifying expert discovery privileges as well, assuming, *arguendo*, the Author is a testifying expert. Plaintiff further objects in that this request is vague, confusing, ambiguous, or seeks information outside the Plaintiff's knowledge, possession, care, custody, or control. Plaintiff refuses to answer or provide documents, if any, responsive to the Request on the basis of the foregoing objections.


Request for Production No. 32: Produce all documents the Author relied on in performing the analysis set forth in the Report.

RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents." Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Furthermore, the Plaintiff has retained this expert in the capacity as a consulting expert only. Neither the Author nor IGI will not be called upon as an expert at trial, nor will they testify. *In re Asbestos Prods. Liab. Litig.*, No. CIV.A. MDL 875, 2009 WL 1872093, at *4 (E.D. Pa. June 26, 2009) (generally explaining consulting expert privilege). Plaintiff's reliance on the expert report in opposing the Defendant's motion for bifurcation does not convert the expert witness into a testifying expert, nor waive any consulting expert privilege. *Plymovent Corp. v.*

*Air Tech. Sols., Inc.*, 243 F.R.D. 139, 146 (D.N.J. 2007). Moreover, as the motion on which the report has been submitted was decided, this discovery request is moot, and no relief was granted on the basis of the expert's materials submitted in Plaintiff's position. *Id.* As a result, they were retained during the course of litigation as a consulting expert only, and such privilege has not been waived. As such, the information sought is privileged as a consulting expert under Rule 26(b)(4)(B), which this Court has held extends to all forms of discovery devices. *In re Painted Aluminum Prods. Antitrust Litig.*, No. CIV. A. 95-CV-6557, 1996 WL 397472, at *1 (E.D. Pa. July 9, 1996). Furthermore, Defendant has not demonstrated any exceptional circumstances under which it is impracticable for the Defendant to obtain facts or opinions on the same subject by other means, particularly as Defendant has the contents of all disputed recordings and can secure an expert of its own, testifying or not, and provide it with the report for that expert's review. *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 299 (E.D. Pa. 1980). The Plaintiff further objects in that this request seeks attorney client privileged materials, including attorney work product materials, particularly as this expert was retained to assist Plaintiff's counsel in the litigation and trial, and not to testify. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 665 (3d Cir. 2003). Indeed, the Plaintiff objects in that this request seeks information not even properly within the scope of, and protected by, testifying expert discovery privileges as well, assuming, *arguendo*, the Author is a testifying expert. Plaintiff further objects in that this request is vague, confusing, ambiguous, or seeks information outside the Plaintiff's knowledge, possession, care, custody, or control. Plaintiff refuses to answer or provide documents, if any, responsive to the Request on the basis of the foregoing objections.

Request for Production No. 33: Produce all documents and communications the Author relied on to support the "professional conclusion" as stated on page 15 of the Report.

      RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents." Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Furthermore, the Plaintiff has retained this expert in the capacity as a consulting expert only. Neither the Author nor IGI will not be called upon as an expert at trial, nor will they testify. *In re Asbestos Prods. Liab. Litig.*, No. CIV.A. MDL 875, 2009 WL 1872093, at *4 (E.D. Pa. June 26, 2009) (generally explaining consulting expert privilege). Plaintiff's reliance on the expert report in opposing the Defendant's motion for bifurcation does not convert the expert witness into a testifying expert, nor waive any consulting expert privilege. *Plymovent Corp. v. Air Tech. Sols., Inc.*, 243 F.R.D. 139, 146 (D.N.J. 2007). Moreover, as the motion on which the report has been submitted was decided, this discovery request is moot, and no relief was granted on the basis of the expert's materials submitted in Plaintiff's position. *Id.* As a result, they were retained during the course of litigation as a consulting expert only, and such privilege has not been waived. As such, the information sought is privileged as a consulting expert under Rule 26(b)(4)(B), which this Court has held extends to all forms of discovery devices. *In re Painted*

