IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEON WEINGRAD, et al.,** *Plaintiffs*, <br><br> v. <br><br> **EXACT CARE PHARMACY, LLC,** *Defendant*. | **CIVIL ACTION** <br><br> **NO. 25-1843** |

ORDER RE: DEFENDANT'S MOTION TO COMPEL DISCOVERY

AND NOW on this 1st day of October, 2025, upon review of Plaintiff's Motion to Extend Discovery Deadlines (ECF 45) and Defendant's Motion to Compel Discovery (ECF 38), it is **HEREBY ORDERED** as follows:

1. Both motions are **GRANTED** in part and **DENIED** in part.

2. Plaintiff's objection to Interrogatory 10 is sustained at this time.

3. Plaintiff's objections to all other Interrogatories are overruled at this time.[1]

4. Plaintiff's objection to Request for Admission 15 is overruled at this time.[2]

5. Plaintiff's objection to Request for Production 15 is sustained at this time because it is overbroad as written.

6. Plaintiff's objection to Request for Production 21 is sustained at this time.

---

[1] A TCPA plaintiff's telephone numbers, electronic devices and their corresponding IP addresses, and income from prior TCPA litigation have been considered discoverable by other courts. See Sapan v. Diamond Resorts Holdings, LLC, 2023 WL 8229984, at *4 (C.D. Cal. Oct. 6, 2023) (granting motion to compel all telephone numbers registered or assigned to plaintiff); Mantha v. QuoteWizard.com, LLC, 2020 WL 4369701, at *4 (D. Mass. July 30, 2020) (compelling plaintiff to "identify the IP addresses for his electronic devices owned or used at the relevant time periods."); Rowan v. Pierce, 2022 WL 14898076, at *2 (D.P.R. Oct. 26, 2022) (granting motion to compel plaintiff's income from TCPA claims in the last five years).

[2] Whether a TCPA plaintiff has visited the website https://www.robocalls.cash/ has been considered "highly relevant" to a defendant's affirmative defense of unclean hands. Hossfeld v. Allstate Ins. Co., 2025 WL 2323918, at *1–3 (E.D. Tex. Aug. 12, 2025) ("[t]hroughout the course of discovery, [defendant] learned that [plaintiff] routinely participates in an online members-only forum, www.robocalls.cash/members-forum . . . .").

7. Plaintiff's objections to all other Requests for Production are overruled at this time.[3] For Request for Production 11, Plaintiff may answer as to the documents and communications which were consulted or reviewed in preparation of the Complaint (ECF 1) or the Amended Complaint (ECF 43).

8. Plaintiff shall serve his sworn answers to Interrogatories and respond to Requests for Admission and Requests for Production no later than October 30, 2025.

9. The date for joint or separate status reports is extended to December 1, 2025.

10. Plaintiff should file a motion for class certification no later than November 19, 2025. Defendant's response shall be due December 12, 2025 and Plaintiff may file a reply brief by December 19, 2025 limited to ten pages.

11. Class wide discovery shall be postponed pending the above filings.

12. If a party has used Artificial Intelligence ("AI") in the preparation of any filing to this Court, they **MUST** disclose that AI has been used and **CERTIFY** to the Court that all information in such filing has been verified as accurate.

BY THE COURT:

/s/ Michael M. Baylson

_____

**MICHAEL M. BAYLSON, U.S.D.J.**

\\adu.dcn\paed\phl-data\judge_baylson\civil 25\25-1843 weingrad v exact care pharmacy\25-1843 order re defendant's motion to compel discovery.docx

---

[3] Call records are considered relevant and discoverable in TCPA cases. See Moser v. Health Ins. Innovations, Inc., 2019 WL 2271804, at *11 (S.D. Cal. May 28, 2019) (granting defendant's motion to compel production of "telephone bills and call detail reports for each telephone number owned by or assigned to plaintiff . . . including burner and temporary telephones.").