IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Leon Weingrad, Individually and on behalf of others similarly situated, | : | Case No. 2:25-cv-1843 |
| Plaintiff, | : | Judge Michael Baylson |
| | : | Magistrate Judge Caroline Goldner |
| vs. | : | |
| Exact Care Pharmacy, LLC, *et al.*, | : | |
| Defendants. | : | |

**BRIEF OF DEFENDANTS CONVERSION FINDER AND JORDAN SOBLICK IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND STRIKE CLASS ALLEGATIONS**

**I.   INTRODUCTION**

This is a putative class action brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). Plaintiff alleges that he received telemarketing calls from Defendants between November 27, 2024 and July 3, 2025, and that those calls violate the TCPA as telephone solicitations delivered to a number listed on the national Do Not Call Registry and lack proper caller identification information.

Plaintiff's First Amended Complaint[1] wields conclusory allegations failing to specify any detail about the ten calls he alleges to have received that in any way connect those calls to having been placed by either Conversion Finder or Jordan Soblick (collectively "Conversion Finder Defendants"). With respect to these calls, Plaintiff identifies ten different Caller ID numbers from where the calls originated, but fails to allege any connection to any of those Caller ID numbers to

---

[1] Plaintiff's First Amended Complaint (ECF No. 43) is hereinafter referred to as "FAC".

1

the Conversion Finder Defendants. Plaintiff further alleges that during these calls, he spoke with various individuals, including Lisa from Exact Care Pharmacy, Sophia of Healthcare Benefits, Diane of Exact Care Pharmacy, Justin and Jane with Healthcare Benefits. None of the calls in anyway identify the Conversion Finder Defendants. These allegations fail to state claims premised on federal telemarketing laws because the calls are not alleged to have been placed by the Conversion Finder Defendants.

Moreover, Plaintiff vaguely alleges to receiving calls "continuing through the present." (FAC at ¶30) However, the calls identified in the FAC date between November 27, 2024 and July 3, 2025. (*Id.* at ¶30) Plaintiff fails to identify any communications occurring at any time after July 3, 2025. The FAC seeks statutory damages under the TCPA pursuant to 47 U.S.C. § 227(c)(5). (FAC, at Prayer for Relief (d)) These sections provide for an award of statutory damages for each violation of the TCPA ranging between $500 and $1,500 in money damages for each call made to Plaintiff and putative class members. *Id*. Plaintiff also seeks injunctive relief against Defendants "preventing the Defendants from making calls to numbers listed on the National Do Not Call Registry, to those who have asked them to stop, outside the permitted hours, and while failing to transmit the caller ID information required by law." *Id*. at Prayer for Relief (e).

The portions of the FAC seeking injunctive relief must be dismissed because Plaintiff has not pled (and cannot plead) any basis that the alleged wrongful conduct is ongoing or anything more than an isolated set of calls occurred between November 27, 2024 through July 3, 2025. Because the FAC fails to allege any prospect of future harm, any claim for injunctive relief must also be dismissed because Plaintiff lacks Article III standing with respect to any such injunctive relief.

For the same reasons, Plaintiff's class claims must be stricken. The FAC asserts classes based on Fed. R. Civ. P. 23(b), which encompasses both subsections (b)(2) and (b)(3). However, Plaintiff's claim for significant statutory damages demonstrates that this action is predicated on monetary relief – or in the least, monetary damages are not merely "incidental" to injunctive relief, as required to maintain a class pursuant to Rule 23(b)(2). Therefore, Defendants also move for an Order striking Plaintiff's class claims as asserted pursuant to Fed. R. Civ. P. 23(b)(2).

Lastly, the face of the allegations in the FAC reveal that Plaintiff will not be able to state a set of facts entitling him to relief upon further amendment to the Complaint. Accordingly, the Conversion Finder Defendants respectfully submit that the FAC should be dismissed in its entirety with prejudice because further leave to amend would be futile.

II.     **STATEMENT OF FACTS AS PLED IN THE FAC**

   A.     The Parties

Plaintiff Leon Weingrad is an individual. (FAC at ¶4) Exact Care Pharmacy is registered to do business in this District. Conversion Finder is a fictitious name used by Jordan Soblick to conduct call center and telemarketing services[2], and Jordan Soblick is an adult resident of Florida who was involved in placing some of the calls to Plaintiff's telephone number. (*Id.* at ¶¶5-7)

Plaintiff's telephone number of (503) XXX-XXXX is a residential telephone number that is used for personal use and not for business purposes. Plaintiff registered this telephone number on the National Do Not Call Registry more than one year prior to receiving the calls at issue in this

---

[2] While the Court may not typically consider evidence outside of the pleadings in ruling on a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court may take judicial notice of publicly filed documents. Exhibits A and B hereto show that GJT, Inc. is a Nevada corporation which was incorporated on April 5, 2023, and that it registered the name of Conversion Finder as a fictitious name.

3

case. (FAC at ¶¶23-25, 28)  Plaintiff did not consent to receiving the calls at issue in this case. (*Id.* at ¶22)

      B.      <u>The content of the telephone calls Plaintiff alleges he received.</u>

Plaintiff received ten telemarketing calls between November 27, 2024 and July 3, 2025, from telephone numbers that are spoofed or potentially spoofed.  Plaintiff itemizes the ten calls by date and originating Caller ID number, with *none* being identified as associated with the Conversion Finder Defendants. (FAC at ¶31)

The first call was with "Lisa" from "Exact Care Pharmacy" who pitched a home delivery medication service, but could not verify that Plaintiff had insurance so wished him a good day. (FAC at ¶40)  The second and third calls were with "Sophia" from "Healthcare Benefits," who transferred him to "Diane" and "Snowar" ("Snowar transferred Plaintiff to "Sephra"), all of whom identified themselves as being with Exact Care Pharmacy. At the conclusion of the third call, Plaintiff stated he was busy and would call the caller back. (*Id.* at ¶¶41-45) The fourth call was from "Hazel" with "Healthcare Benefits" and Plaintiff hung up. (*Id.* at ¶46)  The fifth call was from "Justin" who offered prescription delivery.  Plaintiff said he was working and would call back if he was interested. (*Id.* at ¶¶47-48)  The sixth call was with "Jane" with "Healthcare Benefits" who offered prescription delivery service. Plaintiff stated he would call the caller back. (*Id.* at ¶49) The seventh call was from "Justin" offering prescription delivery, and Plaintiff advised "I am at work, and you guys are calling me like every day.  You can stop doing that." (*Id.* at ¶50)  Plaintiff does not allege he spoke with anyone on any of the calls alleged to have occurred after March 7, 2025.  Also, Plaintiff does not allege he ever spoke with anyone who identified as being associated with or calling on behalf of the Conversion Finder Defendants.

4

      C.      <u>Plaintiff's allegations regarding Jordan Soblick personally.</u>

In conclusory fashion, Plaintiff further alleges that Jordan Soblick personally directed the alleged violative conduct because he did business under the name of "Conversion Finder" without forming the business properly. (FAC at ¶73) Jordan Soblick took personal responsibility for the calls at issue by responding to third-party discovery. (*Id.* at ¶74) Jordan Soblick is suspected of providing an altered call recording. (*Id.* at ¶75) Jordan Soblick was responsible for setting, implementing and controlling telemarketing and, based on the foregoing facts, it is demonstrated that he had direct knowledge of the conduct alleged to violate the TCPA. (*Id.* at ¶¶76-77) In sum, these allegations are conclusory and lack any actual *facts* to state actions Jordan Soblick may have taken which could form the basis of personal liability under the TCPA.

**III.    LAW AND ARGUMENT**

      A.      <u>Plaintiff fails to state claims upon which relief may be granted as to the Conversion Finder Defendants because he fails to plead any facts identifying them as being connected to the calls at issue.</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

      This standard has been reaffirmed and reiterated by the Third Circuit. For example, in *Fowler v. UPMC Shadyside*, the court explained: "The Supreme Court's opinion makes clear that the *Twombly* 'facial plausibility' pleading requirement applies to all civil suits in the federal courts. After *Iqbal,* it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion

5

to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' *Iqbal,* 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." 578 F.3d 203, 210 (3rd Cir. 2009).

Moreover, a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). A mere possibility of wrongdoing is insufficient. A complaint that merely alleges possible misconduct does not "show" that the pleader is entitled to relief as required by Fed. R. Civ. P. 8(a)(2). *Iqbal*, 566 U.S. at 679. Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*, 556 U.S. at 678 (quotations and citation omitted).

Here, Plaintiff's FAC alleges that he received ten telemarketing calls between November 27, 2024 and July 3, 2025, from telephone numbers that are spoofed or potentially spoofed. He alleges seven of the calls solicited pharmacy delivery services. (FAC at ¶¶31, 40-50) The content of the other three calls remains a mystery. Plaintiff entirely fails to allege any other facts plausibly inferring that the Conversion Finder Defendants placed any of those calls, such as specifying that the name of either Defendant was used in connection with any of these calls. These allegations, when taken together, fail to state sufficient facts connecting the Conversion Finder Defendants in any way to any of these ten calls. For these reasons, Plaintiff fails to state a claim for relief for do not call violations under the TCPA against the Conversion Finder Defendants.

    B.    <u>Plaintiff fails to plead facts establishing that Jordan Soblick can be individually liable.</u>

Similarly, Plaintiff fails to allege anything more than conclusory allegations against Jordan Soblick to anyway establish he may be personally liable under the TCPA.

Notably, "a corporation's officer 'may be personally liable under the [TCPA] if he had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved.'" *City Select Auto Sales, Inc. v. Caroline Abraham, et al.*, 885 F.3d 154, 162 (3rd Cir. 2018), quoting *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001) and *Ott v. Mortg. Inv'rs Corp. of Ohio, Inc.*, 65 F.Supp.3d 1046, 1060 (D. Or. 2014) and *Balt.–Wash. Tel. Co. v. Hot Leads Co.*, 584 F.Supp.2d 736, 745 (D. Md. 2008). In other words, a corporate officer can be personally liable if he "actually committed the conduct that violated the TCPA, and/or [he] actively oversaw and directed this conduct." *Id.*, citing *Am. Blastfax*, 164 F.Supp.2d at 897.

Here, Plaintiff's allegations against Jordan Soblick individually are conclusory. Plaintiff alleges that Jordan Soblick personally directed the alleged violative conduct because he did business under the name of "Conversion Finder" without forming the business properly. (FAC at ¶73) This is untrue as noted above, and may be judicially recognized by the public corporate filings of GJT, Inc., which is a Nevada corporation.

Plaintiff also alleges that Jordan Soblick took personal responsibility for the calls at issue by responding to third-party discovery. (*Id.* at ¶74) Responding to a third-party subpoena isgoverned by Fed. R. Civ. P. 45 and not the legal requirements imposed by the TCPA. Therefore, Jordan Soblick's response to a third-party subpoena, in and of itself, fails to plausibly plead that Jordan Soblick took personal responsibility for any of the calls at issue in this case.

Lastly, Plaintiff alleges that Jordan Soblick was responsible for setting, implementing and controlling telemarketing and it is demonstrated that he had direct knowledge of the conduct alleged to violate the TCPA. (FAC at ¶¶76-77) Most notably missing from Plaintiff's allegations about Jordan Soblick are any specific facts about what he did, or how he did them, in a way to

show that he actively oversaw and directed conduct in violation of the TCPA. In sum, these vaguely pled facts fail to state claims against Jordan Soblick in his personal capacity. Formulaic recitation of the elements of a claim, without specific facts, do not plausibly state the basis for a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Indeed, under circumstances with similarly vague allegations, "[c]ourts have consistently found that conclusory allegations that corporate officers personally participated in violations of the TCPA are insufficient to state a claim" and have dismissed such claims against individual corporate officers. *Bank v. Simple Health Plans, LLC*, No. 18-CV-6457, 2019 WL 7878570, at *7 (E.D.N.Y. Dec. 12, 2019), citing *Lucas v. Gotra*, No. 18-CV-664, 2019 WL 3349957, at *7 (S.D. Ohio July 25, 2019) 2019 WL 3753245 (S.D. Ohio Aug. 8, 2019) and *Cunningham v. Prof'l Educ. Inst., Inc.*, No. 4:17-cv-00894, 2018 WL 6709515, at *5 (E.D. Texas Nov. 5, 2018); see also *Cunningham v. Rapid Response Monitoring Services*, 215 F.Supp.3d 1187, 1202 (MD. Tenn. 2017). The same result is proper here, and Plaintiff's claims against Jordan Soblick should be dismissed.

        C.      <u>Plaintiff lacks Article III standing to seek injunctive relief.</u>

To demonstrate Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).

Standing is a threshold requirement because it derives from the Constitution's limit on federal courts' authority to resolve cases and controversies. "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy. The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong."

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), as revised (May 24, 2016).  Standing is not a mere pleading requirement but rather an indispensable part of the plaintiff's case.  Each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation. *Neale v. Volvo Cars of North America, LLC,* 794 F.3d 353, 359 (3rd Cir. 2015).

Because standing is an element of subject matter jurisdiction, a defendant's motion to dismiss for lack of standing is treated as a motion under Fed. R. Civ. P. 12(b)(1).  In bringing a motion to dismiss for lack of subject matter jurisdiction, a defendant may challenge subject matter jurisdiction in one of two ways.  A factual challenge contends that there is in fact no subject matter jurisdiction, even if the pleadings are formally sufficient.  In reviewing a factual challenge, the court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists.  In contrast, a facial challenge argues that the plaintiff has not sufficiently alleged a basis of subject matter jurisdiction.  In reviewing a facial challenge, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Hartig Drug Company, Inc. v. Senju Pharmaceutical Co.*, 836 F.3d 261, 268 (3rd Cir. 2016); see also *The Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347 (3rd Cir. 2014).

In this case, the face of the FAC demonstrates that Plaintiff lacks Article III standing to seek injunctive relief, which would require him to establish continuing, present adverse effects traceable to Defendants' conduct. *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974). "'Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects.'"  Thus, past injuries "may suffice to confer individual standing for monetary relief" but "a plaintiff

9

seeking injunctive relief must demonstrate a likelihood of future harm." *Free Speech Coalition, Inc. v. Attorney General United States,* 825 F.3d 149, 116 (3rd Cir. 2016), citing *O'Shea v. Littleton,* 414 U.S. 488, 495–96, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974) and *McNair v. Synapse Grp. Inc.,* 672 F.3d 213, 225 (3d Cir. 2012).

Here, Plaintiff has not and cannot establish the requisite conduct to create Article III standing to seek injunctive relief. Plaintiff alleges that he received ten telephone calls, with the last one being more than three months ago. Plaintiff does not allege any facts to suggest in any way that he may suffer any continuing or possible future injury. Accordingly, dismissal of the FAC as to all requests for injunctive relief is appropriate.

> D. <u>The Fed. R. Civ. P. 23(b) Injunctive Relief Class cannot lie because the primary relief sought is monetary.</u>

To the extent that Plaintiff's injunctive relief claims are not dismissed, they nevertheless cannot be asserted through a Fed. R. Civ. P. 23(b)(2) class because the crux of this lawsuit is to recover statutory damages. "The court may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

While motions to strike are disfavored, in some cases consistent with Fed. R. Civ. P. 23(c)(1)(A), a court may deny class certification at "an early practicable time," even before the plaintiff files a motion requesting certification. A class established pursuant to Fed. R. Civ. P. 23(b)(2) addresses injunctive, not monetary, relief – where "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Notably, Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360-61 (2011. Instead, only "incidental" damages are permitted and because "claims for individualized monetary relief…are

not "incidental" for purposes of Rule 23(b)(2) [they] may not be certified under that Rule *Dukes* 131 S.Ct. at 2557.

Towards this end, federal district courts throughout the country have repeatedly rejected Fed. R. Civ. P. 23(b)(2) certification for class claims seeking statutory damages under the TCPA. For instance, in a TCPA class action seeking certification pursuant to both Rules 23(b)(3) and (b)(2), the district court in *Wolfkiel v. Intersections Ins. Servs. Inc.* explained:

> Plaintiffs bring this action under the TCPA, which provides for statutory damages for every violation of the Act. In cases such as this one, the monetary tail would be wagging the injunction dog. An injunction is not a final remedy in cases such as this, where the injunction merely lays an evidentiary foundation for subsequent determinations of liability. Thus, Plaintiffs' class allegations in regards to Rule 23(b)(2) are stricken.

*Wolfkiel v. Intersections Ins. Servs. Inc.* at 293 (cleaned up).

Another district court noted that "[b]ecause the Court finds that monetary damages, and not the injunctive relief sought, is the predominate remedy requested for the class, the proposed class may not be certified under Rule 23(b)(2)." *Cabrera v. Gov't Emps. Ins. Co.*, 2014 WL 2999206, Case No. 12-61390-CIV (S.D. Fla. Sept. 29, 2014). *See also Jacobs v. Quicken Loans, Inc.*, 2017 WL 4838567 at *4, Case No. 15-81386-CIV (S.D. Fla. Oct. 19, 2017) ("Here, the predominant relief is monetary, and Plaintiff's claim arises from one telephone call. Plaintiff does not explain how injunctive relief is primary."); *Connelly v. Hilton Grand Vacations Co., LLC*, 294 F.R.D. 574, 579 (S.D. Cal. 2013) ("In this suit, each plaintiff is independently entitled to statutory damages under the TCPA of $500 to $1500 per unlawful call. Thus, Plaintiffs' TCPA claims are ineligible for Rule 23(b)(2) certification, regardless of Plaintiffs' parallel request for injunctive relief.") (internal citations omitted).

In addition, federal district courts find it appropriate to strike Fed. R. Civ. P. 23(b)(2) TCPA classes at the pleadings stage pursuant to the fundamental precept that sizable statutory damages

11

cannot be merely incidental to the purported need for injunctive relief. For example, in a recent decision involving a motion to strike class allegations from a TCPA complaint, the court reasoned:

> Zoulek's complaint seeks both equitable and monetary relief. The monetary relief she seeks, however, is obviously not auxiliary to the injunction she also requests; it is the lawsuit's principal aim and not capable of mechanical computation. On its face, then, the complaint is incapable of identifying a class that would be properly certified under Rule 23(b)(2). For that reason, Zoulek's class allegations related to certification under Rule 23(b)(2) are stricken.

*Zoulek v. Gannett Co Inc.*, 2023 WL 3568359 at *3, Case No. 22-CV-1464-BHL (E.D. Wis. May 18, 2023) (cleaned up). *See also Progressive Health & Rehab Corp. v. Quinn Med., Inc.*, 323 F.R.D. 242, 248 (S.D. Ohio 2017) ("Contrary to Plaintiff's argument, no amount of discovery will show that these [TCPA] monetary damages are incidental to Plaintiff's injunctive claim… The Court therefore GRANTS Defendant's Motion to Strike as it pertains to Plaintiff's allegations sounding in Rule 23(b)(2)").

The very nature of a TCPA class action, seeking statutory damages on a per call basis for each putative class member, precludes the certification of an injunctive relief class. Unless Plaintiff disclaims the class request for statutory damages, the Conversion Finder Defendants respectfully submit that the Fed. R. Civ. P. 23(b)(2) class should be stricken from the FAC.

E.   <u>Dismissal of Plaintiff's FAC should be with prejudice because further amendment would be futile and prejudicial.</u>

While it is true that, under Fed. R. Civ. P. 15(a), the Court should freely give leave to amend when justice so requires, an amendment to a Complaint is considered futile if the amended complaint would fail to state a claim upon which relief could be granted. This Court may deny leave to amend a complaint where "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Synthes, Inc. v. Marotta*, 281 F.R.D. 217,

224 (E.D. Pa. 2012), citing *Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir.2000). "Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility". *Graham v. Progressive Direct Insurance Company,* 271 F.R.D. 112, 122 (W.D. Pa. 2010), citing *Lorenz v. CSX Corp.,* 1 F.3d 1406, 1414 (3d Cir.1993)(cleaned up; internal citations omitted.)

Here, the face of Plaintiff's FAC reveals that he can state no facts entitling him to relief. Plaintiff fails to state facts connecting the Conversion Finder Defendants to the calls he alleges to have received. Plaintiff fails to plausibly state facts sufficient to show that Jordan Soblick can be personally liable under the TCPA. Moreover, Plaintiff has been granted leave to amend previously, had an opportunity to conduct discovery and still lacks facts sufficient to plausibly state claims against the Conversion Finder Defendants. Therefore, the Conversion Finder Defendants respectfully submit the Complaint should be dismissed with prejudice.

### IV. CONCLUSION

For the reasons explained herein, the Conversion Finder Defendants respectfully request the Court for an Order granting the following relief requested: (i) an Order dismissing the FAC for failure to state a claim upon which relief maybe granted pursuant to Fed. R. Civ. P. 12(b)(6); (ii) an Order dismissing the FAC as to all injunctive relief claims pursuant to Fed. R. Civ. P. 12(b)(1); and (iii) an Order striking the Plaintiff's Rule 23(b)(2) injunctive relief class pursuant to Fed. R. Civ. P. 12(f) and 23(c)(1).

Respectfully submitted,

*/s/ Lisa A. Messner*
Lisa A. Messner (Admitted Pro Hac Vice)
Mac Murray & Shuster, LLP
6525 West Campus Oval, Suite 210
New Albany, Ohio 43054
Telephone: (614) 939-9955
Facsimile: (614) 939-9954

lmessner@mslawgroup.com

*Attorney for Defendants, Conversion Finder and Jordan Soblick*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing has been filed electronically with the United States District Court for the Eastern District of Pennsylvania on October 14, 2025. Notice of this filing will be sent by email to all counsel by operation of the Court's electronic filing system, and all counsel may access this filing through that system.

*/s/ Lisa A. Messner*
Lisa A. Messner (Admitted Pro Hac Vice)

*Attorney for Defendants, Conversion Finder and Jordan Soblick*