IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEON WEINGRAD,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**EXACT CARE PHARMACY, LLC,**<br><br>**CONVERSION FINDER, AND**<br><br>**JORDAN SOBLICK**<br><br>*Defendants*. | Case No.<br>2:25-cv-1843 |

## UNOPPOSED MOTION FOR EXTENSION OF TIME
## TO FILE MOTION FOR CLASS CERTIFICATION

The Plaintiff, Leon Weingrad, with the non-objection of the Defendants, respectfully requests that the Court extend the deadlines for Class Certification. Currently, the Court's order directs the Plaintiff to file a motion for class certification no later than November 19, 2025, with a response due December 12, 2025, and a reply due by December 19, 2025. Plaintiff respectfully requests that those deadlines be extended to January 19, 2026, with a response due February 12, 2026, and a reply due by February 19, 2026.

As support and good cause thereof, the Plaintiff notes that Conversion Finder and Mr. Soblick have a currently pending Motion to Dismiss, a response to which is due November 11, 2025. Yesterday, Plaintiff served his first set of discovery on these Defendants and requires the additional time to evaluate the discovery responses, including for the propriety of the proposed classes as it pertains to each defendant (including as to direct or vicarious liability), among other elements pertinent to the certification analysis. Furthermore, such information pertinent to the certification analysis will be required by the Court to conduct the "rigorous analysis" it is called

to at class certification, which will not currently be possible without the provision of any discovery from two of the newly-named Defendants. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). Moreover, such a deadline is still consistent with Rule 23's counsel that the certification analysis be conducted "[a]t an early *practicable* time" FED R. CIV. P. 23(c)(1)(A) (emphasis added). It is self-evident that requiring the Plaintiff to seek class certification at this juncture under the applicable deadline, without the benefit of discovery from *both* Defendants, would be impracticable. *Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 93 (3d Cir. 2011) ("When the District Courts decided the class certification issue, there had been no motion for class certification and no discovery; whether the class could potentially fit within Rule 23 was determined on a motion to dismiss. This ruling was premature. To determine if the requirements of Rule 23 have been satisfied, a district court must conduct a "rigorous analysis." In doing so, a court may delve beyond the pleadings to determine whether the requirements for class certification are satisfied.") (cleaned up).

As such, Plaintiff respectfully requests that the Court require the Plaintiff to file his Motion for Class Certification on January 19, 2026, with a response due February 12, 2026, and a reply due by February 19, 2026.

RESPECTFULLY SUBMITTED AND DATED this October 30, 2025.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Pa. Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I, Andrew Roman Perrong, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

DATED this October 30, 2025.

>  /s/ Andrew Roman Perrong
>  Andrew Roman Perrong, Esq.