# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEON WEINGRAD,** individually and on behalf of all others similarly situated, *Plaintiffs*<br><br>v.<br><br>**EXACT CARE PHARMACY, LLC, CONVERSION FINDER, JORDAN SOBLICK,** *Defendants*. | **CIVIL ACTION**<br><br>**NO. 25-1843** |

## MEMORANDUM RE: DEFENDANTS' MOTION TO DISMISS

**Baylson, J.**                                                                                                               **December 12, 2025**

### I.     INTRODUCTION

In this action, Plaintiff Leon Weingrad ("Plaintiff") alleges that Exact Care Pharmacy, LLC ("Exact Care"), Conversion Finder, and Jordan Soblick (collectively, "Defendants") violated the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA") by placing unwanted telemarketing calls to him while his phone number was listed on the National Do-Not-Call Registry. ECF 43, Amended Compl. "Am. Compl." Presently before the Court is Defendant Conversion Finder and Defendant Jordan Soblick's ("Moving Defendants") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of standing and failure to state a plausible claim for relief against them. ECF 55–57, Def.'s Mot. to Dismiss "Mot." For the reasons set forth below, Defendants' motion is **DENIED**.

### II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Leon Weingrad is an individual whose phone number is listed on the National Do-Not-Call Registry. Am. Compl. ¶¶ 4, 28. Defendant Exact Care is a medication management and pharmaceutical provider based in Ohio. Id. ¶ 5; ECF 19, Def.'s Mot. to Bifurcate Discovery at 3.

1

Defendant Jordan Soblick is an individual and resident of Florida. Am. Compl. ¶ 7. Defendant Conversion Finder is a fictitious name for GJT Inc, a Nevada corporation conducting marketing services. ECF 57-2, Ex. 2 to Mot. As alleged by Plaintiff, the events giving rise to this case are as follows.[1]

Plaintiff alleges that he received over ten telemarketing calls from Defendants. Am. Compl. ¶ 30–31. Plaintiff alleges that he received a call from "Lisa" of Exact Care Pharmacy pitching home delivery medication services. Id. ¶ 40. In two subsequent calls, Plaintiff alleges that he spoke with "Sophia" of "Healthcare Benefits" who then transferred the call to "Diane" or "Snowar" of Exact Care Pharmacy. Id. ¶¶ 41–43. Plaintiff further alleges that he received similar calls from "Hazel" and "Jane" of Healthcare Benefits and "Justin" offering prescription delivery services. Id. ¶¶ 46–50.

Plaintiff brought a putative class action against Exact Care on April 10, 2025, alleging that these calls violated the TCPA. ECF 1, Compl. Exact Care answered the Complaint on June 4, 2025. ECF 8. After discovery commenced, Plaintiff moved to amend the Complaint on August 19, 2025, to add Conversion Finder and Jordan Soblick as defendants. ECF 37, Pl.'s Mot. to Amend Compl. Plaintiff argued that Exact Care hired Conversion Finder to provide it with marketing services that resulted in the allegedly illegal calls at issue. Id. at 1. Plaintiff further argued that Conversion Finder is a fictitious name used by Jordan Soblick to conduct illegal telemarketing. Id. On September 15, 2025, the Court granted Plaintiff's Motion to Amend the Complaint as unopposed. ECF 42. Plaintiff filed an Amended Complaint on September 15, 2025. ECF 43. Plaintiff seeks TCPA statutory damages and injunctive relief on behalf of Plaintiff and the class. Am. Compl. at 21. Defendant Exact Care answered the Amended Complaint on

---

[1] This Court accepts all factual allegations as true and views them in a light most favorable to the plaintiff. Doe v. Univ. of Sci., 961 F.3d 203, 208 (3d Cir. 2020).

September 25, 2025.  ECF 47.  On October 14, 2025, Defendants Conversion Finder and Jordan Soblick filed the present Motion to Dismiss for failure to state a claim and lack of jurisdiction. ECF 55–57.  Plaintiff filed a Response in Opposition on November 11, 2025.  ECF 66.  Defendants Conversion Finder and Jordan Soblick did not file a Reply Brief.

Moving Defendants argue that the Amended Complaint should be dismissed in its entirety under Rule 12(b)(6) because it fails to connect the allegedly illegal calls to Conversion Finder or Jordan Soblick.  Mot. at 6.  Defendants also argue that the portions of the Amended Complaint seeking injunctive relief should be dismissed under Rule 12(b)(1) for lack of Article III standing because Plaintiff has not alleged ongoing or future harm.  Id. at 10.  Defendants also move to strike Plaintiff's 23(b)(2) class claims, arguing that Plaintiff's claim for statutory damages is not incidental to the injunctive relief sought as required to maintain a class under 23(b)(2).  Id. at 12.

In opposition, Plaintiff argues that the Amended Complaint meets its burden of pleading facts sufficient to give rise to the inference that Conversion Finder and Jordan Soblick placed the allegedly illegal calls at issue.  ECF 66, Pl.'s Opp. to Def.'s Mot. to Dismiss "Opp." at 5.  Plaintiff also argues that the standing requirement is satisfied and that the 23(b)(2) class claims should not be stricken at this stage.  Id. at 14, 17.

### III. LEGAL STANDARD

#### A. Rule 12(b)(6)

To survive a motion to dismiss under Federal Rule 12(b)(6), a plaintiff must include sufficient facts in the complaint that, accepted as true, "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A complaint is insufficient if it suggests only the "mere possibility of misconduct" or is a "[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements," Ashcroft v. Iqbal, 556 U.S. 662,

678–79 (2009) (citing Twombly, 550 U.S. at 555), and so it will not suffice if it is "devoid of further factual enhancement," Iqbal, 556 U.S. at 678 (citation omitted).  Thus, in considering a motion to dismiss, the Court accepts all factual allegations as true and views them in a light most favorable to the plaintiff, Doe v. Univ. of Sciences, 961 F.3d 203, 208 (3d Cir. 2020), but may not "assume that [the plaintiff] can prove facts that it has not alleged[,]" Twombly, 550 U.S. at 563 n.8 (quoting Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U.S. 519, 526 (1983)).

**B. Rule 12(b)(1)**

Under Federal Rule 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012).  A motion to dismiss for lack of Article III standing is properly brought under Rule 12(b)(1) because standing is jurisdictional.  Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007).  Constitutional standing may be challenged facially or factually.  Thorne v. Pep Boys Manny Moe & Jack Inc., 980 F.3d 879, 885 (3d Cir. 2020).  "A facial challenge argues that the plaintiff's factual allegations cannot meet the elements of standing." Id. (citing Schering Plough, 678 F.3d at 243).  In reviewing a facial challenge, the court takes the plaintiff's factual allegations as true and views them in her favor.  Id.  The burden is on the plaintiff to establish that (1) plaintiff has suffered an "injury in fact" that is concrete, particularized, and actual or imminent; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely that the injury will be redressed by a favorable decision.  Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992).  A plaintiff seeking injunctive relief "must demonstrate that they are 'likely to suffer future injury' from the conduct to be enjoined." Atkinson v. Choice Home Warranty, 2023 WL 166168, at *7 (D.N.J. Jan. 11, 2023) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 105, 111 (1983)).

4

### C. Rule 12(f)

Federal Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike pleadings are within the trial court's discretion. Tauro v. Asset Acceptance, 2012 WL 3779340, at *1 (W.D. Pa. Aug. 30, 2012) (citing Snare & Triest Co. v. Friedman, 169 F. 1, 6 (3d Cir. 1909). However, these motions are generally disfavored as a drastic remedy. Id. A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Davis v. C&D Sec. Mgmt., Inc., 2020 WL 4284379, at *2 (E.D. Pa. July 27, 2020) (Baylson). However, courts should not consider motions to strike class allegations under Rule 12(f). Id. Rather, a motion to strike class allegations should be analyzed under the pertinent provisions of Rule 23, which governs class certification. Id.

## IV. DISCUSSION

### A. The Complaint States a Plausible Claim Against Moving Defendants

The Amended Complaint includes sufficient facts to state a plausible claim that Defendant Conversion Finder and Defendant Jordan Soblick violated the TCPA. Defendants argue that the Complaint fails because it does not connect the Caller ID numbers or caller names to Conversion Finder or Jordan Soblick. Mot. at 1. Plaintiff alleges that the Caller ID numbers were "spoofed" and that caller names were fictitious aliases. Am. Compl. ¶ 41. The Amended Complaint alleges that Exact Care hired Conversion Finder and Jordan Soblick "to orchestrate an en masse telemarketing campaign that incentivized them to work up interested customer prescription deals that met Exact Care's criteria. . . ." Id. ¶ 58. Plaintiff alleges that pursuant to this contractual agreement, Conversion Finder and Jordan Soblick placed telemarketing calls

using the alias "Healthcare Benefits" on behalf of Exact Care to generate leads that were then transferred to Exact Care.  Id. ¶ 56.

In Perrong v. Quoteqizard.com, LLC, a telemarketer defendant, Quotewizard, moved to dismiss arguing that the Complaint failed to allege a connection between the telemarketer and the allegedly illegal phone call.  2020 WL 5039445, at *2 (E.D. Pa. Aug. 26, 2020) (Joyner).  The Quotewizard plaintiff alleged that he provided false information to a telemarketer which was then used by Geico in subsequent outreach to plaintiff.  Id. at 1.  Geico stated that it had received the information from its partner, Quotewizard.  Id.  The court denied the motion to dismiss in Quotewizard because plaintiff's factual allegations created a sufficient causal connection between Quotewizard and the call to plaintiff.  Id. at 4.  Here, Plaintiff has alleged that several of the calls at issue were transferred to Exact Care.  Plaintiff alleges that Exact Care hired Conversion Finder and Jordan Soblick to perform telemarketing services on its behalf.  The nature of the alleged contractual relationship between Exact Care, Conversion Finder, and Jordan Soblick gives rise to a plausible inference that Conversion Finder and Jordan Soblick may be connected to the allegedly illegal calls.  Thus, Moving Defendants' Motion to Dismiss for failure to state a claim is denied.

### B. Plaintiff Has Standing for Injunctive Relief Claim

At this stage, Plaintiff has met his burden of demonstrating that he is likely to suffer future injury to establish standing to seek injunctive relief under the TCPA.  Plaintiff alleges to have received at least ten illegal calls from Defendants spanning a more than two-month period.  Am. Compl. ¶ 30–31.  The last alleged call occurred one month before Plaintiff initiated this action and Defendants have not provided Plaintiff with assurances that the calls will cease.  Id.  In Atkinson v. Choice Home Warranty, the court held that seven calls that occurred seven months

before the filing of the Complaint were sufficient to establish standing for injunctive relief.[2] 2023 WL 166168, at *7. When accepted as true, the "recurrent and relatively recent nature of the alleged calls" establish a sufficient likelihood that Defendants will call Plaintiff in the future. Id. Moving Defendants' Motion to Dismiss Plaintiff's claim for injunctive relief is denied.

### C. Defendant's Request to Strike or Dismiss Class Allegations for Injunctive Relief is Premature

Defendant seeks to strike Plaintiff's class allegations for injunctive relief brought under Rule 23(b)(2), arguing that TCPA statutory damages are not incidental to the injunctive relief sought for purposes of Rule 23(b)(2). Mot. at 3. However, Courts should do not consider motions to strike class allegations under Rule 12(f). In re Ry. Indus. Emp. No-Poach Antitrust Litig., 395 F. Supp. 3d 464, 496 (W.D. Pa. 2019). They should be considered under Rule 23(d)(1)(D), which provides that, in conducting a class action, a court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D).

The Third Circuit has held that "[t]o determine if the requirements of Rule 23 have been satisfied, a district court must conduct a 'rigorous analysis.'" Landsman & Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72, 93 (3d Cir. 2011), opinion reinstated in part, 2012 WL 2052685 (3d Cir. Apr. 17, 2012) (quoting In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 309 (3d Cir. 2008)). "Discovery and full briefing on the merits of class certification are typically required to conduct this 'rigorous analysis.'" Goode v. LexisNexis Risk & Info. Analytics Grp., Inc., 284

---

[2] See also Sasin v. Enter. Fin. Grp., Inc., 2017 WL 10574367, at *7 (C.D. Cal. Nov. 21, 2017) (holding plaintiff had standing to sue for injunctive relief despite six-month gap between the last call and the filing of suit because plaintiff alleged numerous calls within a twelve-month period); Bell v. Hawx Servs., LLC, 2025 WL 2533371, at *4 (E.D. Cal. Sept. 3, 2025) ("there is no indication that Defendant has ceased the challenged conduct, and Defendant has made no representation that they have taken any action to prevent that challenged conduct"). Cf. Miller v. Time Warner Cable Inc., 2016 WL 7471302, at *4 (C.D. Cal. Dec. 27, 2016) (plaintiff lacked standing because defendant offered evidence that it has respected plaintiff's request not to be called and stopped calling plaintiff eight months before the action was brought).

F.R.D. 238, 245 (E.D. Pa. 2012) (DuBois, J.). The Third Circuit has acknowledged that a court should only strike class allegations contained in a complaint in "rare" cases when "the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." Landsman, 640 F.3d at 93 n.30. As Plaintiff notes, there are TCPA cases in which both a Rule 23(b)(3) damages class and a Rule 23(b)(2) injunctive and declaratory relief class have been certified. See West v. California Servs. Bureau, Inc., 323 F.R.D. 295, 307 (N.D. Cal. 2017). It is premature at this stage to eliminate Plaintiff's class allegations for injunctive relief before the Court has considered whether parallel certification of a damages class is appropriate in this case.

The Court denies Defendant's Motion to Strike Plaintiff's class allegations for injunctive relief as premature. This denial is without prejudice to Defendant's right to raise the issue under Rule 23, assuming Plaintiff files a motion for class certification.

## V. CONCLUSION

For the foregoing reasons, Defendant Conversion Finder and Defendant Jordan Soblick's Motion to Dismiss is **DENIED**. An appropriate **ORDER** follows.

\\adu.dcn\paed\phl-data\judge_baylson\civil 25\25-1843 weingrad v exact care pharmacy\25-1843 memo re def.'s mot. to dismiss.docx