IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEON WEINGRAD,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**EXACT CARE PHARMACY, LLC,**<br><br>**CONVERSION FINDER, AND**<br><br>**JORDAN SOBLICK**<br><br>*Defendants.* | Case No.<br>2:25-cv-1843 |

**UNOPPOSED MOTION FOR EXTENSION OF TIME**
**TO FILE MOTION FOR CLASS CERTIFICATION**

Plaintiff, Leon Weingrad ("Plaintiff"), by and through undersigned counsel, respectfully moves this Honorable Court for a thirty (30) day extension of time to file Plaintiff's Motion for Class Certification, and in support states as follows.

On November 4, 2025, the Court entered an Order granting Plaintiff's prior Unopposed Motion for Extension of Time to file a Motion for Class Certification (ECF No. 61). That Order extended Plaintiff's deadline to file a Motion for Class Certification to January 19, 2026, with a response due February 12, 2026, and a reply due by February 19, 2026. The Court further stated: "Although the Court does not agree with Plaintiff that discovery is always necessary before ruling on a motion for class certification, the Court will grant the Motion as unopposed but does not welcome further request for extensions." Plaintiff respectfully acknowledges the Court's admonition and does not seek this extension lightly.

Good cause exists for a short extension because key discovery remains outstanding and, critically, the Exact Care Defendants have only now represented that they will commence

producing additional ESI documents on a rolling basis "next week," without providing any clear timeline for when that production will be completed. Plaintiff has repeatedly requested confirmation of when Exact Care would begin producing ESI now that an ESI protocol is in place, including after Exact Care's counsel previously indicated that production would commence by the end of last week. No complete production has been made, and Defendants have continued to indicate only that production will begin "next week," without any representation as to the scope of what will be produced or when the rolling production will conclude. As a result, Plaintiff cannot reasonably finalize and file a class certification motion that depends upon, and will be materially informed by, the outstanding ESI.

In addition to Exact Care's ongoing document production issues, Plaintiff is continuing to meet and confer with the Defendants regarding deficiencies in written discovery responses and document production, including the identification of relevant third parties involved in calling, lead sourcing, dialing, and transfer activity, the completeness of production from relevant platforms and systems, and the production of agreements and communications with vendors and other entities involved in the conduct at issue.

While the parties have also noticed multiple depositions for next week, Plaintiff is also continuing to meet and confer regarding the scheduling of additional depositions necessary and identified through discovery, with the intent of completing the discovery and depositions necessary to present the Court with a complete and reliable class certification record. Plaintiff is pursuing these issues diligently and in good faith to avoid unnecessary judicial intervention and motion practice.

Plaintiff respectfully submits that this requested extension is limited, proportionate, and sought solely to ensure that Plaintiff's class certification motion is supported by a complete and

meaningful record rather than being filed prematurely while Defendants' discovery production is only beginning and without any stated completion date. Plaintiff therefore requests that the deadline for filing the Motion for Class Certification be extended by thirty (30) days from January 19, 2026 to February 18, 2026, with Defendants' response due March 12, 2026, and Plaintiff's reply due March 19, 2026. Moreover, the extension would permit the parties to focus their resources on the mediation set for next Thursday before Magistrate Judge Cinquanto.

Defendants have indicated that they do not intend to oppose the relief sought in this Motion, but have not concurred or joined in any of Plaintiff's positions regarding the procedural posture of this matter, the necessity of discovery for class certification, or Plaintiff's characterization of the ongoing discovery disputes.

RESPECTFULLY SUBMITTED AND DATED this January 7, 2026.

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
Pa. Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I, Andrew Roman Perrong, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

DATED this January 7, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.