# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON WEINGRAD, | CASE NO. 2:25-CV-01843-MMB |
| Plaintiff, | |
| | JUDGE MICHAEL M. BAYLSON |
| v. | |
| EXACT CARE PHARMACY, LLC, *et al.*, | DEFENDANT EXACT CARE PHARMACY, LLC'S MOTION TO QUASH OR MODIFY SUBPOENA AND MOTION FOR A PROTECTIVE ORDER |
| Defendants. | |

## CERTIFICATE OF COUNSEL

Pursuant to Local Rule 26.1(f), the undersigned certifies that the parties' counsel have conferred and, after reasonable efforts, were unable to resolve this dispute. Despite these reasonable efforts, this dispute remains unresolved.

## DEFENDANT EXACT CARE PHARMACY, LLC'S MOTION TO QUASH OR MODIFY PLAINTIFF WEINGRAD'S SUBPOENA FOR TODD DONNELLY'S DEPOSITION AND FOR A PROTECTIVE ORDER[1]

Pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, Defendant Exact Care Pharmacy, LLC ("Exact Care") moves the Court to quash or modify the subpoena issued to Mr. Todd Donnelly for his deposition on January 13, 2026 ("the Subpoena"). Moreover, Exact Care moves under Rule 26(c) for a protective order due to the undue burden Mr. Donnelly would bear if ordered to attend the January 13 deposition. As further explained in the Memorandum in

---

[1] Exact Care is filing this Motion in the Eastern District of Pennsylvania where this action is pending since this Court has jurisdiction to rule on Exact Care's request for a protective order. Exact Care will also be filing this Motion in the Northern District of Ohio since Fed. R. Civ. P. 45(d)(3)(A) requires "the court for the district where compliance is required must quash or modify a subpoena[.]" Since the Subpoena at issue requires attendance of a deposition in Beachwood, Ohio, the Northern District Court of Ohio is the court for the district where compliance is required.

2

Support, Plaintiff issued the Subpoena for Mr. Donnelly's deposition on a date he is unavailable and has refused to move the date of the deposition, despite Exact Care's counsel repeatedly advising that Mr. Donnelly is unable to attend due to previously scheduled out of town travel and offering alternative dates.[2]  Accordingly, Exact Care respectfully requests this Court quash or modify the subpoena to avoid imposing an undue burden on Mr. Donnelly and issue a protective order to protect him from the same. Moreover, Exact Care requests that the costs associated with the filing of this Motion be reimbursed by Plaintiff's counsel or Plaintiff.

---

[2] Mr. Donnelly is available for his deposition from January 19, 2026 through January 30, 2026 – a fact communicated repeatedly to Plaintiff's counsel. Exact Care is amenable for the Court to modify the subpoena to a date later in January rather than quashing the Subpoena in whole since Exact Care never refused to produce Mr. Donnelly for his deposition – Exact Care only requested the date of deposition to change.

**MEMORANDUM IN SUPPORT**

**I.     Background**

The parties are currently engaged in the first phase of discovery in accordance with this Court's order to bifurcate discovery. ECF No. 32.  As such, the parties are actively scheduling and taking depositions of certain witnesses.

Todd Donnelly is a former Exact Care employee who retired on October 10, 2025.  When Plaintiff requested dates for Mr. Donnelly's deposition in December 2025, Exact Care advised that Mr. Donnelly was no longer with the company and could not produce him for deposition.  In response, Plaintiff advised he would subpoena Mr. Donnelly for his deposition and issued a subpoena to Mr. Donnelly dated December 22, 2025. *See Exhibit 1.*  When Plaintiff served the subpoena upon Mr. Donnelly, Exact Care provided the undersigned counsel to Mr. Donnelly to represent him for purposes of the Subpoena and his deposition.  Accordingly, the undersigned advised Plaintiff's counsel of Mr. Donnelly's unavailability for the date specified in the subpoena—January 13, 2026—because he is out of the state of where the deposition would occur for the entirety of that week.  Plaintiff's counsel refuses to agree to depose Mr. Donnelly on an alternate date.  Indeed, despite repeatedly confirming Mr. Donnelly's inability to attend a deposition on January 13, 2026 and despite being repeatedly offered alternate dates for this deposition, Plaintiff insists on Mr. Donnelly's attendance.  If ordered to do so, Mr. Donnelly would be required to leave a long-planned trip with his wife and would bear extreme undue burden and expense.

Exact Care advised Plaintiff that Mr. Donnelly could appear for his deposition between January 19th to January 30th.  However, due to the Plaintiff's refusal to accommodate this request and insistence on the deposition proceeding on a unilaterally chosen date, Exact Care is required

to seek Court intervention to modify or quash the Subpoena. Since Plaintiff refuses to take reasonable steps to avoid imposing undue burden and expense on Mr. Donnelly, Exact Care requests that the Court impose the appropriate sanctions of costs and fees against Plaintiff or his counsel. *See* Fed. R. Civ. P. 45(d)(1). Moreover, Exact Care seeks a protective order for Mr. Donnelly to protect him from the undue burden, expense, and annoyance of attending this deposition.

## II. LEGAL STANDARD

A court is required to quash or modify a subpoena if it subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). "An undue burden exists when the subpoena is 'unreasonable or oppressive.'" *Korotki v. Cooper Levenson, April, Niedelman & Wagenheim, P.A.*, No. 20-11050(CPO/MJS), 2022 U.S. Dist. LEXIS 108271, at *4 (D.N.J. June 17, 2022). When determining whether a subpoena represents an undue burden, "courts weigh the need to the party seeking discovery against any undue hardships created by permitting it." *Young v. Pleasant Valley Sch. Dist.*, No. 3:07-CV-854, 2011 U.S. Dist. LEXIS 92518, at *2 (M.D. Pa. Aug. 18, 2011).

Additionally, "Rule 26(c) authorizes a court to issue a protective order where justice so requires and upon good cause shown. The party seeking a protective order bears the burden of demonstrating the 'good cause' required to support such an order." *Dempsey v. Bucknell Univ.*, No. 4:11-CV-1679, 2013 U.S. Dist. LEXIS 135199, at *6 (M.D. Pa. Sep. 23, 2013) (citing *Trans Pacific Ins. Co. v. Trans-Pacific Ins. Co.*, 136 F.R.D. 385, 391 (E.D. Pa. 1991)). Good cause may be shown if the person subject to the subpoena may suffer from "annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c). Rule 45 requires a court to impose appropriate sanctions, including reasonable attorney's fees, on a party or attorney who fails

4

4910-9651-9559, v.2

to take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena. Fed. R. Civ. P. 45(d)(1).

### III.   ARGUMENT

Mr. Donelly will face significant undue burden and expense if he is ordered to attend the January 13, 2026 deposition and the Subpoena requiring his attendance must be quashed or modified accordingly. The deposition is scheduled to take place in Beachwood, Ohio at 2 p.m. Mr. Donnelly will be outside the state of Ohio on January 13, 2026, and cannot readily attend the deposition without spending significant time, money and travel to accommodate the Plaintiff's unilateral demand. Moreover, Mr. Donnelly would incur further losses since he already paid for the trip out of state. Plaintiff's need for Mr. Donnelly's testimony is not so great as to outweigh the burden Mr. Donnelly would suffer if he had to incur these expenses and costs. Indeed, Mr. Donnelly is available to be deposed between January 19th and January 30th. As such, Plaintiff will not be prejudiced since he will be able to depose Mr. Donnelly within the same month as his unilaterally chosen date.

Moreover, Plaintiff may insist on this deposition because his class certification motion deadline is currently January 19th, 2026 and he requires Mr. Donnelly's testimony to complete this requirement. First, Exact Care disagrees that Plaintiff's class certification rests on the deposition testimony of one former employee. Regardless, that deposition could have been requested earlier or on alternative dates in advance of the present deadline.

Finally, courts have agreed to move a date of a deposition when the deponent is unavailable on a specific date but is available on alternative dates. *See Dempsey v. Bucknell Univ.,* No. 4:11-CV-1679, 2013 U.S. Dist. LEXIS 135199, at *17 (M.D. Pa. Sep. 23, 2013) (granting a motion for a protective order and noting "[a]lthough [the movant's] role in this case is clearly central, and

5

the taking of her deposition essential, there is no overriding reason why it could not be rescheduled for another time more convenient to the deponent" and ordering that "the deposition of [the movant] be rescheduled for a later date."); *Brooks v. Lehman Bros.,* No. 5:05CV160, 2007 U.S. Dist. LEXIS 117224, at *8 (E.D. Tex. Mar. 5, 2007) (granting in part the movants' motion to quash since the depositions were noticed while the movants were on vacation and instructing the non-movant to "re-notice the depositions at a date and time mutually agreeable to the parties[.]"). Exact Care has repeatedly advised of alternative dates for Mr. Donnelly's deposition and is willing to produce him accordingly. However, Exact Care seeks to protect Mr. Donnelly from the undue burden, expense, and annoyance he would suffer if required to attend the unilaterally scheduled deposition at Plaintiff's unreasonable insistence. Accordingly, Exact Care moves this Court to quash or modify the Subpoena to a date where Mr. Donnelly can properly attend as well as for a protective order to ensure Mr. Donnelly is protected from any annoyance, undue burden, or expense if Plaintiff continues to insist on compliance with the Subpoena.

## IV.    CONCLUSION

For the foregoing reasons, Exact Care respectfully requests that this Court quashes or modifies the Subpoena for Mr. Donnelly's deposition and issue a protective order in relation to the same.

4910-9651-9559, v.2

Respectfully submitted,

/s/ Colleen M. O'Neil
Sean P. Fahey (PA 73305)
Christopher M. Brolley (PA 322851)
TROUTMAN PEPPER LOCKE LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
(215) 981-4000
Sean.Fahey@troutman.com
christopher.brolley@troutman.com

Colleen M. O'Neil (OH 0066576)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
(216) 622-8200 (Phone)
(216) 241-0816 (Fax)
coneil@calfee.com
*Pro hac vice*

Gretchen L. Whaling (OH 0096780)
CALFEE, HALTER & GRISWOLD LLP
1200 Huntington Center
41 South High Street
Columbus, Ohio 43215
(614) 621-1500 (Phone)
(614) 621-0010 (Fax)
gwhaling@calfee.com
*Pro hac vice*

*Attorneys for Defendant, Exact Care Pharmacy, LLC*

4910-9651-9559, v.2

## CERTIFICATE OF SERVICE

      I, Colleen O'Neil, hereby certify that on January 9, 2026, a true and correct copy of the foregoing Motion to Quash or Modify Plaintiff's Subpoena and for a Protective Order was served via ECF notification upon the counsel of record.

                                        */s/ Colleen M. O'Neil*
                                        Colleen M. O'Neil

4910-9651-9559, v.2