*Aluminum Prods. Antitrust Litig.*, No. CIV. A. 95-CV-6557, 1996 WL 397472, at *1 (E.D. Pa. July 9, 1996). Furthermore, Defendant has not demonstrated any exceptional circumstances under which it is impracticable for the Defendant to obtain facts or opinions on the same subject by other means, particularly as Defendant has the contents of all disputed recordings and can secure an expert of its own, testifying or not, and provide it with the report for that expert's review. *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 299 (E.D. Pa. 1980). The Plaintiff further objects in that this request seeks attorney client privileged materials, including attorney work product materials, particularly as this expert was retained to assist Plaintiff's counsel in the litigation and trial, and not to testify. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 665 (3d Cir. 2003). Indeed, the Plaintiff objects in that this request seeks information not even properly within the scope of, and protected by, testifying expert discovery privileges as well, assuming, *arguendo*, the Author is a testifying expert. Plaintiff further objects in that this request is vague, confusing, ambiguous, or seeks information outside the Plaintiff's knowledge, possession, care, custody, or control. Plaintiff refuses to answer or provide documents, if any, responsive to the Request on the basis of the foregoing objections.


Request for Production No. 34: Produce all documents and communications that relate to the qualifications and experience of the "IGI Forensic Lab" and/or "IGI Digital Media Forensic Research Lab."

      RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents." Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Furthermore, the Plaintiff has retained this expert in the capacity as a consulting expert only. Neither the Author nor IGI will not be called upon as an expert at trial, nor will they testify. *In re Asbestos Prods. Liab. Litig.*, No. CIV.A. MDL 875, 2009 WL 1872093, at *4 (E.D. Pa. June 26, 2009) (generally explaining consulting expert privilege). Plaintiff's reliance on the expert report in opposing the Defendant's motion for bifurcation does not convert the expert witness into a testifying expert, nor waive any consulting expert privilege. *Plymovent Corp. v. Air Tech. Sols., Inc.*, 243 F.R.D. 139, 146 (D.N.J. 2007). Moreover, as the motion on which the report has been submitted was decided, this discovery request is moot, and no relief was granted on the basis of the expert's materials submitted in Plaintiff's position. *Id.* As a result, they were retained during the course of litigation as a consulting expert only, and such privilege has not been waived. As such, the information sought is privileged as a consulting expert under Rule 26(b)(4)(B), which this Court has held extends to all forms of discovery devices. *In re Painted Aluminum Prods. Antitrust Litig.*, No. CIV. A. 95-CV-6557, 1996 WL 397472, at *1 (E.D. Pa. July 9, 1996). Furthermore, Defendant has not demonstrated any exceptional circumstances under which it is impracticable for the Defendant to obtain facts or opinions on the same subject by other means, particularly as Defendant has the contents of all disputed recordings and can secure an expert of its own, testifying or not, and provide it with the report for that expert's

review. *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 299 (E.D. Pa. 1980). The Plaintiff further objects in that this request seeks attorney client privileged materials, including attorney work product materials, particularly as this expert was retained to assist Plaintiff's counsel in the litigation and trial, and not to testify. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 665 (3d Cir. 2003). Indeed, the Plaintiff objects in that this request seeks information not even properly within the scope of, and protected by, testifying expert discovery privileges as well, assuming, *arguendo*, the Author is a testifying expert. Plaintiff further objects in that this request is vague, confusing, ambiguous, or seeks information outside the Plaintiff's knowledge, possession, care, custody, or control. Plaintiff refuses to answer or provide documents, if any, responsive to the Request on the basis of the foregoing objections.

**Dated: September 8, 2025**

/s/ *Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
*Perrong Law LLC*
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2025, a copy of the foregoing was served

electronically on counsel for the Defendants via e-mail at    Gretchen Whaling

<GWhaling@calfee.com>, Colleen ONeil <CONeil@calfee.com>, "Fahey, Sean P."

<sean.fahey@troutman.com>, "Brolley, Christopher M." <christopher.brolley@troutman.com>.

/s/ *Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff*